UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: BARD IMPLANTED PORT CATHETER
PRODUCTS LIABILITY LITIGATION                           MDL No. 3081

**TRANSFER ORDER**

**Before the Panel:**[*] Plaintiffs in eight actions move under 28 U.S.C. § 1407 to centralize this litigation in the Western District of Missouri. This litigation consists of ten actions pending in six districts, as listed on Schedule A.[1] Additionally, the Panel has been notified of 38 potential tag-along actions in 25 districts.[2] Plaintiffs in the remaining two constituent actions and four potential tag-along actions support centralization in the Western District of Missouri. Defendants Becton, Dickinson & Co., C.R. Bard, Inc., and Bard Access Systems, Inc., oppose the motion or, alternatively, suggest centralization in the District of Utah or, alternatively, the District of Arizona.

On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact, and that centralization in the District of Arizona will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions can be expected to share factual questions arising from allegations that defendants manufacture the catheter component of their port devices with a concentration of barium sulfate that is too high, which reduces the material integrity of the catheter, and can lead to injuries, including infection, fracture of the catheter, migration of the catheter, and thrombosis. All actions share common issues of fact regarding whether the design of Bard's port catheters involves a concentration of barium sulfate that reduces the material integrity of the catheters and can cause injury, whether defendants adequately tested the devices, and whether defendants adequately monitored and reported adverse events relating to product failures. Centralization offers an opportunity to substantially streamline pretrial proceedings, reduce duplicative discovery and conflicting pretrial obligations, as well as prevent inconsistent rulings on common *Daubert* challenges.

---

[*]    Judge David C. Norton took no part in the decision of this matter.

[1]    The Eastern District of Missouri *Cunningham* action originally was filed in the Western District of Missouri, but was transferred to the Eastern District under 28 U.S.C. § 1406(a), as reflected in Schedule A.

[2]    These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2.

- 2 -

Defendants argue that individual factual issues will predominate with respect to the wide variety of alleged injuries, products, and the timing of each plaintiff's injury. But as we have held, "almost all injury litigation involves questions of causation that are case- and plaintiff-specific. Such differences have not been an impediment to centralization in the past." *In re Wright Med. Tech., Inc., Conserve Hip Implant Prods. Liab. Litig.*, 844 F. Supp. 2d 1371, 1372 (J.P.M.L. 2012). Unlike in *In re Belviq (Lorcaserin HCl) Products Liability Litigation*, cited by defendants, the plaintiffs in the cases now before the Panel allege a common mechanism for their various injuries. *See* 555 F. Supp. 3d 1369 (J.P.M.L. 2021). "[I]ndividualized factual issues concerning causation," therefore, seem far less likely to "predominate and diminish the potential to achieve significant efficiencies in an MDL." *Id.* at 1370.

Defendants also argue that centralization is unnecessary because they successfully informally coordinated previous similar actions with plaintiffs' counsel, and that those actions resolved early without significant proceedings. While we appreciate defendants' willingness to cooperate, we are persuaded that the current number of involved cases, counsel, and districts would make informal coordination unworkable. There are now nearly 50 actions pending in 28 districts.

Defendants have represented that many of the cases filed are meritless, that certain plaintiffs' counsel have made false representations as part of an advertising campaign to solicit additional claims, and that creation of an MDL would reward such misconduct and lead to the filing of numerous additional non-meritorious cases. The Panel has rejected similar arguments on multiple occasions and does so again here. *See, e.g., In re Xarelto (Rivaroxaban) Prods. Liab. Litig.*, 65 F. Supp. 3d 1402, 1405 (J.P.M.L. 2014) ("Nor are we persuaded by defendants' related argument that an MDL will generate the filing of voluminous claims without due diligence by plaintiffs' counsel. The Panel often has observed that '[t]he response to such concerns more properly inheres in assigning all related actions to one judge committed to disposing of spurious claims quickly.'") (quoting *In re Seroquel Prods. Liab. Litig.*, 447 F. Supp. 2d 1376, 1378 (J.P.M.L. 2006)); *see also In re Cook Med., Inc., IVC Filters Mktg., Sales Practices & Prods. Liab. Litig.*, 53 F. Supp. 3d 1379, 1381 (J.P.M.L. 2014) ("[T]he transferee court handling several cases in an MDL likely is in a better position—and certainly is in no worse position than courts in multiple districts handling individual cases—to properly address meritless claims. There are many tools a transferee court may use to accomplish this task. And importantly, if defendants believe plaintiffs' counsel are filing frivolous claims, it is incumbent upon defense counsel to bring that concern to the attention of the transferee court, and to propose a process to identify and resolve such claims.").

We select the District of Arizona—where a constituent action is pending—as the transferee district for this nationwide litigation. Defendants represent that Bard Access Systems has a significant business presence in this district, and that relevant witnesses will be located there. The Honorable David G. Campbell presides over MDL No. 2641 – *In re Bard IVC Filters Products Liability Litigation*, involving a different medical device manufactured by Bard. He has ably handled that litigation, and we are confident that he will steer this litigation on a prudent course.

- 3 -

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the District of Arizona are transferred to the District of Arizona and, with the consent of that court, assigned to the Honorable David G. Campbell for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

*Karen K. Caldwell*
Karen K. Caldwell
Chair

Nathaniel M. Gorton           Matthew F. Kennelly
Roger T. Benitez              Dale A. Kimball
Madeline Cox Arleo