**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Bard Implanted Port Catheter Products Liability Litigation | No. MDL 23-03081-PHX-DGC<br><br>**ORDER REGARDING INITIAL CASE MANAGEMENT CONFERENCE** |

Cases from several Districts have been transferred to the undersigned judge by the Judicial Panel on Multidistrict Litigation (the "Panel") pursuant to 28 U.S.C. § 1407. Doc. 1, No. MDL 23-03081-PHX-DGC ("MDL 3081"). Plaintiffs in these cases allege that Defendant C. R. Bard, Inc. and related entities (collectively, "Bard") are liable for injuries caused by implantable port catheters. To date, 41 cases are part of MDL 3081. Each case appears to be in the initial phase of litigation, with several including pending motions to dismiss.

The Court has set an initial case management conference for **September 18, 2023 at 1:30 p.m.** Doc. 4. This order addresses the materials to be filed in advance of the conference and other relevant issues.

1. *Attendance*. To minimize costs and facilitate a manageable conference, counsel for all parties are not required to attend the conference in person, and counsel with similar interests should agree to the extent practicable on a single attorney to act on their joint behalf at the conference. A party will not, by designating an attorney to represent its interests at the conference, be precluded from other representation during the litigation, and

attendance at the conference will not waive objections to jurisdiction, venue, or service. Counsel who wish to listen by phone shall notify the Court's judicial assistant, Christine Boucher (christine_boucher@azd.uscourts.gov), by **September 14, 2023**. Any counsel who seeks a leadership position in this MDL, and other counsel who wish to be heard on more than minimal issues, should be present in the courtroom.

2. *Other Participants*. Counsel whose clients are not parties in this litigation, but may later be joined, are invited to participate.

3. *Service List*. This order is being sent to counsel who have made appearances in the cases currently consolidated in MDL 3081. Counsel on this list should forward a copy of this order to other attorneys who should be notified of the conference.

4. *Memorandum and Discussion of Issues*. Defense and Plaintiffs' counsel shall confer and file a joint memorandum, by **September 11, 2023**, that addresses the following issues and any other matters the parties deem relevant:

   a. Are there categories of cases that raise different common issues, or do all cases raise the same common issues?

   b. What common-issue fact discovery is needed to resolve this MDL?

   c. How should case-specific fact discovery be handled?

   d. Should a document depository be created? If so, how should it be funded and managed and who should be granted access?

   e. Have the parties established an ESI protocol that is being used in some or all of the cases? What ESI issues will the Court need to resolve? Should the Court enter a preservation order?

   f. Have the parties agreed upon protective orders and Rule 502 orders that are being used in some or all of the cases? Are they needed for the MDL?

   g. Have similar cases already been resolved through settlement or trial? If so, what discovery has been done in those cases and in cases

consolidated in this MDL? What should be the effect of this pre-MDL discovery in this litigation?

h. Do some cases present jurisdictional or remand issues that should be addressed early? If so, what are those issues and what cases are affected?

i. What issues are presented in pending motions to dismiss? Are some of those issues relevant to all cases in the MDL, and if so, is additional or replacement briefing required before the Court rules? Which motions to dismiss are unique to specific cases and what are the issues they raise? What is the status of briefing for these case-specific motions?

j. Are similar cases pending in state court? If so, where and in what number? Has there been any coordination with state court cases thus far?

k. Should a master complaint be drafted and filed? Should it supersede pending complaints in individual cases? Should the Court authorize direct filing in this district for future cases, and if so, should short-form complaints and answers be used? How should service of process be accomplished with short-form complaints?

l. What common and case-specific expert witnesses are anticipated in this litigation?

m. What discovery schedule should the Court establish? The proposed schedule should include deadlines for (i) completion of common-issue fact discovery, (ii) complete disclosures under Rule 26(a)(2)(B)-(C) of the direct and rebuttal opinions of common-issue experts, (iii) depositions of common-issue experts, (iv) filing of common-issue motions for summary judgment, (v) bellwether disclosures, selection, and case-specific discovery if the parties wish to hold bellwether

|     |     |     |
| --- | --- | --- |
|     |     | trials, and (vi) bellwether trials if the parties wish to hold such trials. In proposing this schedule, the parties should consult the schedule adopted by the Court in the Bard IVC Filter MDL.  The Court intends to follow a similar schedule in this case and to resolve this MDL within 3 years. |
|     | n.  | Should the case include alternatives to traditional written discovery such as fact sheets or profiles to be completed under oath by parties? |
|     | o.  | Are there particular issues which, if resolved early, will significantly advance the litigation? |
|     | p.  | Beyond motions to dismiss, what pretrial motions are likely and what is the best procedure for addressing them? |
|     | q.  | Should a special master be considered for oversight of issues presented by the MDL? |
|     | r.  | In the Bard ICV Filter MDL, the Court set a firm date by which the MDL closed (no further cases were permitted).  Should a similar date be considered here? |
|     | s.  | Have the parties engaged in settlement efforts or any alternative dispute resolution process for cases now assigned to this MDL? Should a neutral be designated to assist the parties as the litigation proceeds?  The Court notes that it will not pause the MDL for extended settlement talks. |
|     | t.  | If bellwether trials are anticipated, will *Lexicon* waivers be granted? |
|     | u.  | The Court entered many Case Management Orders in the Bard IVC Filter Litigation, MDL 15-02641-PHX-DGC, and will be inclined to enter similar orders in this case.  The parties should review those orders when proposing procedures for this MDL.  The orders are available on the District website (Case Information, Cases of Interest). |

6. *Separate Plaintiffs' Submission*. Plaintiffs counsel shall file a separate memorandum by **September 11, 2023** addressing:

    a. A proposed leadership structure for the Plaintiffs' side of this case, including the designation of lead or liaison counsel and supporting committees;

    b. Whether a common benefit fee and expense fund should be established and, if so, how the fund should be managed.

7. *Admission of Counsel*. Attorney admission is governed by Local Rule of Civil Procedure 83.1. Association of local co-counsel is not required at this stage of the litigation, although active local counsel likely will be important for attorneys appointed to leadership positions in this case.

8. *Pending and New Discovery*. Between now and the September 18 conference, all outstanding disclosure, discovery, and briefing on motions to dismiss is stayed. This order does not: (1) preclude voluntary informal discovery regarding the identification and location of relevant documents and witnesses; (2) prevent a party from voluntarily making disclosures or responding to an outstanding discovery request; or (3) authorize a party to suspend its efforts in gathering information needed to respond to an outstanding discovery request.

9. *Later-Filed Cases.* This order applies to any cases later filed in, transferred to, or removed to this Court.

10. *Applications for Lead and Liaison Counsel.* The Court intends to appoint leadership counsel for Plaintiffs and Defendants. The Court expects Defendants to designate lead counsel. Applications for Plaintiffs' lead counsel must be filed by **September 11, 2023**. The Court will consider only attorneys who have filed a civil action or an appearance in this litigation. Important selection criteria will include: (1) ability to work cooperatively with others; (2) willingness and ability to commit to a lengthy and time-consuming process; (3) professional experience in this type of litigation; (4) gender and experience diversity within leadership teams; and (5) access to sufficient resources to

advance the litigation in a timely manner. Applicants should include the names of other judges with whom they have worked in complex litigation — judges the undersigned can contact in considering leadership appointments.

Dated this 22nd day of August, 2023.

*David G. Campbell*
David G. Campbell
Senior United States District Judge