IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| IN RE: Bard Implanted Port Catheter Products Liability Litigation | MDL No. 3081 |
|---|---|
| | **CASE MANAGEMENT ORDER NO. 1** |
| | (Applies to All Actions) |

**I.   Plaintiffs' Leadership Counsel Appointments.**

The Court, having considered all of the applications submitted and other relevant information, appoints the following plaintiffs' counsel to leadership positions, as indicated, and to be known as "Plaintiffs' Leadership Counsel":

| **Plaintiffs' Co-Lead Counsel** | |
|---|---|
| Adam M. Evans | Dickerson Oxton, LLC<br>1100 Main St., Ste. 2550<br>Kansas City, MO 64105 |
| Rebecca Phillips | Lanier Law Firm<br>10940 W. Sam Houston Pkwy. N., Ste. 100<br>Houston, TX 77064 |
| Michael Sacchet | Ciresi Conlin, LLP<br>225 S. 6th St., Ste. 4600<br>Minneapolis, MN 55402 |

| Plaintiffs' Executive Committee ("PEC")/Liaison Counsel | |
|---|---|
| Steve German (Liaison Counsel/Local Counsel in Arizona) | Scout Law Group<br>11201 N. Tatum Blvd., Ste. 110<br>Phoenix, AZ 85028 |
| Michael Galpern (NJ State Court Liaison) | Javerbaum Wurgaft Hicks Kahn Wikstrom & Sinins PC<br>1000 Haddonfield Berlin Rd., Ste. 203<br>Voorhees, NJ 08043 |
| Anne Schiavone | Holman Schiavone, LLC 4600<br>Madison Ave., Ste. 810<br>Kansas City, MO 64112 |
| Stuart Ratzan | Ratzan Weissman & Boldt 2850<br>Tigertail Ave., Ste. 400 Coconut<br>Grove, FL 33133 |
| Danielle Rogers | Langdon & Emison<br>911 Main St.<br>Lexington, MO 64067 |
| Larry Taylor | The Cochran Firm – Dallas, PLLC<br>1825 Market Center Blvd., Ste. 500<br>Dallas, TX 75207 |
| Thomas Cartmell | Wagstaff & Cartmell, LLP<br>4740 Grand Ave., Ste. 300<br>Kansas City, MO 64112 |
| Alex Barlow | Scott & Scott<br>7718 Wood Hollow Dr., Ste. 105<br>Austin, TX 78731 |
| Tom Pirtle | Laminack, Pirtle & Martines<br>5020 Montrose Blvd.<br>Houston, TX 77006 |
| Shanon Carson | Berger Montague<br>1818 Market St., Ste. 3600<br>Philadelphia, PA 19103 |
| Roman Balaban | Balaban Law LLC<br>8055 East Tufts Ave., Ste. 325<br>Denver, CO 80237 |

| **Plaintiffs' Steering Committee ("PSC")** ||
|---|---|
| Bradley Leger | Leger Ketchum & Cohoon, PLLC<br>10077 Grogan's Mill Rd., Ste. 325<br>The Woodlands, TX 77380 |
| Chelsea Dickerson | Dickerson Oxton, LLC<br>1100 Main St., Ste. 2550<br>Kansas City, MO 64105 |
| Gabe Assaad | McDonald Worley<br>1770 St. James Pl., Ste. 100<br>Houston, TX 77056 |
| Jenny Elwell | Berger Montague<br>1818 Market St., Ste. 3600<br>Philadelphia, PA 19103 |
| Chad Roberts | eDiscovery CoCounsel, PLLC<br>1 Independent Dr., B1<br>Jacksonville, FL 32202 |
| Brian Tadtman | Woodworth Law Firm, LLC<br>7200 W. 132nd St., Ste. 320<br>Overland Park, KS 66213 |
| Jose Rojas | Levin, Rojas, Camassar & Reck, LLC<br>40 Russ St.<br>Hartford, CT 06106 |
| Aaron Dickey | Dickey Anderson, LLC<br>1104 Moorlands Dr.<br>St. Louis, MO 63117 |
| Robert Brown | Robert Brown Law<br>3225 Aviation Ave., Ste. 101<br>Miami, FL 33133 |
| Jakob Norman | Trial Lawyers for Justice, P.C.<br>1700 Koch St., Ste. 5<br>Bozeman, MT 59715 |
| Ryan Cavanaugh | Constant Legal Group, LLP<br>737 Bolivar Rd., Ste. 440<br>Cleveland, OH 44115 |
| Doug Monsour | Monsour Law Firm<br>404 N Green St<br>Longview, TX 75601 |

| Jon Conlin | Cory Watson, P.C.<br>2131 Magnolia Avenue South<br>Birmingham, AL 35205 |
|---|---|

Plaintiffs shall add attorney Troy A. Brenes to the Plaintiffs' Executive Committee, and an attorney designated by Mr. Brenes to Plaintiffs' Steering Committee.

## II.     Responsibilities.

### A.     Procedural Matters.

1. As noted in this Court's previous Order Setting Initial Case Management Conference dated August 22, 2023 (Doc. 7), the Clerk of this Court will maintain a Master Docket case file under the style "*In Re: Bard Implanted Port Catheter Products Liability Litigation*" and the identification "MDL No. 3081." Plaintiffs' Lead/Liaison Counsel will be (a) the only attorneys permitted to file in the Master Docket as to all actions, and (b) the only attorneys receiving Notices of Electronic Filing for pleadings and orders filed in the Master Docket for all actions.

