1
2
3
4
5
6
7
8
9
10
11
12
13
14

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| IN RE:  Bard Implanted Port Catheter Products Liability Litigation | MDL No. 3081 |
| | **CASE MANAGEMENT ORDER NO. 9** |
| | **COMMON FACT AND EXPERT DISCOVERY SCHEDULE** |

15    The Court held a second case management conference with the parties on
16  November 16, 2023.  *See* Doc. 108.  The conference was scheduled to address a number
17  of issues identified in Case Management Order No. 2 ("CMO 2") and the parties' joint
18  memorandum.  Docs. 42, 102.

19    The Court adopts the following discovery schedule for all common fact and
20  expert issues in this MDL.  This scheduling order does not govern case-specific
21  discovery in Discovery Group 1 or Bellwether Group 1, which will be governed by
22  separate case management orders negotiated at the time those groups are selected.  This
23  scheduling order does not govern case-specific issues to be resolved in individual cases.

24  **I.    Common-Issue Fact Discovery.**

25    Common-issue fact discovery shall open on **November 20, 2023**.  The deadline
26  for completing common-issue fact discovery, including discovery by subpoena, shall be
27  **January 31, 2025**.  To ensure compliance with this deadline, the following rules shall
28  apply:

### A.      Depositions.

All depositions shall be scheduled to commence at least **three (3) working days** prior to the discovery deadline.  This requirement may be altered by agreement of the parties.

### B.      Written Discovery.

All interrogatories, requests for production of documents, and requests for admissions shall be served at least **forty-five (45) days** before the discovery deadline.

The parties may mutually agree in writing, without Court approval, to extend the time provided for discovery responses in Rules 33, 34, and 36 of the Federal Rules of Civil Procedure.  Such agreed-upon extensions, however, shall not alter or extend the discovery deadlines set forth in this Order.

### C.      Substantial Completion.

The Parties agree to meet and confer regarding the date by which Defendants will substantially complete their production of documents and ESI.  If the Parties cannot reach agreement before **December 22, 2023**, as to the substantial-completion deadline, they will submit their positions to the Court at the case management conference on January 8, 2024.  The Parties shall meet and confer regarding prioritizing collection and production efforts of relevant Custodial Files and Non-Custodial Sources (as the terms are defined in the ESI Order, CMO 12).  Productions will be made on a rolling basis. Defendants reserve the right to supplement productions as necessary.

## II.      Common-Issue Expert Disclosures and Discovery.

### A.      Plaintiffs shall provide full and complete expert disclosures as required by Rule 26(a)(2)(A)-(C) and (E) of the Federal Rules of Civil Procedure no later than **February 14, 2025**.

### B.      Defendants shall provide full and complete expert disclosures as required by Rule 26(a)(2)(A)-(C) and (E) of the Federal Rules of Civil Procedure no later than **March 31, 2025**.

### C.      Plaintiffs' rebuttal expert disclosures, if any, shall be made no later than

**April 30, 2025**.  Rebuttal experts shall be limited to responding to opinions stated by initial experts.

      **D.**    Expert depositions shall be completed no later than **June 30, 2025**.

      **E.**    Disclosures under Rule 26(a)(2)(A) must include the identities of treating physicians and other witnesses who will provide expert opinions under Federal Rules of Evidence 702, 703, or 705, but who are not required to provide expert reports under Rule 26(a)(2)(B), except that this provision shall not preclude Plaintiffs from designating additional experts in their case-specific disclosures.  Rule 26(a)(2)(C) disclosures are required for such witnesses on the dates set forth above.  Rule 26(a)(2)(C) disclosures must identify not only the subjects on which the witness will testify but must also provide a summary of the facts and opinions to which the expert will testify.  The summary, although clearly not as detailed as a Rule 26(a)(2)(B) report, must be sufficiently detailed to provide fair notice of what the expert will say at trial.[1]

      **F.**    As stated in the Advisory Committee Notes to Rule 26 (1993 Amendments), expert reports under Rule 26(a)(2)(B) must set forth "the testimony the witness is expected to present during direct examination, together with the reasons therefor."  Full and complete disclosures of such testimony are required on the dates set forth above; absent extraordinary circumstances, the parties will not be permitted to supplement expert reports after these dates.  The Court notes, however, that it usually permits parties to present opinions of their experts that were elicited by opposing counsel during depositions of the experts.  Counsel should depose experts with this fact in mind.

**III.**    **Motions to Exclude Common-Issue Experts and for Summary Judgment.**

      **A.**    Motions to exclude common-issue experts and motions for summary

---

[1] In *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 826 (9th Cir. 2011), the Ninth Circuit held that "a treating physician is only exempt from Rule 26(a)(2)(B)'s written report requirement to the extent that his opinions were formed during the course of treatment."  Thus, for opinions formed outside the course of treatment, Rule 26(a)(2)(B) written reports are required.  *Id.*  For opinions formed during the course of treatment, Rule 26(a)(2)(C) disclosures will suffice.

3

judgment on MDL-wide issues shall be filed by **July 21, 2025**.

      **B.**    Any responses in opposition to those motions shall be filed by **August 25, 2025**.

      **C.**    Any replies in support of those motions shall be filed by **September 8, 2025**.

      Dated this 22nd day of November, 2023.

David G. Campbell
Senior United States District Judge

4