# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Bard Implanted Port Catheter Products Liability Litigation | MDL No. 3081<br><br>**AMENDED CASE MANAGEMENT ORDER NO. 7**<br><br>**(MASTER COMPLAINT, MASTER ANSWER, DIRECT FILING AND SHORT-FORM COMPLAINT, WAIVER OF SERVICE)**<br><br>(Applies to All Actions) |

This Order applies to all cases currently pending in MDL 3081 and to all related actions that have been or will in the future be originally filed in, transferred to, or removed to this Court and assigned thereto. This Order is binding on all parties and their counsel in all such cases.

The parties previously submitted a Master Complaint (Doc. 93-1) and Short-Form Complaint (Doc. 93-2). As set forth in Case Management Order No. 6, the Court has required the parties to revise those proposed pleadings. Plaintiffs shall file a revised Master Complaint by **December 1, 2023**. Defendants shall have until **December 15, 2023**, to file a Master Answer.

The Master Complaint shall be an "administrative convenience," not an "operative pleading." *See, e.g.*, *Bell v. Publix Super Markets, Inc.*, 982 F.3d 468, 489-90 (7th Cir. 2020) (citing *Gelboim v. Bank of Am. Corp.*, 574 U.S. 405, 413 n.3 (2015); *In re Refrigerant Compressors Antitrust Litig.*, 731 F.3d 586, 586, 588, 590-92 (6th Cir. 2013)).

1  The Master Complaint shall become operative by virtue of a Plaintiff filing a Short-Form
2  Complaint that incorporates by reference the Master Complaint.
3    For any case filed in, transferred to, or removed to MDL 3081 on or before the date
4  of this Order, the Plaintiff shall have 30 days from the date of this Order to file an amended
5  complaint using the Short-Form Complaint.  If any such case fails to comply, Plaintiffs'
6  Co-Lead Counsel shall promptly advise the Plaintiff to file an amended complaint using
7  the Short-Form Complaint.  If the Plaintiff fails to do so, Plaintiffs' Co-Lead Counsel shall
8  notify the Court in connection with the next case management conference and the Court
9  may issue a show-cause order as to why the case should not be dismissed.  In the event
10 that any Plaintiff was a member of a multi-plaintiff complaint prior to transfer to or
11 removal to this MDL, each Plaintiff must file a separate Short-Form Complaint.
12   After the date of this Order, any Plaintiff whose case would be subject to transfer
13 to or removal to MDL 3081 may file their case directly in this Court by using the Short-
14 Form Complaint. If such a case is filed in this Court without the use of the Short-Form
15 Complaint, Plaintiffs' Co-Lead Counsel shall promptly advise the Plaintiff to file an
16 amended complaint using the Short-Form Complaint.  If the Plaintiff fails to do so,
17 Plaintiffs' Co-Lead Counsel shall notify the Court in connection with the next case
18 management conference and the Court may issue a show-cause order as to why the case
19 should not be dismissed.
20   For any case transferred to or removed to MDL 3081 after the date of this Order,
21 the Plaintiff shall have 30 days from the date of transfer or removal to file an amended
22 complaint using the Short-Form Complaint.  If any such case fails to comply, Plaintiffs'
23 Co-Lead Counsel shall promptly advise the Plaintiff to file an amended complaint using
24 the Short-Form Complaint.  If the Plaintiff fails to do so, Plaintiffs' Co-Lead Counsel shall
25 notify the Court in connection with the next case management conference and the Court
26 may issue a show-cause order as to why the case should not be dismissed. In the event that
27 any Plaintiff was a member of a multi-plaintiff complaint prior to transfer to or removal
28 to this MDL, each Plaintiff must file a separate Short-Form Complaint.

For purposes of the application of statutes of limitation and/or repose, a Plaintiff will be deemed to have filed his or her complaint as of the date of filing of that Plaintiff's original complaint, not the date of filing of the Master Complaint or Short-Form Complaint (unless the Short-Form Complaint is the Plaintiff's first-filed complaint).

