IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Bard Implanted Port Catheter Products Liability Litigation, | MDL No. 3081<br><br>**CASE MANAGEMENT ORDER NO. 19**<br><br>**(Privilege Log Protocol)**<br><br>(Applies to All Actions) |

**THIS MATTER,** having come before the Court upon the joint submission by the Parties, **IT IS ORDERED:**

The following is the Protocol for the logging of documents withheld from production as protected by the attorney client privilege, joint defense privilege, work product doctrine or any other privilege. This Protocol shall govern all productions in the above-captioned matter. Nothing in this Protocol shall limit or waive a Party's right to seek or object to discovery as set out in applicable rules, to rely on any protective order entered in this action concerning protection of confidential or otherwise sensitive information, or to object to the relevance, admissibility or authenticity of any document logged in accordance with this Protocol.

**A.   General Principles**

1.   Privilege logs shall comply with Federal Rule of Civil Procedure 26(b)(5), which requires a party to:

1

      a.    Expressly identify the privilege asserted; and

      b.    Describe the nature of the documents, communications, or tangible things not produced or disclosed . . . in a manner that, without revealing information itself privileged or protected, will enable other parties to assess this claim. *See* FED. R. CIV. P. 26(b)(5).

**B.**    **<u>Privilege Log</u>**

1. To the extent that documents are withheld from production on the basis of privilege or the work-product doctrine, the Producing Party shall update a privilege log within thirty (30) business days after the date of production from which the documents were withheld. With respect to production of Custodial Files subject to a substantial completion deadline, the Producing Party shall update the privilege log on the earlier of either: a) thirty (30) business days after the date of production from which the documents were withheld; or b) the date of the Custodial substantial completion date.[1]

2. The rolling privilege logs from the Producing Party shall be produced either (a) in a cumulative manner, incorporating on each subsequently produced privilege log the previously produced privilege logs and identifying in a searchable/sortable manner documents added since the last log update and documents for which a privilege is no longer asserted, if any, since the last log update, or (b) in installments using a consistent format so that the installments can be merged into a cumulative Excel spreadsheet by the Receiving Party. The correspondence accompanying each privilege log shall indicate the document production volume(s) and Bates range(s) to which the privilege log applies.

3. For documents withheld on the basis of privilege or work product, the Producing Party shall provide a separate entry for each document as to which the Producing Party asserts privilege. The log should include the following fields. Fields g – p shall be provided from electronically-generated metadata associated with the document, to the

---

[1] The substantial completion deadlines for Defendants' production of general liability Custodians are July 1, 2024, August 15, 2024, and October 15, 2024. *See* Doc. 525 at 3-4 (CMO 18). Accordingly, Defendants shall provide an updated privilege log on or before these dates to account for documents withheld from productions as privileged that reside in the Custodial Files of the Custodians subject to the applicable substantial completion deadline.

2

extent applicable and reasonably available. A sample log is attached as Exhibit A to this Order:

  a. **A field or column indicating the privilege log volume;**

  b. **A field or column indicating the date the privilege was asserted;**

  c. **A unique identifying number for each logged document *ad seriatim* starting with the number 1. (Privilege Log ID);**

  d. **Attached to Privilege Log ID (populated for attachments withheld as privileged);**

  e. **Bates Number of privileged Slip Sheet;**

  f. **Family Bates Range (populated for partially produced families);**

  g. **All Custodian (names of all Custodian(s)/Source(s) that possessed the document if global deduplication is utilized);**

  h. **Document Type (file extension or msg or similar indication of file type for e-mail);**

  i. **Sent Date (e-mail);**

  j. **Date Last Modified (documents);**

  k. **Author (documents)/From (e-mail);**

  l. **To;**

  m. **Cc;**

  n. **Bcc;**

  o. **Participants (e-mail threads) (identification of participants who participated in lesser included messages as generated by Relativity's Name Normalization analytics);**

  p. **Filename (documents)/Subject Line (e-mail) so long as the disclosure would not reveal information itself privileged or protected; if the disclosure would reveal information itself privileged or protected, then the field shall indicate "Privileged;"**

  q. **Privilege Type indicating each type claimed (e.g., Attorney-Client or Work-Product);**

  r. **Legal Nexus: populated if the attorney(s)/legal personnel giving rise to the privilege claim is/are not within the metadata of the most recent email or document;**

  s. **Description: a description of the nature of the legal advice requested or provided or an explanation of the work-product claim that, without revealing information itself privileged or protected, will enable other parties to assess the claim;**

      t.    **Released: field shall be populated if a document is released from the log; and**

      u.    **Released Bates Number: populated with the bates number assigned to the document released from the log.**

Nothing in subparagraphs a-u, above, will relieve a party of reviewing the logged document(s) for privilege, and parties are not permitted to solely utilize metadata for privilege review.

