**EXHIBIT B**

**IMPORTANT – REQUEST FOR PRESERVATION OF PATHOLOGY MATERIALS**

[Date]

**Attn: Departments of Surgery and Pathology**
[Address of Explant Facility]

**Re: [MDL 3081 case caption; name and birth date of Plaintiff and date of known Explant Surgery, Case Caption]**

Dear Departments of Surgery and Pathology:

      I represent your patient [Mr./Ms. Plaintiff's Full Name/date of birth] in a product liability lawsuit. To be clear, there is no lawsuit pending or anticipated against your facility or the treating physician. Rather, the lawsuit is a product liability lawsuit against Becton, Dickinson & Company, C.R. Bard, Inc., Bard Access Systems, Inc., and Bard Peripheral Vascular, Inc., relating to port catheter devices designed, manufactured, and sold by those companies. The law firm of Nelson Mullins, copied below, represents those companies in the lawsuit.

      It is our understanding that [Mr./Ms. Plaintiff's Full Name] underwent a procedure on [date], performed by Dr. [Explant Surgeon], that may have involved the explanation of a port catheter device. I write to request the preservation of pathology material, as well as the explanted port catheter device, any and all pieces of that device, and any tissue removed with it, from [Mr./Ms. Plaintiff's last name] during such procedure.

      Please be advised that any pathology, tissues, as well as the explanted port catheter device, and any and all pieces of the device obtained during that procedure, are critical pieces of evidence in this case. If your facility is in possession of the device, which includes both the port and catheter, or any portions of that device, please ensure that the entire device is preserved for inspection and analysis by representatives of the Parties to this lawsuit. Please do not discard or destroy the device or any of its parts, and please ensure that no one else discards, destroys, or takes any action of any sort that would destroy, damage, or compromise the integrity or current condition of the device. The Parties may be prejudiced if any evidence has been altered, damaged, or destroyed.

      Please call or email me at [INSERT] at your earliest convenience to confirm the whereabouts of the evidence referenced above and that steps have been taken to preserve it. Please also contact me if you have any questions relating to the Instructions for Preservation of the materials listed below. If you are not the appropriate recipient of this request, please notify us and forward a copy of this letter to the appropriate person or entity responsible for ensuring compliance with the terms of this preservation request, at your earliest convenience. Thank you very much for your assistance.

The parties request that you preserve the materials identified in this letter, but that you prepare and ship ONLY the explanted device or portions of the explanted device, along with any tissue explanted with it, in the manner described below.

**Instructions for Immediate Preservation of the Specimen(s):**

1. Please preserve **all** explanted materials.
2. If possible, photograph the device and any retained tissue.
3. All components of the explanted device should be placed in a container of dilute neutral buffered formalin (10% formalin is standard.). Tissue samples may be placed in the same container along with the components of the explanted device for this formalin exposure.
4. Keep the device and tissue in the formalin solution for approximately 24 hours.
5. After 24 hours, remove the device from the formalin and rinse the device thoroughly under cold running tap water for 10 to 20 seconds. Any tissue specimens not attached to the device should stay in the formalin solution.
6. Allow the device components to air dry.
7. The removed device, or parts thereof, should be prepared and shipped as follows:
   a) Place all of the components of the removed device into a "Bio Bottle" container (or a similar system or container) and follow the instructions provided with that container system in the standard course. Any separate tissue specimens explanted with the device, but separate from it, should remain in formalin and be placed in a separate Bio Bottle or similar container.
   b) Standard delivery FedEx or UPS shipping is sufficient. Ship the Bio Bottle containers to:
      Steelgate, Inc.
      Re: [Plaintiff's Name c/o Plaintiff's Law Firm]
      2307 58th Avenue East
      Bradenton, Fl. 34203
8. The attached Chain of Custody Form provided by Steelgate, Inc. should be completed and executed attendant to transmission of any Materials contemplated herein.

To the extent that your diagnosis and/or treatment of the patient necessitates that you prepare and analyze histology samples from the pathology explanted, please keep intact as much of the pathology as possible, pursuant to the above protocol, and preserve any blocks or slides prepared in the normal course of business. Please also provide at least thirty (30) days' notice to the Parties before destroying or discarding any explanted devices or portions thereof, or any pathology blocks or slides prepared in the normal course of business.

In order to facilitate this request, enclosed please find a **HIPAA-Compliant Authorization** for the release of the specimens to be removed during this surgery, signed by [Mr./Ms. Plaintiff's last name], as well as a **Chain of Custody Form**.

Very truly yours,

_____
[Counsel for Plaintiff]
*Counsel for Plaintiff*

Enclosures:

1. Chain of Custody Form (Exhibit C)
2. HIPAA Authorization   (Exhibit D)

cc: Brandee Kowalzyk
    Nelson Mullins
    Atlanta Station, Suite 1700
    201 17th Street NW
    Atlanta, GA 30363
    404-322-6000