**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| IN RE: Bard Implanted Port Catheter Products Liability Litigation | MDL No. 3081 |
| | **AMENDED CASE MANAGEMENT ORDER NO. 10** |
| | **BELLWETHER SELECTION** |

Pursuant to the agreement of the parties (Docs. 102 at 28, 102-1), on November 22, 2023 the Court entered Case Management Order ("CMO") No. 10 regarding the process for the selection of and discovery in the first set of bellwether cases for this MDL.  Doc. 115. On January 2, 2025, the Court granted the parties' joint motion to extend the deadlines for the selection of Bellwether Group 1.  Docs. 2043, 2127.  This Amended CMO 10 contains the new deadlines for that selection process.

**I.      Initial Plaintiff Pool.**

The Initial Plaintiff Pool for this bellwether process includes all cases filed in, transferred to, or removed to MDL 3081 on or before April 1, 2024.

The parties will provide Plaintiff Profile Forms ("PPF") and Defendants Profile Forms ("DPF") for each of the Initial Plaintiff Pool cases.  All PPFs for cases in the Initial Plaintiff Pool must be served within thirty (30) days of filing of the Short-Form Complaint and in no event later than **May 1, 2024**; and the DPFs shall be served within forty (40) days after the date of receipt of the PPF and in no event later than **June 10, 2024**.  Cases filed after April 1, 2024, shall continue to be governed by the deadlines established in Case

Management Order No. 8 regarding profile forms.  In order to make the process as efficient as possible, the parties shall provide their PPFs and DPFs on a rolling basis, as they are completed.

**II.    PFS/DFS Group 1.**

On or before **July 1, 2024**, the parties shall make a simultaneous exchange of lists identifying twenty-four (24) representative cases each selected from the **Initial Plaintiff Pool**.  Those forty-eight (48) cases shall constitute **PFS/DFS Group 1**.  The lists exchanged by the parties shall be organized alphabetically by Plaintiffs' last names and shall include the civil action number for each case.

Should Plaintiffs and Defendants select one of more of the same cases among their twenty-four (24) cases selected for **PFS/DFS Group 1**, thus resulting in a total pool of fewer than forty-eight (48), the parties will alternate to identify additional Plaintiffs to bring the pool to forty-eight (48), with Plaintiffs having the first selection.  The parties shall simultaneously exchange the additional selections to complete the pool within three (3) days of the initial simultaneous exchange set forth above.

It is important for the bellwether process that both sides waive applicable venue and forum-non-conveniens challenges for the cases in **PFS/DFS Group 1** and stipulate that the initial scheduled trials can be conducted in the District of Arizona without remanding any case to the transferor forum under *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998) ("Lexecon Waiver").  Accordingly, the selection of any case for inclusion in the **PFS/DFS Group 1** constitutes a Lexecon Waiver by the side/party selecting the case.  Upon receipt of the list of cases from opposing counsel, each side will have five (5) business days to notify the other side if they do not agree to waive Lexecon with respect to any of the cases selected by the other side.  Plaintiffs' Co-Lead Counsel shall use best efforts to secure a Lexecon Waiver for any case selected to be included in **PFS/DFS Group 1** by Defendants. Defendants' counsel shall use best efforts to secure a Lexecon Waiver by Defendants for any case selected to be included in **PFS/DFS Group 1** by Plaintiffs.

2

If a Plaintiff in a case selected for inclusion in **PFS/DFS Group 1** by Defendants does not provide a Lexecon Waiver, the Plaintiff or his/her counsel shall show cause why a Lexecon Waiver is not being made in that particular case. If Defendants do not provide a Lexecon Waiver for any case selected for inclusion in **PFS/DFS Group 1** by Plaintiffs, Defendants' counsel shall show cause why a Lexecon Waiver is not being made in that particular case. Any party required to show cause must appear in person or by telephone before the Court to explain why a Lexecon Waiver may not be made in the particular case.

For any case removed from **PFS/DFS Group 1** because the Court determines that a Lexecon Waiver is not possible, the side that selected the case shall have the right to select a replacement case within five (5) business days following the Court's determination. Thereafter, the parties shall proceed with the Lexecon Waiver process under this Section for that particular case.

