**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| IN RE:  Bard Implanted Port Catheter Products Liability Litigation | MDL No. 3081<br><br>**SECOND AMENDED CASE MANAGEMENT ORDER NO. 8**<br><br>**PROFILE FORMS** |

On November 22, 2023, the Court entered Case Management Order No. 8 regarding the process for the use of Plaintiff Profile Forms and Defendant Profile Forms.  *See* Doc. 113.  In light of the addition of port reservoir claims to this MDL, *see* Doc. 366, the Court entered an Amended Case Management Order No. 8, *see* Doc. 477.  At the parties' request to address issues that have arisen with the Plaintiffs' Profile Forms, the Court enters this Second Amended Case Management Order No. 8.  The amendments are shown in **bold.**

The parties have agreed upon the use of an abbreviated Plaintiff Profile Form ("PPF") (the amended PPF approved by the Court is Exhibit 1 attached to this Order) and an abbreviated Defendants Profile Form ("DPF") (the DPF approved by the Court is Exhibit 2 attached to this Order).  Following the procedure below, the PPF and DPF shall be completed in each currently pending case and in all cases that become a part of this MDL by virtue of being filed in, removed to, or transferred to this Court on or after the date of this Order.

For any case filed in, removed to, or transferred to MDL 3081 on or before November 22, 2023, the Plaintiff shall submit a completed PPF and all accompanying records to Defendants within 45 days of November 22, 2023. *See* Doc. 113 at 1.

For any case filed in, removed to, or transferred to MDL 3081 after November 22, 2023, the Plaintiff shall submit a completed PPF and all accompanying records to Defendants within 30 days of filing the Short-Form Complaint.

For all PPFs submitted on or after March 15, 2024, Plaintiffs shall use the amended PPF.

If a Plaintiff submitted a PPF before March 15, 2024, and intends to allege a failure mode relating to the port body/reservoir, the Plaintiff shall submit an amended completed PPF to Defendants by May 1, 2024.  Nothing in this Order, however, alters a Plaintiff's Rule 26 duty to supplement the PPF.  If ongoing discovery reveals a failure mode after May 1, 2024, the Plaintiff shall amend the PPF.

Plaintiffs and Defendants shall use the MDL Centrality online system accessible at www.mdlcentrality.com/BardPort to complete and serve PPFs and DPFs, as follows:

(a) Each Plaintiff shall, by counsel or as *pro se*, establish a secure online portal with the MDL Centrality online system and obtain authorized usernames and secure login passwords to permit use of MDL Centrality by such counsel or Plaintiff. Except as set forth herein, counsel for a Plaintiff or each *pro se* Plaintiff shall be permitted to view, search, and download on MDL Centrality only those materials submitted by that Plaintiff and by Defendants relating to that Plaintiff only, and not materials submitted by or relating to other Plaintiffs.

(b) Defendants shall establish a secure online portal with the MDL Centrality online system and obtain authorized usernames and secure login passwords to permit use of MDL Centrality by Defendants' counsel.

(c) Plaintiffs' Co-Lead Counsel and attorney designees in the Plaintiffs' Leadership Committee ("PLC"), as appointed by Plaintiffs' Co-Lead Counsel, shall have

2

access to and be able to view, search, and download all materials submitted by all Plaintiffs and by all Defendants.

(d) Each Plaintiff and Defendants shall use MDL Centrality to obtain, complete, or upload data and serve the appropriate Profile Form online (including the upload of PDFs of documents required to be produced with the Profile Forms).

(f) Service of a completed Profile Form shall be deemed to occur when the submitting party has performed each of the steps required by MDL Centrality to execute the online submission of the materials and the submitting party has received confirmation on screen that the materials have been successfully submitted.    Immediately upon submission of a PPF by a Plaintiff, MDL Centrality shall send notification of the submission to Defendants at portppf-pfs@nelsonmullins.com and portppf-pfs@mccarter.com.    Immediately upon submission of a DPF by Defendants, MDL Centrality shall send notification of the submission to the Plaintiff's counsel of record at the email address(es) provided upon registration for MDL Centrality, with a copy to the PLC by operation of an email distribution list provided to MDL Centrality by Plaintiffs' Co-Lead Counsel.

(g) If a party must amend a previously served Profile Form, all subsequent versions must be named accordingly ("First Amended Plaintiff Profile Form," "Second Amended Plaintiff Profile Form," etc.), and all iterations of a party's Profile Form must remain available and accessible to all parties to a case through trial, appeal (if any), or other resolution of the litigation. Immediately upon submission of an amended PPF, MDL Centrality shall send notification of the submission to Defendants at portppf-pfs@nelsonmullins.com and portppf-pfs@mccarter.com. Immediately upon submission of an amended DPF, MDL Centrality shall send notification of the submission to the Plaintiff's counsel of record at the email address(es) provided upon registration for MDL Centrality, with a copy to the

PLC by operation of an email distribution list provided to MDL Centrality by Plaintiffs' Co-Lead Counsel.

