Rebecca L. Phillips (TX #24079136)
(Admitted Pro Hac Vice)
Lanier Law Firm
10940 W. Sam Houston Pkwy. N., Ste. 100
Houston, TX 77064
Phone: (713) 659-5200
Fax: (713) 659-2204
Email: rebecca.phillips@lanierlawfirm.com

Michael A. Sacchet (MN #0016949)
(Admitted Pro Hac Vice)
Ciresi Conlin LLP
225 S. 6th St., Ste. 4600
Minneapolis, MN 55402
Phone: (612) 361-8220
Fax: (612) 314-4760
Email: mas@ciresiconlin.com

Adam M. Evans (MO #60895)
(Admitted Pro Hac Vice)
Evans Law Firm, LLC
1201 NW Briarcliff Pkwy., Ste. 200
Kansas City, MO 64116
Phone: (816) 301-4089
Email: adam@evanslawkc.com

*Co-Lead Counsel for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| IN RE:  Bard Implanted Port Catheter Products Liability Litigation | MDL No. 3081<br><br>**PLAINTIFFS' SUR-REPLY TO DEFENDANTS' MEMORANDUM, DOC. 3507, REGARDING CASES FOR BELLWETHER GROUP 1** |

In response to Defendants' memorandum, Doc. 3507, Plaintiffs respectfully submit this brief sur-reply.[1]

---

[1] The parties filed simultaneous response memoranda on Wednesday, meaning, Plaintiffs believe, that Defendants' "sur-reply" would more properly be titled as a reply.  Thus, in responding, Plaintiffs have titled this sur-reply accordingly.

Plaintiffs must respond to Defendants' allegation that Plaintiffs "declined" to "correct the record" regarding Defendants' position in meet and confer that the statute of limitations applied in the *Davilman* and *Sorensen* cases. Defendants' counsel now state that they "do[] not recall" having made any such statement during meet and confer. As Plaintiffs informed Defendants when they raised the issue, Plaintiffs' counsel *do clearly recall* the statement. Plaintiffs' counsel in the meetings are united in that clear recollection. And the memory is strong, as the premise was both foundational to negotiations and was raised multiple times.

In one such exchange, Ms. Phillips expressed concern that Defendants would raise a statute argument in each of their infection cases other than *Cook* (*Davilman* and *Sorensen*) and that, if they were successful, the parties would gain little information. Defendants, via Mr. North, responded, "Yes," but adding that Defendants believed such statute information would assist the parties. When asked how, he added, vaguely, that Your Honor had selected a statute case in IVC and that it provided "settlement" information. Plaintiffs stated their position that, even if that information were somehow helpful, two statute cases would be duplicative, and Plaintiffs ultimately suggested in negotiations that Defendants select only *one* of *Davilman* or *Sorensen* in addition to their other infection case, *Cook*.

It was on this basis that Ms. Phillips reported to the Court at the last CMC— and was not "corrected"—that:

> Plaintiffs believe that [D]efendants are intent on selecting an infection case that will be subject to the statute of limitations. They will argue it is subject to the statute of limitations. Whether they will be successful on that argument or not remains to be seen.

It was obviously part, but not all, of the impetus for selecting a seventh bellwether case—a second fracture case that Defendants seem to want to avoid.

In sum, the fact that "Defendants' counsel does not recall" taking a position regarding *Sorensen*'s statute of limitations, or, alternatively, that Defendants'

position regarding *Sorensen* has now changed, does not alter the actual statements that preceded.  Any correction needed as to Defendants' statements was Defendants' responsibility alone.

Plaintiffs take Defendants' newly expressed position to mean two things: a) that Defendants *do* believe there is a statute issue with *Davilman* and b) that Defendants are waiving any statute argument with respect to *Sorensen.*  Plaintiffs obviously dispute any statute issues.  Plaintiffs stand by their position that neither case should be included in the trial pool for the reasons set forth in their response submission.

Dated: May 9, 2025                                   Respectfully submitted,

/s/ Rebecca L. Phillips
Rebecca L. Phillips (TX #24079136)
(Admitted Pro Hac Vice)
Lanier Law Firm
10940 W. Sam Houston Pkwy. N., Ste. 100
Houston, TX 77064
Phone: (713) 659-5200
Fax: (713) 659-2204
Email: rebecca.phillips@lanierlawfirm.com

/s/ Michael A. Sacchet
Michael A. Sacchet (MN #0016949)
(Admitted Pro Hac Vice)
Ciresi Conlin LLP
225 S. 6th St., Ste. 4600
Minneapolis, MN 55402
Phone: (612) 361-8220
Fax: (612) 314-4760
Email: mas@ciresiconlin.com

/s/ Adam M. Evans
Adam M. Evans (MO #60895)
(Admitted Pro Hac Vice)
Evans Law Firm, LLC
1201 NW Briarcliff Pkwy., Ste. 200
Kansas City, MO 64116
Phone: (816) 301-4089
Email: adam@evanslawkc.com

**Co-Lead Counsel for Plaintiffs**