# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Bard Implanted Port Catheter Products Liability Litigation | MDL No. 3081 <br><br> **CASE MANAGEMENT ORDER NO. 35** <br><br> **(Bellwether Group 1 Cases)** <br><br> (Applies to All Actions) |

The parties have filed memoranda regarding the selection of bellwether cases. Docs. 3293-94, 3503-04, 3507, 3509. For reasons stated below, the Court selects the following six cases for bellwether trials, along with one alternate case:

- Wanda Miller, 24-cv-00612
- Robert Cook, 23-cv-01975
- Judy Hicks, 23-cv-01703
- Kimberly Divelbliss, 23-cv-01627
- May Lattanzio, 24-cv-00680
- Lloyd Sorensen, 23-cv-02557
- Alternate: Peter James, 23-cv-02669

**I.    Background.**

Case Management Orders ("CMOs") 10 and 32 required the parties, by April 21, 2025, to meet and confer in an effort to agree on six cases for Bellwether Group 1, with the

1

goal of choosing cases representative of the general range of cases in this MDL. Docs. 2128 at 7, 2897 at 2. If the parties were unable to agree on six cases, they were required to file memoranda supporting their respective selections by April 28, 2025, with response memoranda due May 5, 2025. *Id.* The Court would then select the final group of six cases bellwether cases. Doc. 2128 at 7.

The parties agreed on only two cases in their initial discussions – Miller and Cook. Docs. 3293 at 1-2, 3294 at 1-2. The selection process was discussed at a case management conference on May 1, 2025, and the Court tentatively concluded that, to be representative and proportional to the range of cases in the MDL, the six bellwether cases should include: (a) three infection cases, two thrombus cases, and one fracture case; (b) four polyurethane cases, one Groshong case, and one silicone case; and (c) one surgery case. The Court based these tentative parameters on case statistics. *See* Doc. 3293 at 3-4 (MDL cases includes 75% polyurethane, 10% Groshong, 9% silicone; 55% infection, 30% Thrombus, 16% fracture; 8% surgery). With this guidance in mind, the parties were directed to confer again and attempt to reach agreement on the six bellwether cases, and to file their respective response memoranda by May 7, 2025. Doc. 3466 at 3 (CMO 34). The Court also concluded at the case management conference that one alternate case should be selected for possible replacement of any bellwether case that drops out for some reason, such as through granting summary judgment on statute of limitations.

The parties subsequently agreed on three bellwether cases – Miller, Cook, and Hicks – and filed response memoranda on their remaining differences. Docs. 3503-04. With leave of Court, each side also filed reply briefs. Docs. 3507, 3509.

**II.   Discussion.**

   **A.   Agreed-Upon Bellwether Group 1 Cases – Miller, Cook, and Hicks.**

The Court agrees with the parties' proposal that the following cases be part of Bellwether Group 1: Miller, 24-cv-00612 (polyurethane, thrombus); Cook, 23-cv-01975 (polyurethane, infection); and Hicks, 23-cv-01703 (polyurethane, thrombus). *See* Docs. 3503 at 2-3, 3404 at 2.

### B. Court Selections – Divelbliss, Lattanzio, and Sorensen.

#### 1. Divelbliss.

Divelbliss involves subclavian placement of a Groshong catheter. Docs. 3294 at 9, 3504 at 9. It represents an important subset of fracture cases where Defendants assert that catheter failure can be caused by pinch-off syndrome or substandard care on the part of the implanting physician. *Id.* Divelbliss also raises a key issue of the adequacy of Defendants' warnings regarding subclavian placement and pinch-off syndrome. *Id.* Additionally, Divelbliss is a surgery case and represents one of the few high-value cases proposed by Plaintiffs. *Id.* Although outstanding discovery remains (*see* Doc. 3405 at 6), the parties will have ample time to complete discovery if Divelbliss is one of the later-tried bellwether cases.

#### 2. Lattanzio.

Lattanzio is representative of the large class of infection cases in the MDL and is the only proposed non-Groshong silicone case in Discovery Group 1. Silicone cases should be represented in the bellwether trials because they make up about 9% of the MDL cases. Docs. 3294 at 10, 3503 at 3.

#### 3. Sorensen.

Sorensen is a polyurethane and infection case that involves port removal and treatment of the infection, which represents the majority of cases in the MDL. Doc. 3503 at 9. Sorensen also involves meaningful damages for infection cases given the lengthy hospitalization (six weeks). *Id.* Defendants have made clear that they proposed Sorensen in part because it is not one of the cases with a statute of limitations issue. Doc. 3507 at 2.

### C. Alternate Bellwether Group 1 Case – James.

James is a Groshong fracture case involving intravenous retrieval of the fragment, which is most representative of the surgery cases. Docs. 3294 at 10, 3503 at 4-5. Selecting James as the alternate ensures that at least one Groshong and fracture case will be tried.

/ / /

/ / /

### D. Other Cases Proposed by the Parties – Davilman, Sanders, and Sours.

The Court finds that the other cases proposed by the parties are not as representative: (1) Davilman, 24-cv-00211, involves the same device as Cook (ChronoFlex) and presents a statute of limitations issue, *see* Doc. 3504 at 5-6; (2) Sanders, 24-cv-00568, involves a Silk catheter sold by Defendants for a very limited period of time, representing less than 1% of cases in the MDL (7 silk cases out of more than 1,400 thus far), *see* Doc. 3503 at 4; and (3) Sours, 23-cv-01706, is another Groshong case that involves multiple surgeries and a complex medical history, *see* Doc. 3503 at 7.

### III. Representativeness.

These six cases satisfy the initial criteria identified by the Court as most representative and proportional: (a) three infection cases, two thrombus cases, and one fracture case; (b) four polyurethane cases, one Groshong case, and one silicone case; and (c) one surgery case. The Court also notes that Lattanzio, which was proposed by Defendants in their response memo, was proposed by Plaintiffs in their initial memo (Doc. 3294 at 2), and James, which was proposed by Defendants as a bellwether case, was proposed by Plaintiffs as an alternate. Docs. 3503 at 2, 3504 at 10.

**IT IS ORDERED** that the following cases form Bellwether Group 1: Wanda Miller, 24-cv-00612; Robert Cook, 23-cv-01975; Judy Hicks, 23-cv-01703; Kimberly Divelbliss, 23-cv-01627; May Lattanzio, 24-cv-00680; Lloyd Sorensen, 23-cv-02557. The parties should confer before the next case management conference and agree upon the order in which these cases are to be tried. The alternate selected for possible consideration in the future is Peter James, 23-cv-02669.

Dated this 12th day of May, 2025.

David G. Campbell
Senior United States District Judge