# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Bard Implanted Port Catheter Products Liability Litigation | MDL NO. 3081<br><br>**AMENDED CASE MANAGEMENT ORDER NO. 33**<br><br>**(Bellwether Group 1 Scheduling Order)** |

Pursuant to Amended Case Management Order (CMO) 10 and CMO 31 (Docs. 2128, 2669), the Court entered CMO 33 (Doc. 2937) regarding discovery and motion practice specific to the cases in Bellwether Group 1. The parties move to amend certain deadlines in Section V of CMO 33 regarding case-specific experts. Doc. 3863. For good cause shown, the motion is **granted**. The new deadlines are set forth below in **bold**.

**I.    DEPOSITION PROTOCOLS GENERALLY**

   A.   CMO 21 (Doc. 617) shall apply to Bellwether Group 1.

   B.   The additional protocols of this CMO shall also apply to Bellwether Group 1.

**II.   FACT WITNESS DEPOSITIONS PERMITTED**

   A.   Commencing three (3) days after the selection of the Bellwether Group 1 cases, the Parties may each take not more than five depositions of case-specific fact (non-expert) witnesses in each case that is part of Bellwether Group 1. These depositions may include Bard present or former employees or Plaintiffs' friends and family only if the depositions will likely produce

1

probative evidence that could not reasonably have been obtained during general discovery or during the discovery conducted for Discovery Group 1. Before proceeding with a deposition of those categories of witnesses, the parties should meet and confer about whether the deposition is appropriate under this provision. If no agreement is reached, the parties will raise the issue with the Court for resolution.

B. The parties may exceed this number by mutual agreement or Order of the Court.

C. The parties shall make a good faith effort to identify the relevant fact witnesses they intend to depose in each case in accordance with Section II.A., above, and exchange lists of those witnesses by **June 16, 2025**.

D. Thereafter, the parties shall make a good faith effort, on a rolling basis, and in accordance with Section II.A., above, to identify any additional relevant witnesses they intend to depose, as soon as those witnesses become known to them or they determine the need to depose the witnesses.

E. Should either party object to the taking of a deposition proposed by the other party, including objecting that one or more of the identified case-specific depositions are disproportionate to the needs of the case (even if the requesting party has not exceeded the numerical limitation set forth in Section II.A., above), the parties will meet and confer on that issue, and failing resolution, shall notify the Court of their need for a ruling on the propriety of deposing such witness(es).

F. Examination of treating physicians.

1. By no later than five (5) days following the selection of Bellwether Group 1, Plaintiffs shall supplement the list they provided pursuant to Section II.B.1 of CMO 29 (Doc. 2218) of physicians whom they have a good faith belief they would call as witnesses in their case-in-chief for each Bellwether Group 1 case. By no later than ten (10) days

2

|     |     |     |
| --- | --- | --- |
|     |     | thereafter, Defendants shall supplement the list they provided pursuant to Section II.B.1 of CMO 29 of physicians not identified by Plaintiffs whom Defendants have a good faith belief they would call in their case-in-chief for each Bellwether Group 1 case. |
|     | 2.  | For any physician deposed in Bellwether Group 1: |
|     | a.  | Plaintiffs' counsel shall be the first examiner for any physician Plaintiffs identified in response to Section II.B.1 of CMO 29, or they have identified timely under Section II.F.1 of this CMO; and |
|     | b.  | Defendants' counsel shall be the first examiner for any physician Defendants identified in response to Section II.B.1 of CMO 29 or they have identified timely under Section II.F.1 of this CMO, when that physician has not already been identified by Plaintiffs pursuant to the same. |

### III. PROTOCOLS RELATING TO TREATING PHYSICIANS

#### A. Ex Parte Communications with Treating Physicians

1. Defendants are prohibited from communicating ex *parte* with Plaintiffs' treating physicians, except that staff members and paralegals of the law firms representing Defendants may contact the physicians' offices for the sole purpose of scheduling those depositions in which they are the first examiner, pursuant to Section II.F.2.b., above, or where the parties agree that Defendants may contact the physicians' offices for the purpose of scheduling.

2. Plaintiffs' counsel may communicate ex *parte* with treating physicians.

#### B. Disclosure of Documents Prior to Depositions of Treating Physicians

1. If Plaintiffs' counsel has communicated *ex parte* with a treating physician who will be deposed, Plaintiffs' counsel shall identify by

3

production bates number (or by providing a copy if no such bates numbers exist) to opposing counsel all documents provided, shown, read from, or otherwise specifically described to the witness, other than the physician's records of treatment, at least five (5) days prior to the deposition, those five days to include and count weekends and holidays.

2. For *ex parte* meetings with a physician that take place less than five (5) days prior to the deposition:

   a. at least 24 hours prior to the meeting, counting weekends and holidays, Plaintiffs' counsel shall identify by production bates number (or by providing a copy if no such bates numbers exist) to opposing counsel all documents they intend to provide, show, read from, or otherwise specifically describe to the witness, other than the physician's records of treatment;

   b. as soon as practicable after the meeting, Plaintiffs' counsel shall disclose to opposing counsel all documents that were actually provided, shown, read from, or otherwise specifically described to the witness, other than the physician's records of treatment.

3. At least five (5) days, counting weekends and holidays, prior to a physician deposition, all examining counsel shall provide to opposing counsel and deponent's counsel copies of documents that may be shown to the witness during the deposition or about which counsel expects to examine a deponent, other than the physician's records of treatment. The obligations of this section include the good faith representations of counsel to identify only those documents actually intended to be utilized during the deposition, not to exceed 40 in number.

4

## IV. EXPERT WITNESS DEPOSITIONS

A. The parties may take the depositions of all case-specific expert witnesses disclosed for Bellwether Group 1 cases, limited to their case-specific opinions if those witnesses are also experts previously disclosed as general MDL experts.

## V. BELLWETHER GROUP 1 SCHEDULE

| Action | Date/Deadline |
|---|---|
| Plaintiffs' case-specific expert disclosures | ~~July 2, 2025~~ **August 4, 2025** |
| Defendants' case-specific expert disclosures | ~~July 30, 2025~~ **August 29, 2025** |
| Case-specific rebuttal expert disclosures | ~~August 22, 2025~~ **September 22, 2025** |
| Case-specific expert depositions begin | ~~August 25, 2025~~ **September 23, 2025** |
| Completion of case-specific fact witness depositions | September 19, 2025 (unchanged) |
| Completion of case-specific expert depositions | ~~October 3, 2025~~ **October 23, 2025** |
| Case-specific motions to exclude experts and motions for summary judgment | October 28, 2025 (unchanged) |
| Responses to case-specific motions | November 25, 2025 (unchanged) |
| Replies to case-specific motions | December 9, 2025 (unchanged) |

## VI. TRIAL DEPOSITIONS

A. For good cause shown, and either by stipulation of the Parties or order of the Court, trial preservation testimony of previously deposed witnesses will be permitted.

Dated this 12th day of June, 2025.

*David G. Campbell*
David G. Campbell
Senior United States District Judge

5