2. With regard to the Master Docket, Plaintiffs' Lead/Liaison Counsel shall:

   a. Serve as the recipients for all Court orders.

   b. Coordinate service and filings for all plaintiffs whether presently included or subsequently added to this MDL.

   c. Maintain and distribute to co-counsel and to Defendants' Counsel an up-to-date service list.

   d. Maintain responsibility for service upon all other attorneys and parties as to filings made in the Master Docket. Specifically, Lead/Liaison Counsel shall receive and distribute, to all other Plaintiffs' counsel, pleadings, orders, and motions by email, overnight courier service, or telecopier, within two days after receipt, unless such service has been waived, in writing, by a receiving counsel.

   e. Coordinate discovery and litigation with similar cases outside of this Court's jurisdiction.

3. Lead/Liaison Counsel is only responsible for service with regard to filings in the Master Docket. With regard to case-specific filings, all attorneys of record in the relevant member action will receive a Notice of Electronic Filing from the Court.

4. New counsel for later-filed or later-transferred cases that become part of this MDL shall be responsible for checking the Master Docket for all orders previously entered that may have relevance to such new cases.

**B. Responsibilities Specific to Lead/Liaison Counsel.**

In addition to the responsibilities identified above, Plaintiffs' Lead/Liaison Counsel shall:

1. Coordinate the establishment of a document depository, real or virtual, to be available to all participating plaintiffs' counsel;

2. Maintain and make available to all participating plaintiffs' counsel of record, at reasonable hours, a complete file of all documents served by or upon each party (except documents as may be available at a document depository);

3. Prepare agendas for court conferences and periodically report regarding the status of the case; and

4. Carry out such other duties as the Court may order.

**C. Responsibilities Applicable to all Plaintiffs' Leadership Counsel.**

Plaintiffs Leadership Counsel shall have the following responsibilities:

1. <u>Discovery</u>

    a. Initiate, coordinate, and conduct all pretrial discovery on behalf of plaintiffs in all actions consolidated in this MDL.

    b. Develop and propose schedules for the commencement, execution, and completion of all discovery on behalf of all plaintiffs.

    c. Cause to be issued in the name of all plaintiffs the necessary discovery requests, motions, and subpoenas pertaining to any witnesses and documents needed to properly prepare for the trial of relevant issues found in the pleadings of this litigation.

    d.  Conduct all discovery in a coordinated and consolidated manner on behalf and for the benefit of all plaintiffs.

  2. <u>Hearings and Meetings</u>

    a.  Call meetings of counsel for plaintiffs for any appropriate purpose, including coordinating responses to questions of other parties or of the Court.  Initiate proposals, suggestions, schedules or joint briefs, and any other appropriate matters pertaining to pretrial proceedings.

    b.  Examine witnesses and introduce evidence on behalf of plaintiffs at hearings.

    c.  Act as spokespersons for all plaintiffs at pretrial proceedings and in response to any inquiries by the Court, subject to the right of any plaintiff's counsel to present non-repetitive individual or different positions.

  3. <u>Miscellaneous</u>

    a.  Submit and argue all verbal and written motions presented to the Court on behalf of Plaintiff's Leadership Counsel as well as oppose, when necessary, any motion submitted by defendants or other parties which involve matters within the sphere of the responsibilities of Plaintiffs' Leadership Counsel.

    b.  Negotiate and enter into stipulations with defendants regarding this litigation. All stipulations entered into by Plaintiffs' Leadership Counsel, except for strictly administrative details, must be submitted for Court approval and will not be binding until ratified by the Court. Any MDL plaintiffs' attorney not in agreement with a non-administrative stipulation shall file with the Court a written objection within five (5) days after he/she knows or should have reasonably become of aware of the stipulation.  Failure to object within this time

|   |   |   |
|---|---|---|
|   |   | shall be deemed a waiver and the stipulation will be binding on that party. |
|   | c. | Explore, develop, and pursue all settlement options pertaining to any claim or portion thereof of any case filed in this litigation. |
|   | d. | Maintain adequate files of all pretrial matters, including establishing and maintaining a document or exhibit depository, in either real or virtual format, and having those documents available, under reasonable terms and conditions for examinations by all MDL plaintiffs or their attorneys. |
|   | e. | Perform any task necessary and proper for Plaintiffs' Leadership Counsel to accomplish its responsibilities as defined by the Court's orders, including organizing subcommittees comprised of plaintiffs' lawyers not on Plaintiffs' Leadership Counsel. |
|   | f. | Work with Lead/Liaison Counsel to coordinate the responsibilities of Plaintiffs' Leadership Counsel meetings, keep minutes or transcripts of these meetings, appear at periodic Court-noticed status conferences, perform other necessary administrative or logistic functions of Plaintiffs' Leadership Counsel, and carry out any duty as ordered by the Court. |
|   | g. | Perform other such functions that may be expressly authorized by further Court Orders. |

**D.      Reimbursement of Costs Expended.**

Plaintiffs' Leadership Counsel shall be entitled to seek reimbursement for costs expended at the time and in a manner approved by the Court. Reimbursements will be governed by a further case management order to be proposed by Plaintiffs' Leadership Counsel and entered by the Court.

/ / /

/ / /

### III. Term of Appointments.

Appointments to leadership positions in this order shall last for **one year** from the date of this order unless terminated earlier by the Court. **Thirty days** before the expiration of this one-year term, Lead/Liaison Counsel shall file a memorandum notifying the Court of the need to make further appointments and making recommendations regarding those appointments.

Dated this 19th day of September, 2023.

David G. Campbell
Senior United States District Judge