Defendants are not required to file answers to Short-Form Complaints. An Entry of Appearance shall be filed 30 days after the email service of the Plaintiff's Short-Form Complaint. An Entry of Appearance shall constitute a denial of all allegations in the Short-Form Complaint and will be deemed to incorporate the Master Answer, including all defenses included in the Master Answer.  As a result, following the filing of an Entry of Appearance, any Plaintiff who wishes to voluntarily dismiss any case filed in, transferred to, or removed to this MDL must comply with Federal Rule of Civil Procedure 41(a)(1)(A)(ii).  By filing an Entry of Appearance in response to a Short-Form Complaint in lieu of an Answer, Defendants do not waive any jurisdictional and/or service defenses.

Civil actions in this MDL were transferred to this Court by the Judicial Panel on Multidistrict Litigation (the "Panel") for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407.  Upon completion of the pretrial proceedings related to a civil action as determined by this Court, any pending case originally transferred by the Panel will be remanded to the Panel for transfer back to the original transferor jurisdiction. If the case was directly filed in or removed to this MDL, the case shall be transferred pursuant to 28 U.S.C. § 1404(a) or § 1406(a) to the District identified in the Short-Form Complaint (the "designated forum"), provided the parties choose not to waive *Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998).  The fact that a case was filed directly in this Court and MDL proceeding shall not constitute a determination by this Court that jurisdiction or venue are proper in this District and shall not result in this Court being deemed the "transferor court" for purposes of this MDL.  Prior to transfer, Defendants may object to the designated forum specified in the Short-Form Complaint based on venue or jurisdiction (including a lack of personal jurisdiction based on *Daimler*

*AG v. Bauman*, 571 U.S. 117 (2014), and its progeny), and propose an alternative jurisdiction for the Court's consideration.

In cases in which the parties provide *Lexecon* waivers, and consent to dispositive proceedings in this Court, the choice-of-law rules of the designated forum in the Short-Form Complaint will govern any choice-of-law issue. Defendants may object to the designated forum and propose an alternative venue for choice-of-law purposes.

Subject to the conditions set forth in this Order, Defendants Becton, Dickinson and Company; C.R. Bard, Inc.; Bard Access Systems, Inc.; and Bard Peripheral Vascular, Inc. (collectively, "Defendants") waive service of process in cases filed in, transferred to, or removed to this Court using the Short-Form Complaint and in which they are named as Defendants and one or more implanted port catheter devices either manufactured or distributed by Defendants is alleged to be at issue. For such cases, Plaintiffs shall send a Short-Form Complaint and a request for waiver of service pursuant to the provisions of Federal Rule of Civil Procedure 4 to Edward Fanning by email to efanning@mccarter.com; Richard B. North, Jr. by email to richard.north@nelsonmullins.com; and Maria Turner by email to maria.turner@nelsonmullins.com. A filed Short-Form Complaint and request for waiver shall be served via email within 30 days of filing of the Short-Form Complaint. Counsel for Defendants shall return the signed waiver requests to the Court within the time permitted by Rule 4. Plaintiffs submitting a request for waiver of service shall not seek to hold Defendants in default for failure to timely answer or otherwise respond to a complaint in which service has been accomplished pursuant to the terms of this order without first giving Defendants written notice to the same individuals listed above of the alleged default and 10 business days in which to cure any alleged default.

Prior to a Plaintiff's attorney filing a Short-Form Complaint in this Court, that attorney must register for or already have a District of Arizona CM/ECF log-in name and password. If the Plaintiff's attorney does not already have a District of Arizona CM/ECF log-in name and password, that attorney must file the Short-Form Complaint in paper form

4

1 | with the Clerk of Court and simultaneously file an Application of Attorney for Admission
2 | to Practice Pro Hac Vice pursuant to L.R. Civ. 83.1(b)(2) (including all necessary
3 | attachments and filing fee).
4 |       Dated this 13th day of December, 2023.

*David G. Campbell*
David G. Campbell
Senior United States District Judge