    4.    **Identification of Legal Personnel**.  Individuals (authors and recipients) who are attorneys, paralegals, or other legal staff carrying out a legal function for an attorney shall be identified (e.g., with an asterisk), and/or listed in the Legal Nexus field.  The Producing Party shall provide a separate Excel spreadsheet appendix to the log that includes the names that appear in the metadata fields on the log along with corresponding email addresses to the extent such information is reasonably available and electronically generated from the metadata.

    5.    **Privilege Log Descriptions of Document Families**.  Only privileged documents will be logged on the privilege log.  For example, if a parent document is privileged and the attachments are not privileged, only the parent will be logged on the privilege log and withheld.  The withheld document will be produced as a slip-sheet bearing a bates number that immediately precedes the bates numbers of the non-withheld attachments to keep the family context.  The bates number of any documents withheld as privileged shall be identified in the "Bates Number of Slip Sheet" log field.  To the extent a non-privileged attachment to a privileged communication can be produced without revealing the privileged communication, the non-privileged attachment shall be produced.  The "Family Bates Range" field shall identify the Bates range of partially produced families.  In instances where a limited portion of the parent Document is privileged, the parent will be redacted and produced along with responsive attachments.  If an attachment is wholly privileged but the parent Document is not privileged, the attachment will be slip-sheeted and produced along with the parent and any other responsive attachments in the family.

6. Because paper Documents do not have the same contextual or familial relationship as electronic data, the Parties will make privilege determinations for hard copy Documents at the Document level.

7. **Documents to be excluded from Privilege Log**. Communications between Defendants and their outside counsel of record after July 11, 2022 are presumptively privileged and shall not be logged. Similarly, work product created by counsel of record after July 11, 2022, shall not be logged. Communications between a Plaintiff and their retained counsel are presumptively privileged as of the date of Plaintiff's retention of counsel for this litigation.

8. **Privilege Log Descriptions of Email Threads**. With respect to logging of e-mail threads/chains, the Parties' privilege logs will provide information gathered from the metadata for the most recent email in the thread (rather than logging each correspondence on the chain). As noted in section B.3., the Producing Party shall include on its privilege log a field that lists participants who participated in lesser included messages in the thread as generated by Relativity's Name Normalization analytics. Attachments will be logged and described separate from the parent e-mail.

9. In accordance with the ESI Order (Doc. 112), in lieu of a redaction log, the Parties may produce a "Redaction Type" coding field in the .dat file that identifies the redaction type for each redaction (*e.g.*: attorney-client, work product).

10. Any and all produced Documents are subject to the inadvertent production, non-waiver and clawback provisions of the Protective Order.

**C.** **Challenges to Privilege Claims**

1. Should a Receiving Party dispute any entry on the Producing Party's log – or any redaction made under a claim of privilege pursuant to the ESI Order – (the "Challenging Party") the challenge shall be brought within 70 days of receipt of a privilege log or document production containing the redacted document.[2] However, a party's right to

---

[2] Consistent with the ESI Order, redacted documents will be produced with a metadata field indicating the presence of a redaction on the document image, as well as a field indicating the reason(s) for redaction, e.g., Attorney Client Privilege, Work Product, etc.

5

challenge a claim of privilege is not waived providing good cause is shown why the challenge could not reasonably have be made within the 70 day period. The Parties agree to meet and confer in good faith to resolve disputes prior to submitting challenges to the Court.

2. The Challenging Party shall provide the Producing Party written notification of the challenge which shall include: a) the specific Privilege Log ID(s)/bates number(s) being challenged, 2) the bases for the challenge, 3) request(s) for additional clarifying information if any, and 4) offer to meet and confer during the fourteen (14) day period following the date of the written challenge notification.

3. The Producing Party shall meet and confer with the Challenging Party within the fourteen (14) day period following the date of receipt of the written challenge notification. Within ten (10) days following the meet and confer, the Producing Party shall provide the Challenging Party with a written response (providing further information supporting its claims and/or indicating which privilege claims, redactions, etc., the Producing Party maintains and which it withdraws, downgrades or modifies). These time periods may be modified (including by extending the time periods) in emergent circumstances, as agreed to by the Challenging and Producing Parties, or as ordered by the Court.

4. For any challenges remaining following the procedure outlined in Paragraphs C.1. – C.3., and before scheduling a call with the Court, the Parties should have identified the scope of the issues as narrowly and accurately as possible in a grid that outlines the Producing and Challenging Parties respective positions for each challenged document.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

5. The Court shall conduct an *in camera* review of the contested documents. The Producing Party shall have the opportunity, at the Court's discretion, to provide affidavits, argument, and/or *in camera* explanations of the privileged nature of the documents at issue to ensure that the Court has complete information upon which to base its privilege determinations. The Challenging Party shall have the opportunity to respond and/or reply to any such affidavits, argument and/or *in camera* explanations.

Dated this 4th day of April, 2024.

*David G. Campbell*
David G. Campbell
Senior United States District Judge