**III.    Plaintiff and Defendants Fact Sheets.**

A Plaintiff Fact Sheet ("PFS") and a Defendants Fact Sheet ("DFS") will be completed for each case in **PFS/DFS Group 1**. The parties will meet and confer about the content of the PFS and DFS and submit a proposed case management order adopting those forms and providing for service via MDL Centrality by no later than **March 1, 2024**. Those forms will be completed and exchanged only in cases designated for **PFS/DFS Group 1**.

**A.    Timing of Service of Fact Sheets.**

Plaintiffs shall serve on counsel for Defendants all PFSs for the **PFS/DFS Group 1** cases no later than **July 31, 2024**.

Defendants shall serve on Plaintiffs' Co-Lead Counsel all DFSs for the **PFS/DFS Group 1** cases no later than thirty (30) days after service of the PFS and in no event later than **August 30, 2024**.

The parties shall provide completed fact sheets on a rolling basis as they are completed.

/ / /

/ / /

3

**B.      Completion of Fact Sheets.**

A completed PFS and DFS shall be considered interrogatory answers under Fed. R. Civ. P. 33, responses to requests for production under Fed. R. Civ. P. 34, and will be governed by the standards applicable to written discovery under Fed. R. Civ. P. 26, 33, 34 and 37.  The PFS and DFS questions and document requests shall be answered without objection.  This section does not prohibit a party from withholding or redacting information based on a recognized privilege; however, if information is withheld or redacted, the party so withholding or redacting information shall contemporaneously provide opposing party with a privilege log.

The parties will provide a PFS or DFS that is substantially complete in all respects. "Substantially complete in all respects" requires that:

a.      Every question in the PFS or DFS be answered, even if a party can only answer the question in good faith by indicating "not applicable" or "I don't know";

b.      The parties shall provide all medical records relating to the Plaintiff at issue and the alleged damages in their possession or the possession of their attorneys at the time of completing the fact sheets, to the extent not previously provided with the profile forms.  The parties will later submit another proposed case management order (by no later than **July 1, 2024**) governing the collection and production of medical records subsequently obtained from health care providers with the medical authorizations provided with the Fact Sheets.

c.      Plaintiffs shall provide electronically signed copies of the requested records authorizations accompanying the PFS;

d.      The parties will produce the documents requested in the PFS and DFS, or provide a statement certifying that there are no responsive documents; and

4

e.      Plaintiffs shall sign the PFS and provide verification that the information contained therein is true and correct to the best of Plaintiff's knowledge, information, and belief, formed after due diligence and reasonable inquiry.  If a Plaintiff is suing in a representative or derivative capacity, the PFS shall be completed by the person with the legal authority to represent the estate or the person under legal disability.  A Plaintiff's spouse with a claim for loss of consortium shall also sign the PFS, attesting that the responses made to the loss-of-consortium questions in the PFS are true and correct to the best of his or her knowledge, information, and belief, formed after due diligence and reasonable inquiry.

**C.      Fact-Sheet Deficiencies.**

If a Plaintiff fails to timely submit a PFS, or submits a PFS within the allotted time that Defendants deem not to be substantially complete, Defendants shall send an overdue/deficiency letter via MDL Centrality stating whether the PFS is overdue or deemed deficient, in which case the letter shall identify the purported deficiencies.  The letter shall include sufficient detail for the parties to meet and confer regarding the alleged deficiencies. Immediately upon submission of the letter, MDL Centrality shall send notification of the submission to the Plaintiff's counsel of record at the email address(es) provided upon registration for MDL Centrality, with a copy to the PLC by operation of an email distribution list provided to MDL Centrality by Plaintiffs' Co-Lead Counsel.  The Plaintiff shall have fifteen (15) days from the date of that letter to meet and confer in an effort to resolve the dispute.  Should the meet-and-confer process not resolve the dispute, the parties shall arrange a call with the Court to resolve it.

Similarly, if Defendants do not submit a DFS within the time specified in this Order, or submit a DFS within the allotted time that Plaintiffs deem not to be substantially complete, Plaintiffs shall send an overdue/deficiency letter via MDL Centrality stating whether the DFS is overdue or deemed deficient, in which case the letter shall identify the

purported deficiencies.  The letter shall include sufficient detail for the parties to meet and confer regarding the alleged deficiencies.  Immediately upon submission of the letter, MDL Centrality shall send notification of the submission to Defendants at portppf-pfs@nelsonmullins.com and portppf-pfs@mccarter.com.  Defendants shall have fifteen (15) days from the date of that letter to meet and confer in an effort to resolve the dispute. Should the meet-and-confer process not resolve the dispute, the parties shall arrange a call with the Court to resolve it.