(h) The Court may establish a secure online portal with the MDL Centrality online system and obtain an authorized username and secure login password to permit use of MDL Centrality by the Court.

(i) MDL Centrality should not be viewed as an alternate or supplemental docket in this case.  It shall be used for the collection and presentation of discovery material that would not normally be filed in the Court's docket, such as PPFs, DPFs, Plaintiff and Defendant fact sheets, privilege logs, and correspondence related to such discovery matters.  Any item that would ordinarily be filed in the Court's docket should be so filed.  The Court will not regularly review or monitor MDL Centrality. Doing so is the responsibility of defense counsel and Plaintiffs' leadership counsel.

The use of MDL Centrality by any party shall not alter or otherwise waive or affect any attorney-client privilege or work-product doctrine protection otherwise available. Any notations placed on materials, comments entered, or documents stored or uploaded to MDL Centrality by a user shall be considered to be the work product of such user unless and until the material is served on or purposefully disclosed to the opposing party through the use of MDL Centrality or otherwise.  Pursuant to Rule 502(d) of the Federal Rules of Evidence, this Order with respect to privilege and work-product doctrine protection applies to any other federal or state proceeding.

Each Plaintiff is required to provide Defendants with a PPF that is complete in all respects, answering every question in the PPF and producing all accompanying records, even if a Plaintiff can answer the question in good faith only by indicating "not applicable," "N/A," or "unknown."  The PPF shall be signed by the Plaintiff under penalty of perjury. If a Plaintiff is suing in a representative capacity, the PPF shall be completed by the person with legal authority to represent the estate or the person under legal disability.  A Plaintiff's spouse with a claim for loss of consortium shall also sign the PPF under penalty of perjury.

**<u>Amendment to CMO 8 to address electronic signatures:</u>**

**Every plaintiff who served his or her PPF on or after April 2, 2024, and whose PPF bears an electronic signature in the form *"/s/ Jane Doe"* shall serve (by upload to MDL Centrality) a supplemental PPF by February 14, 2025, that contains either: (1) A handwritten signature/verification of the plaintiff (2) a verified, secured electronic signature in a form similar to:**

additional information.

I declare under penalty of perjury that the information in this Plaintiff Profile Form is correct:

7/3/2024
Date

Signature of Plaintiff

**or (3) verification by counsel that the plaintiff reviewed and verified the PPF and signed it electronically.**

**Failure to serve a supplemental PPF shall result in possible sanctions. After February 14, 2025, Plaintiffs' Leadership and Defendants' counsel shall meet and confer to review the remaining PPFs to determine if any remain electronically signed without verification. Plaintiffs' Leadership shall follow up with those remaining plaintiffs. Any plaintiff who fails to comply with this Order by the March case management conference shall be required to show cause as to why his/her complaint should not be dismissed or he/she should not face other sanctions.**

**Any PPF served as of the date of this Second Amended CMO 8 shall bear either a handwritten signature, a secured electronic signature similar to that in the form above, or an electronic signature accompanied by a verification by counsel that the plaintiff reviewed the PPF before it was served.**

A completed PPF shall be considered interrogatory responses under Fed. R. Civ. P. 33 and responses to requests for production under Fed. R. Civ. P. 34 and will be governed by the standards applicable to written discovery under Federal Rules 26 and 37. The questions and requests for documents in the PPF shall be answered without objections. This

section does not prevent a Plaintiff from redacting information in produced documents based on a recognized privilege.  However, if such information is redacted or withheld on the basis of privilege, Plaintiff shall provide Defendants with a privilege log that complies with Fed. R. Civ. P. 26(b)(5) simultaneously with the submission of the PPF.

If a Plaintiff does not submit a PPF within the time specified in this Order, Defendants shall send a communication through MDL Centrality stating that Defendants may request dismissal during a regular case management conference if a PPF and the accompanying records are not received within 21 days.  Immediately upon submission of the communication, MDL Centrality shall send notification of the submission to the Plaintiff's counsel of record at the email address(es) provided upon registration for MDL Centrality, with a copy to the PLC by operation of an email distribution list provided to MDL Centrality by Plaintiffs' Co-Lead Counsel.  No further contact from Defendants is required.

If no PPF is received within 21 days of the date of the communication being sent and the Plaintiff fails to contact Defendants' counsel to explain why further time is needed to complete the PPF, Defendants may raise a request to dismiss during a regular case management conference.  Absent a showing of good cause for the failure to timely submit a PPF, the Plaintiff's case will be dismissed.  Defendants may apply for their reasonable attorneys' fees and expenses incurred in seeking dismissal.  No Plaintiff shall receive more than one extension to provide a PPF, absent written consent from Defendants.