**D.     Records Discovery in PFS/DFS Group 1.**

Records discovery for **PFS/DFS Group 1** will proceed in accordance with the separate case management order relating to Joint Records Collection to be entered by the Court.

Upon receipt of a PFS, Defendants may commence immediately to obtain records for that Plaintiff pursuant to the provisions for the records vendor process.

**IV.     Discovery Group 1.**

**A.     Selection Process.**

By **December 10, 2024**, the parties shall exchange lists of fifteen (15) cases selected from **PFS/DFS Group 1**, selected in a manner consistent with the goal of identifying representative cases. The parties can each designate five (5) cases on those lists for automatic inclusion in **Discovery Group 1**.  After exchange of lists, the parties will meet and confer in an effort to identify from the exchanged lists the remaining five (5) additional cases that will be included in **Discovery Group 1.**  By **December 17, 2024**, the parties will complete their meet-and-confer process and submit to the Court a list of fifteen (15) cases they jointly recommend as **Discovery Group 1**.

On **December 17, 2024**, the parties shall file a joint submission identifying each of Plaintiffs' and Defendants' selections of cases, as well as all additional cases on which the parties have agreed for inclusion in **Discovery Group 1**.  If the parties are unable to agree upon all five (5) additional cases for **Discovery Group 1**, they shall on **December 17, 2024**, each submit to the Court via email to chambers their proposed list of additional cases to

include in **Discovery Group 1** with a memorandum in support of their selections. Within seven (7) business days of such submission, the parties may submit a response to the opposing party's memorandum regarding selection of cases. The Court will then select the remaining cases to be included in the fifteen (15) cases to constitute **Discovery Group 1**.

**Discovery Group 1** will be governed by a scheduling order and case management order that will be determined at the time the group is selected. The parties will meet and confer in an effort to agree upon such scheduling order.

**V.    Bellwether Group 1.**

**A.    Selection Process.**

The bellwether cases for trial will be selected from **Discovery Group 1**.

After having met and conferred, and by **April 7, 2025**, the parties shall exchange lists of six (6) proposed selections from **Discovery Group 1** for bellwether Plaintiffs and order of trials. The parties will meet and confer in an effort to agree upon a group of six cases to constitute **Bellwether Group 1**, which shall be done in a manner consistent with achieving the goal of proportionate identification of representative cases. If the parties are unable to agree on six cases, the parties shall, by **April 14, 2025**, file their proposed lists and a memorandum in support of their selections and in opposition, if applicable, to the opposing party's selections. Within seven (7) business days of such submission, the parties may file a response to the opposing party's memorandum regarding selection of cases. The parties propose that the Court then select the final group of six cases to form **Bellwether Group 1**.

**Bellwether Group 1** will be governed by a scheduling order and case management order that will be determined at the time the group is selected. The parties will meet and confer in an effort to agree upon such scheduling order with the goal of completing remaining case-specific discovery as close as possible to the completion of common-issue discovery.

/ / /

/ / /

**B.     Remedies for Diminishment of Discovery Group 1 and/or Bellwether Group 1.**

1.     Should Plaintiffs withdraw, settle, or dismiss a case from **Discovery Group 1**, such case will be replaced by a case from **PFS/DFS Group 1**.  The party that originally designated the eliminated case shall select the replacement.  However, if the eliminated case was one of the cases chosen by the Court, the Court will select the substitute cases from a list of four (4) cases nominated by the parties (two from Plaintiffs and two from Defendants).

2.     Should Plaintiffs withdraw, settle, or dismiss a case from **Bellwether Group 1**, such case will be replaced by a case from **Discovery Group 1**.  (But see CMO 6, ¶ II.G.)  The Court will select the substitute case from a list of two (2) cases nominated by the parties (one from Plaintiffs and one from Defendants).

**VI.     Future Discovery and Bellwether Groups.**

The Court does not intend to try more than 6 bellwether cases in this MDL.  The parties may raise issues concerning additional bellwether cases and trials if they deem additional cases warranted.

Dated this 2nd day of January, 2025.

David G. Campbell
Senior United States District Judge

8