If a Plaintiff serves a PPF that is not complete (including accompanying records requested), Defendants shall have 15 days from service of the incomplete PPF to identify deficiencies.  Defendants' counsel shall send a deficiency letter through MDL Centrality identifying the alleged deficiencies.  Immediately upon submission of the letter, MDL Centrality shall send notification of the submission to the Plaintiff's counsel of record at the email address(es) provided upon registration for MDL Centrality, with a copy to the PLC by operation of an email distribution list provided to MDL Centrality by Plaintiffs' Co-Lead Counsel.  The Plaintiff shall have 15 days from the date of the email to serve a complete PPF.  No further contact from Defendants is required.

If the Plaintiff fails to resolve the deficiencies and serve a complete PPF within the time allowed or fails to contact Defendants' counsel to explain why further time is needed to complete the PPF, Defendants may raise a request to compel a fully complete PPF during a regular case management conference.  Defendants may apply for their reasonable attorneys' fees and expenses incurred in seeking to compel a fully complete PPF.  No Plaintiff shall receive more than one extension to provide a fully completed PPF, absent written consent from Defendants.

### Amendment to Address Incomplete PPFs

**Since April 2, 2024, numerous plaintiffs have served PPFs and/or responded to PPF deficiencies served by Defendants indicating that they do not have information and/or that they "will supplement."  It is each plaintiff's obligation to comply with this Order, obtain the information required, or if that is not possible, explain why.  Each plaintiff who has not served a complete PPF by the date of this Order shall serve an amended and complete PPF on or before February 28, 2025, that fully complies with this Order, or if that is not possible, an explanation as to why.  Defendants shall provide Plaintiffs' leadership with its list of incomplete PPFs.  Plaintiffs' Leadership shall monitor the service of amended PPFs served and shall provide Defendants with a list of all amended PPFs served that are complete and a list of those that remain incomplete.  Defendants shall address any remaining deficiencies in the joint submission before the March case management conference.  Any plaintiff who fails to comply with this Order by the March case management conference shall be required to show cause as to why his/her complaint should not be dismissed or he/she should not face other sanctions.**

Within 45 days of receipt of a complete PPF, including accompanying records, the Defendants shall submit a completed DPF to the Plaintiff.  The completed DPF shall be sent via MDL Centrality.  Immediately upon submission of the DPF, MDL Centrality shall send notification of the submission to the Plaintiff's counsel of record at the email address(es) provided upon registration for MDL Centrality, with a copy to the PLC by operation of an email distribution list provided to MDL Centrality by Plaintiffs' Co-Lead Counsel.  The

parties agree that Defendants cannot comply with disclosure requirements of the DPF pertaining to manufacturing information and the Device History Record ("DHR") until the Plaintiff provides proof of the product code and lot number for the device at issue in the Plaintiff's case. The parties further agree that a Plaintiff shall not initiate the DPF deficiency processes described *infra* as to those required disclosures of the DPF until 45 days after such Plaintiff has provided Defendants with a completed PPF that sets forth the product code and lot number for the device at issue in such case.

A completed DPF shall be considered interrogatory responses under Fed. R. Civ. P. 33 and responses to requests for production under Fed. R. Civ. P. 34 and will be governed by the standards applicable to written discovery under Federal Rules 26 and 37. The questions and requests for documents in the DPF shall be answered without objections. This section does not prevent Defendants from redacting or withholding information based on a recognized privilege. However, if such information is redacted or withheld on the basis of privilege, Defendants shall provide the Plaintiff with a privilege log that complies with Fed. R. Civ. P. 26(b)(5) simultaneously with the submission of the DPF.

If Defendants do not submit a DPF within the time specified in this Order, the Plaintiff's counsel and/or Plaintiffs' Co-Lead Counsel shall send a communication through MDL Centrality stating that the Plaintiff may raise a request to compel if a substantially complete DPF is not received within 21 days. Immediately upon submission of the communication, MDL Centrality shall send notification of the submission to Defendants at portppf-pfs@nelsonmullins.com and portppf-pfs@mccarter.com. If no DPF is received within 21 days of the date of the email, the Plaintiff may raise a request to compel a DPF during a regular case management conference.

If Defendants serve a DPF that is not substantially complete, the Plaintiff shall have 15 days from service of the incomplete DPF to identify deficiencies. The Plaintiff's counsel and/or Plaintiffs' Co-Lead Counsel shall send a deficiency letter through MDL Centrality identifying the alleged deficiencies. Immediately upon submission of the letter, MDL Centrality shall send notification of the submission to Defendants at portppf-

pfs@nelsonmullins.com and portppf-pfs@mccarter.com.  Defendants shall have 15 days from the date of the email to serve a substantially complete DPF.  If Defendants fail to serve a substantially complete DPF within the time allowed or fail to contact the Plaintiff's counsel to explain why further time is needed to substantially complete the DPF, the Plaintiff may raise a request to compel a substantially complete DPF during a regular case management conference.

Dated this 21st day of January, 2025.

David G. Campbell
Senior United States District Judge