1   Alex Barlow (TX # 24006798)
    (Admitted Pro Hac Vice)
2   Scott & Scott
    7718 Wood Hollow Dr., Ste. 105
3   Austin, TX 78731
    Phone: (512) 337-8432
4   Fax: (512) 727-3432
    Email: abarlow@scott-scott.com
5
    Rebecca L. Phillips (TX #24079136)
6   (Admitted Pro Hac Vice)
    Lanier Law Firm
7   10940 W. Sam Houston Pkwy. N., Ste. 100
    Houston, TX 77064
8   Phone: (713) 659-5200
    Fax: (713) 659-2204
9   Email: rebecca.phillips@lanierlawfirm.com
10
    Michael A. Sacchet (MN #0395817)
11  (Admitted Pro Hac Vice)
    Ciresi Conlin LLP
12  225 S. 6th St., Ste. 4000
    Minneapolis, MN 55402
13  Phone: (612) 361-8220
    Fax: (612) 314-4760
14  Email: mas@ciresiconlin.com

15  *Co-Lead Counsel for Plaintiffs*

16

17              **IN THE UNITED STATES DISTRICT COURT**

18               **FOR THE DISTRICT OF ARIZONA**

19

| | |
|---|---|
| 20  IN RE: Bard Implanted Port Catheter Products Liability Litigation | MDL No. 3081 |
| 21 | |
| 22 | **JOINT MEMORANDUM RE ISSUES TO BE ADDRESSED AT THE SEPTEMBER 18, 2025 CASE MANAGEMENT CONFERENCE** |
| 23 | |
| 24 | (Applies to All Actions) |
| 25 | |

26

27

28

ME1\57825665.v1

Pursuant to Case Management Order No. 38 ("CMO 38"), the Parties submit this Joint Memorandum in advance of the Case Management Conference ("CMC") scheduled for September 18, 2025. *See* Doc. 4738, at 1.

**I.      Case Statistics**

There are 2,169 cases pending in the MDL. 80 cases have been dismissed from the MDL.

**II.      State-Court Litigation**

There are 146 cases pending in the New Jersey MCL centralized before the Honorable Gregg A. Padovano.

There are 21 cases pending in the Superior Court of Maricopa County and consolidated before the Honorable Timothy J. Ryan. Scheduling orders have been entered in nine cases, and initial disclosures have been exchanged and discovery has begun in 14 cases. The first trial is currently set for August 3, 2026.

**III.      Discovery**

The Parties provide the Court with updates regarding: (A) common-issue fact witness depositions; (B) common-issue expert witness depositions; (C) case-specific fact witness depositions; (D) case-specific treater depositions; (E) case-specific expert witness depositions; and (F) case-specific written discovery.

**A. Common-Issue Fact Witness Depositions**

As the Court is aware, Defendants' Rule 30(b)(6) deposition of Dow was delayed by Dow's Motion to Quash. The 30(b)(6) deposition of Dow was completed on August 20, 2025. All common-issue fact witness depositions have been completed, and the Parties have no issues regarding common-issue fact witness depositions to address with the Court at this time.

**B. Common-Issue Expert Witness Depositions**

All common-issue expert witness depositions have been completed, and the Parties have no issues regarding common-issue expert witness depositions to address with the Court at this time.

ME1\57825665.v1

### C.  Case-Specific Fact Witness Depositions

Depositions of fact witnesses are to be completed by September 19, 2025 for all Bellwether Group 1 cases, Doc. 2937, at 5, except for the Divelbliss case in which the deadline is December 18, 2025, Doc. 3787, at 2. All fact witness depositions are expected to be completed timely, and the Parties have no issues regarding Bellwether Group 1 fact witness depositions to address with the Court at this time.

### D.  Case-Specific Treating Physician Depositions

Depositions of treating health care providers are to be completed by September 19, 2025 for all Bellwether Group 1 cases, Doc. 2937, at 5, except for the Divelbliss case in which the deadline is December 18, 2025, Doc. 3787, at 2. Aside from the potential impact of issues concerning the Parties' access to complete medical records for certain health care providers as discussed in Sections V.F.a and V.F.b below, the Parties have no additional issues regarding Bellwether Group 1 treating physician depositions to address with the Court at this time.

### E.  Case-Specific Expert Witness Depositions

Depositions of case-specific expert witnesses are to be completed between September 23 and October 23, 2025 for all Bellwether Group 1 cases, Doc. 2937, at 5, except for the Divelbliss case in which depositions are to be completed between November 24, 2025 and January 2, 2026, Doc. 3787, at 2. The Parties are working cooperatively to schedule these depositions so that they may be completed timely and have reached an agreement on time limits for case-specific expert depositions. The Parties have no issues regarding Bellwether Group 1 case-specific expert witness depositions to address with the Court at this time.

### F.  Case-Specific Written Discovery

#### a.  <u>Dr. Dim's Production of Medical Records for Plaintiff Divelbliss</u>

ME1\57825665.v1

### i. **Plaintiffs' Position**

Although Plaintiffs have made many attempts to contact Dr. Dim to obtain outstanding medical records and/or an affidavit that none exist, to date, Dr. Dim has not been responsive to those attempts.  On August 28, Defendants confirmed that they are primarily seeking:

- A March 2016 EKG and any corresponding office notes;
- Pacemaker interrogation data from ten dates;
- Medical records associated with two office visits for which billing records but for which no visit records have been produced; and
- An updated records custodian affidavit.

Plaintiffs continue to believe that all of those items can be obtained (or else an affidavit obtained that the items do not exist) and quickly.  Dr. Dim has a heavy clinical practice and a history of being slow to respond to Plaintiffs' requests, although he eventually does respond and is cooperative.  Plaintiffs will continue seeking the records with urgency, as their own expert reports are due on September 30.

### ii. **Defendants' Position**

As reported during the August Case Management Conference, Defendants have had difficulties obtaining pertinent medical records from Plaintiff Divelbliss's primary treating cardiologist Dr. Dim. While no medical records from Dr. Dim have been received since the August Case Management Conference, the Parties are working cooperatively to obtain the outstanding records from Dr. Dim. Defendants requested an update from the Plaintiffs by September 12, 2025. At this time, there is no need for Court intervention.

### b. **Redaction of Plaintiff Judy Hicks' Medical Records**

Following the Parties' agreement that Plaintiff would correct the improper redactions, Defendants received several amended privilege logs along with updated sets of Plaintiff Hicks' medical records containing fewer redactions. Plaintiff asserts

4

that the improper redactions are now corrected. Defendants' review of those privilege logs and corresponding record productions is ongoing, but no relief is sought at this time.

## IV.    Plaintiff Profile Forms

### A. Plaintiffs' Position

#### a. Delinquent PPFs

Plaintiff leadership has reached out to all counsel who represent the plaintiffs Defendants have identified as having delinquent PPFs. As indicated in the table below, Plaintiffs have since served PPFs for some of these cases or have indicated one will be uploaded soon. Plaintiff provides the following updates:

| Plaintiff / Case Name | Case Number | Plaintiffs' Response |
|---|---|---|
| Waters, Julie | 2:25-cv-00307 | Follow up to counsel made; response pending |
| Morton, Kevin | 2:25-cv-00488 | **PPF served 09/12/25** |
| Bogan, Sr., Marquette Dewayne (PR Angela) | 2:25-cv-00861 | **PPF served 09/12/25** |
| Bryant, Laurie | 2:25-cv-02057 | Plaintiff counsel uploaded responsive medical records to MDL-Centrality on 09/15/25. PPF pending; counsel indicated it would be served by 09/16/25. |
| Beath, Helen (PR Marlan Bonin) | 2:25-cv-02206 | Plaintiff counsel uploaded responsive medical records to MDL-Centrality on 09/15/25. PPF pending; counsel indicated it would be served by 09/16/25. |

ME1\57825665.v1

| Stinson, Leila | 2:25-cv-02353 | Plaintiff counsel uploaded responsive medical records to MDL-Centrality on 09/15/25. PPF pending; counsel indicated it would be served by 09/16/25. |
| Williams, Erica | 2:25-cv-02381 | **PPF served 09/11/25** |
| Wilson, Barbara (PR Deandra Aguiar) | 2:25-cv-02435 | Follow up to counsel made. Plaintiff counsel is having issues getting in contact with the client. |
| Blackburn, Robin | 2:25-cv-02525 | Follow up to counsel made. Plaintiff counsel has indicated they will upload a PPF by 09/16/25. |
| Lillehei, Jennifer | 2:25-cv-02524 | Follow up to counsel made. Plaintiff counsel is having issues getting in contact with the client. |

### b. Deficient PPFs

Plaintiffs' Leadership has reached out to counsel representing Ms. Wells about the Defendants' PPF deficiency allegations and plaintiffs' counsel's follow-up letter indicating that the case would be dismissed. Plaintiff Leadership has not yet heard back but will work with this attorney and Defendants to ensure the matter is resolved.

### c. Incomplete PPFs

Plaintiffs disagree with Defendants' contention that there are a seemingly large number of what they allege are "incomplete" PPFs in the MDL where plaintiffs have said they will supplement certain information. However, Plaintiffs are willing and will continue to work with Defendants to resolve any issues.

6

**B. Defendants' Position**

 **a. Delinquent PPFs**

  At the time of filing, the plaintiffs below failed to serve a PPF within the time prescribed in Second Amended CMO 8. (*See* Doc. 2369 (Second Amended CMO 8); Doc. 113 (CMO 8)). Second Amended CMO 8 provides that absent a showing of good cause for failure to timely submit a PPF, the plaintiff's case will be dismissed. (Doc. 2369 at 6; Doc.113 at 5). To date, the Plaintiffs in the chart below have not served a PPF. Defendants seek an order to show cause as why the Complaints filed by these Plaintiffs should not be dismissed. (*See* Doc. 2369 at 6; Doc. 113 at 5).

| Plaintiff | Civil Action Number | PPF Due Date | Delinquency Letter Attached as Exhibit | Plaintiff's Response Due Date |
|---|---|---|---|---|
| Waters, Julie | 2:25-cv-00307 | 03/03/2025 | 08/18/2025 (Exhibit 1) | 09/08/2025 |
| Jackson, Heather | 2:25-cv-00489 | 03/17/2025 | 08/18/2025 (Exhibit 2) | 09/08/2025 |
| Bryant, Laurie | 2:25-cv-02057 | 07/14/2025 | 08/01/2025 (Exhibit 3) | 08/22/2025 |
| Beath, Helen (D) (PR Marlan Bonin) | 2:25-cv-02206 | 07/28/2025 | 08/04/2025 (Exhibit 4) | 08/25/2025 |
| Stinson, Leila | 2:25-cv-02353 | 08/06/2025 | 08/22/2025 (Exhibit 5) | 09/12/2025 |
| Wilson, Barbara C. (D) (PR Deandra Aguiar) | 2:25-cv-02435 | 08/11/2025 | 08/22/2025 (Exhibit 6) | 09/12/2025 |
| Lillehei, Jennifer Northrup | 2:25-cv-02524 | 08/18/2025 | 08/22/2025 (Exhibit 7) | 09/12/2025 |

 **b. Susan Wells (2:25-cv-02563)**

  On July 22, 2025, the administrator of the estate of Susan Wells filed a Short Form Complaint ("SFC") on behalf of Ms. Wells that does not identify a Bard port. *See* Exhibit 8 at § IV (Wells' SFC). Thereafter, on August 18, 2025, a deficient

1  profile form was submitted on behalf of Ms. Wells that likewise does not identify a
2  Bard port. On September 2, 2025, Defendants served a PPF deficiency letter. *See*
3  Exhibit 9 (Wells' Deficiency Letter). In response to the deficiency letter, Defendants
4  received a letter from plaintiff's counsel indicating that he made the decision to
5  discontinue representation of Ms. Wells based on his determination that the case
6  "does not meet the eligibility requirements for the claim to proceed" in this MDL.
7  *See* Exhibit 10 (Wells' Response). To date, no medical records have been submitted
8  on behalf of Ms. Wells. Accordingly, Defendants request that the Court issue an
9  Order to show cause as to why Ms. Wells' lawsuit should not be dismissed.

10           c.  **Incomplete PPFs**

11         Defendants remained concerned about the increasing number of incomplete
12  PPFs based on plaintiffs indicating that they "will supplement" (and have not) or
13  that they have "produced all the records" they have. Defendants have reached out
14  to Plaintiffs Leadership to meet and confer about this and will address any
15  unresolved issues at the next Case Management Conference.

16  **V.   Defendant Profile Forms**

17       **A. Plaintiffs' Position**

18           a.  **Otzenberger, Ann – Verified Interrogatory Answer required by**
19               **CMO No. 38**

20         In Case Management Order No. 38, the Court ordered Defendant to submit
21  a verified interrogatory response *under oath* pursuant Federal Rule of Civil
22  Procedure 33(b)(3) that it has been unable to identify sales representative
23  information in the Ann Otzenberger case, Case No. 25-cv-00149. (CMO No. 38,
24  Dkt. 4738, ¶ 4, 08/18/25).  The Defendant Profile Form Section II.B. represented,
25  and Defendants made statement to the Court at the last case management conference
26  hearing representing, that this information could not be found due to the passage of
27  time and how long ago Ms. Otzenberger's implant was in 2011.

28

ME1\57825665.v1

On August 22, 2025, Defendant filed an interrogatory response in the Otzenberger matter. (Exh. 14). While the interrogatory response stated that Defendants have been unable to locate the requested information, the attached "Verification" produced by Defendant was flawed as it contained broad, limiting language that essentially rendered the answer unconfirmed and unverified. *Id.* Plaintiff will attempt to work with Defendant prior to the upcoming case management conference set for September 18, 2025 to see if these issues can be resolved. If they cannot, Plaintiff requests that the Court order Defendants to issue an updated verification that corrects these issues and confirms the information the Court ordered it to verify.

**b. <u>Overdue Complaint File Deficiencies – DPF Section V(2)</u>**

Defendants have failed to provide responsive information to Section V(2) of the DPFs produced in several cases. The table below identifies cases where this information has been overdue for at least 60 days following the date when Defendants' original DPF was due:

| Plaintiff Name | Case Number | Original Date Due |
|---|---|---|
| 1.  Jennifer Hrdina | 2:25-cv-1057 | 06/16/2025 |
| 2.  Brittany Detrick | 2:25-cv-0924 | 06/05/2025 |
| 3.  Wendy Thomas | 2:25-cv-1359 | 07/06/2025 |
| 4.  Gene Vigil | 2:25-cv-1341 | 07/06/2025 |
| 5.  Olga Melendez Aponte | 2:25-cv-1303 | 06/12/2025 |

Plaintiffs request the Court order Defendants to produce the Complaint Files and complete responsive information to DPF Section V(2) for the above-listed cases within 30 days, or by the time of the next CMC, whichever is sooner.

**B. Defendants' Position**

**a. <u>Otzenberger, Ann – Verified Interrogatory Answer</u>**

ME1\57825665.v1

1    In Case Management Order No. 38 (Doc. 4738), the Court directed
2  Defendants in the **Otzenberger** case to "submit to Plaintiffs a verified interrogatory
3  answer under Federal Rule of Civil Procedure 33(b)(3) stating, under oath, that
4  Defendants have been unable to identify the missing sales representative
5  information after a diligent search." Defendants did precisely that on August 22,
6  2025. Plaintiffs admit that Defendants did exactly what the Court directed, but then
7  allege in the Joint Memorandum that the "'Verification' produced by Defendant was
8  flawed." Plaintiffs' first draft of the Joint Memorandum, exchanged nearly three
9  weeks after Defendants served the verified interrogatory, was the first time Plaintiffs
10 raised any concerns with the verification.

11    First, Plaintiffs complain – without further explanation – that the verification
12 contains "broad, limiting language." Contrary to Plaintiffs' characterization,
13 however, the verification merely reiterates what Defendants have consistently stated
14 first in the original Profile Form, then in the discussion of the issue at the last case
15 management conference, and finally in the interrogatory response itself.
16 Specifically, the verification points out once again that the response is "necessarily
17 limited by the records and information still in existence." It is difficult to understand
18 how that acknowledgement renders the response "unconfirmed and unverified", as
19 Plaintiffs maintain. The verification goes on to note that Defendants will revise the
20 response if errors are discovered or "more accurate information" becomes available.
21 That statement simply acknowledges Defendants' duty to supplement the response
22 under Fed. R. Civ. P. 26(e)(1)(A), which requires supplementation if a party
23 discovers a response is "incomplete or incorrect."

24    Second, Plaintiffs complain that the response was "not notarized or signed
25 under oath." That allegation overlooks 28 U.S.C. sec. 1746. Under that statute,
26 whenever a party is obligated by "rule, regulation, order, or requirement made
27 pursuant to law" to provide a sworn declaration or provide an oath, the party may
28 instead provide an "unsworn declaration" or "statement" reciting certain language.

ME1\57825665.v1

1  The statute specifically permits the person attesting to the matter to "declare under
2  penalty of perjury" that the information is "true and correct." Such a statement has
3  "like force and effect" as a sworn declaration or oath. That is precisely the language
4  utilized by Defendants in the verification of the interrogatory response at issue here.

5          **b.  Complaint Files**

6        In their initial draft of the Joint Memorandum, Plaintiffs identified eight
7  complaint files which they claim have been "overdue" for 60 days or more.
8  Coincidentally, four of the eight files listed by Plaintiffs had been received by
9  Defendants' counsel earlier that same week. Those files have now been produced to
10 Plaintiffs. Three more of the eight were received by Defendants' counsel on Friday,
11 and were promptly produced to Plaintiffs. Defendants will produce the one
12 remaining complaint file (Jennifer Hrdina) from the original list within 30 days.

13       At 4:27 p.m. (EDT), on the date this submission was due to be filed, Plaintiffs
14 added four more complaint files for the first time. Defendants are investigating the
15 status of those files.

16       Defendants are committed to continuing in their efforts to reduce the backlog
17 of complaint files.

18 **VI.    Inadequately Pleaded Complaints**

19       **A. Plaintiffs' Position**

20       Plaintiff Leadership learned for the first time in the joint memo exchange that
21 Defendants are concerned about an alleged "proliferation" of cases being filed
22 without product ID.  After the joint memo deadline for adding new information,
23 Defendants added new information and removed other information to their section
24 on this issue; Plaintiffs have not had the opportunity to respond.

25       On top of failing to alert leadership about the issue, meet and confer, or give
26 the Parties reasonable time to resolve concerns, Defendants' position fails to take
27 into account several things:  1) the Parties' early agreement regarding the interaction
28 between Short Form Complaints ("SFC") and Plaintiff Profile Forms ("PPF"),

ME1\57825665.v1

1   which has been honored until now; 2) Defendants' representations to the Court

2   about the information they believe should be provided in SFCs; 3) the specifics of

3   the individual cases at issue—two cases have obtained product ID outside of

4   traditional medical records and six were filed by the same law firm; and 4) efficiency

5   in MDL practice.

6          First, the Parties agreed early in the MDL while negotiating the SFC and PPF

7   that the SFCs would *not* need to be amended if plaintiffs later discovered product

8   ID information or new injuries. Rather, the PPF would control, and plaintiffs would

9   only need to amend the PPF and provide updated information in the PPF.  That

10  agreement has been honored throughout the case until now.

11         In answering PPFs, plaintiffs provide product identification information and

12  basic injury information sufficient to satisfy pleading standards, plus more detailed

13  information. (*Compare* SFC Form, at 3-4 (Dkt. 2365-1) *with* PPF Form, at 2-4 (Dkt.

14  2369-1)). Plaintiffs made sure to address the matter in the SFC and PPF negotiation

15  process as this situation arises sometimes in MDLs where a plaintiff obtains new

16  information after the case is initially filed. This can occur for a variety of reasons,

17  most often due to the receipt of additional medical records.

18         Second, the issue of what information should be provided in a SFC was

19  addressed to the Court in November of 2023, and the Court recorded that "[b]oth

20  sides appear to agree that plaintiffs should disclose the date of implant, *to the extent*

21  *the plaintiff knows it*, the model number or product code, *to the extent the plaintiff*

22  *knows it*, and complications that the plaintiff has experienced." 11/16/23 Tr. at 11:9-

23  14 (emphasis added); *see also id*. at 13:19-14:18 (discussing how "a plaintiff may

24  be filing right up against the statute of limitations deadline and … [w]ithin that 30

25  day time period there could be accumulation of medical records").  Defendants'

26  position now is particularly surprising given that Mr. North specifically expressed:

27  "We understand that there are going to be cases and situations where they've just

28  got to get it on file and we're not going to go and file a motion to dismiss or

1    something like that for every short-form complaint that's missing information for

2    some reason. We'll call them up and meet and confer and try to work it out." *Id*. at

3    16:9-16.

4        Consistent with the Parties' early agreement and Defendants' statements in

5    Court, Plaintiffs have served amended PPFs to confirm additional information

6    received since the MDL began, and Defendants have not raised any issue

7    previously.

8        Third, as to the eight cases about which Defendants newly complain, two

9    plaintiffs *do* have product information sufficient to meet pleading standards, and the

10   other six plaintiffs are represented by the same firm, who leadership was able to

11   quickly reach and who promised to cure.  A summary of case-specific information

12   is below:

13

| Plaintiff | Case No. | Date Filed | PPF Due | PPF Served | PID Status |
|---|---|---|---|---|---|
| James, Isla | 2:25-cv-02695 | 7/30/25; 9/12/25 (amended) | 8/29/25 | 8/28/25 | Port ID card, client recollection, awaiting receipt of medical records |
| Flores, Reyna | 2:25-cv-02735 | 8/1/25 | 8/31/25 | Not Served | Pending |
| Jones-Barnres, Charlene | 2:25-cv-02740 | 8/1/25 | 8/31/25 | 9/9/25 | Pending |
| Liederer, Brigitte | 2:25-cv-02815 | 8/7/25 | 9/6/25 | Not Served | Pending |

ME1\57825665.v1

| | | | | | |
|---|---|---|---|---|---|
| McCoy, Jamie (PR Jonie McCoy) | 2:25-cv-02817 | 8/7/25 | 9/6/25 | 9/8/25 | Photographs and records produced with PPF |
| Outsey-Askew, Pamela (PR Kelsie Outsey-Askew) | 2:25-cv-02843 | 8/7/25 | 9/6/25 | Not Served | Pending |
| Williams, Zenobia | 2:25-cv-02844 | 8/7/25 | 9/6/25 | Not Served | Pending |
| Thomas, Linda | 2:25-cv-02846 | 8/7/25 | 9/6/25 | Not Served | Pending |

As to Plaintiff Jonie McCoy, a personal representative of Decedent Jamie McCoy Plaintiff produced a PPF on September 8, 2025 and produced records and photographs documenting the product at issue is a Bard PowerPort Duo MRI with product code 1829500.

As to Plaintiff Isla James, Plaintiff has an identification card that was provided to her with one of her ports, and she specifically recalls that all ports she has ever had implanted were Bard brand. To protect Ms. James's rights and interests, Plaintiff's complaint was filed to meet a statute of limitations deadline, and her case was filed based on good faith information and belief that the products at issue are some variations of the PowerPort. However, Plaintiff did file a First Amended Short Form Complaint on September 12, 2025 that provides clarification on the alleged Bard products at issue, the approximate dates when these products were implanted, and that product code information is pending. Moreover, Plaintiff

ME1\57825665.v1

1    received a PPF Deficiency Notice on September 12, 2025 and will work diligently
2    to cure outstanding deficiencies.

3          As to the remaining six cases at issue, each of those plaintiffs is represented
4    by the same law firm.  The law firm at issue is not in leadership, and when leadership
5    contacted the law firm, they were notified that the firm intended to add the product
6    information to the plaintiffs' PPFs, which has been the firm's practice to date and
7    about which Defendants had not previously complained.  Plaintiff leadership is
8    confident that, given a reasonable amount of time, the issue will be corrected.

9          Fourth, Defendants' suggestion that Plaintiffs file Amended SFCs in each of
10   these cases is inappropriate, as it is inefficient and creates an unnecessary burden on
11   the Court and the parties—which is why the parties negotiated a contrary agreement
12   early in the case. If every plaintiff were required to file an Amended SFC to verify
13   additional information received after the SFC is filed, the Court would have to
14   process additional, unnecessary filings. This would clutter the Master Docket.
15   Contrary to the SFC, all PPFs are handled completely without the Court's
16   involvement in the separate MDL-Centrality portal. Plaintiffs' counsel would be
17   burdened by having to amend both documents, instead of only the PPF, whenever
18   new information is obtained on a claimant. This would cause more work on
19   Defendants' part as well if their involvement were required based on the status of
20   the case and amendment requirements under Federal Rule of Civil Procedure 15.

21         Defendants cite several cases saying dismissal is appropriate, but none of
22   these cases are from MDL proceedings and instead involved a single action and
23   product claim. Courts overseeing MDLs routinely acknowledge that unique
24   procedures such as abbreviated SFCs and later PPFs are needed to facilitate notice
25   pleading and efficient discovery while protecting both parties' interests. Plaintiffs
26   should not be penalized by creating additional procedural hurdles that are inherently
27   unnecessary and inappropriate in mass actions such as this, especially where case
28   management orders provide mechanisms for supplementation and correction later.

ME1\57825665.v1

Where information gaps arise due to issues outside counsel's control, the established MDL process allows for supplementation or voluntary dismissal, if necessary, *without* Court intervention, consistent with the parties' prior negotiations and operational needs of the litigation. Resorting to dismissal orders and additional amendments is both unnecessary and contrary to MDL practice.

In sum, there is no apparent danger of a proliferation of cases being filed without product ID, but, as should be clear from the multiple issues raised in this joint memo, Defendants are consistently failing to communicate with Plaintiffs' Leadership about issues before they raise them to the Court. Justice requires that the eight plaintiffs at issue first be given an opportunity to produce a PPF (or amended PPF where applicable) and provide further product information as part of that process. Dismissal is inappropriate at this time, and the Defendants' request should be denied.

**B. Defendants' Position**

There are a number of cases in this MDL where the plaintiff has failed to identify both the product alleged to be defective and the date any port product was allegedly implanted. Defendants originally identified eight cases filed in the last month where the complaints failed to include that information. Plaintiffs have since rectified the omission in two of the cases. However, six of those cases (filed by a single law firm) remain deficient. Defendants are concerned about the proliferation of this practice.

Admittedly, Case Management Order No. 7 (Doc. 112) streamlines the typical pleading requirements of Fed. R. Civ. P. 8. To that end, CMO No. 7 allows a plaintiff to initiate an action by filing a short form complaint that incorporates the master complaint already on file in the MDL. Even that truncated procedure, however, calls for the identification of the device at issue and the date it was implanted.

ME1\57825665.v1

1        In a typical product liability lawsuit, such omissions would be cause for
2    dismissal of the complaint. *See, e.g., Thorpe Design, Inc. v. Viking Corp.*, 2015 U.S.
3    Dist. LEXIS 123855 *6 (N.D. Cal. 2015) (dismissing a complaint for being "overly
4    vague as to what product is at issue."); *see also G.P. v. Sears Roebuck & Co.*, 2014
5    U.S. Dist. LEXIS. 206884 *7 (C.D. Cal. 2014) (citing plaintiff's failure to identify
6    "model at issue" as one basis for dismissal); *accord Markel Am. Ins. Co. v. Pac.*
7    *Asian Enters.*, 2008 U.S. Dist. LEXIS 60536 *15 (N.D. Cal. 2008). Defendants
8    submit that the same result should occur here. Despite the abbreviated pleading
9    requirements imposed by CMO No. 7, the short form complaints must still include
10   "factual allegations" supporting Plaintiffs' claims. *See Ashcroft v. Iqbal*, 556 U.S.
11   662, 129 S. CT. 1937, 1950 (2009). No factual allegations could be more of the core
12   basis of a product liability claim than the identification of the product alleged to be
13   defective and the date the product was implanted.

14       Nonetheless, Plaintiffs offer several reasons why, in their view, the
15   deficiencies should not matter. First, they maintain that the parties had previously
16   agreed that short form complaints need not be amended to include information later
17   produced in the Plaintiffs' Profile Form. While that may be true, any such
18   "agreement" does not excuse in the first instance a wholesale disregard of the
19   pleading requirements established for the short form complaint by CMO No. 7.
20   Second, Plaintiffs point to Defendants' previous acknowledgment that a looming
21   statute of limitations may occasionally necessitate the filing of a complaint that is
22   "missing information for some reason." See 11/16/23 Tr. At 16:9-16. While that
23   may also be true, such situations should be the exception, and not the rule, and the
24   filing of six such cases in a short period of time (by a single law firm) would appear
25   to be more of an unfortunate practice than an emergent necessity.

26       The fact remains that a short form complaint that does not identify a product
27   or a date of implant violates both the specific requirements of CMO No. 7 and the
28   pleading standards of Fed. R. Civ. P. 8. Defendants, therefore, respectfully request

ME1\57825665.v1

that the Plaintiffs identified in the following chart be ordered to amend their complaints within ten days to provide the omitted information.

| Flores, Reyna | 2:25-cv-02735-DGC |
|---|---|
| Jones-Barnes, Charlene | 2:25-cv-02740-DGC |
| Liederer, Brigitte | 2:25-cv-02815-DGC |
| Outsey-Askew, Pamela (PR Kelsie Outsy-Askew) | 2:25-cv-02843-DGC |
| Williams, Zenobia | 2:25-cv-02844-DGC |
| Thomas, Linda | 2:25-cv-02846-DGC |

In the event a plaintiff fails to do so, Defendants request permission to file a motion to dismiss.

Defendants may identify additional cases with comparable deficiencies in the future.

## VII.   Rachael Poppell

### A. Plaintiffs' Position

Four days prior to this response's drafting, Defendants for the first time raised with Ms. Rachel Poppell's counsel that Defendants believe that Ms. Poppell passed away shortly before counsel was able to file her complaint.  Ms. Poppell's counsel is working to investigate and cure any issue.  Defendants' request for dismissal is premature.

### B. Defendants' Position

Defendants have discovered that Plaintiff Rachael Poppell was deceased at the time a short form complaint was filed in her name (Case No. 2:25-cv-0191). Specifically, Ms. Poppell passed away on December 28, 2024, and a short form complaint was filed on January 22, 2025. As a result, this action should be dismissed as a legal nullity due to the ostensible "Plaintiff's" lack of legal existence at the time of filing. Counsel's May 7, 2025 filing of an Amended Complaint identifying a representative (MDL No. 3081, Doc. 3470) does not cure the fact that this case was invalid when filed.

18

ME1\57825665.v1

On September 8, 2025, counsel for Defendants emailed Plaintiff's counsel to request that this case be dismissed. Plaintiff's counsel has responded only that he is reviewing the issue. If this case has not been dismissed by the time of the Case Management Conference, Defendants request permission to file a motion to dismiss on the grounds that Ms. Poppell did not have the legal capacity to file a lawsuit at the time a case was filed in her name.

ME1\57825665.v1

Dated: September 16, 2025                    Respectfully submitted,


*/s/ Alex Barlow*                            */s/ Edward J. Fanning, Jr.*
Alex Barlow (TX # 24006798)                  Edward J. Fanning, Jr.
(Admitted Pro Hac Vice)                      (Admitted Pro Hac Vice)
Scott & Scott                                McCarter & English, LLP
7718 Wood Hollow Dr., Ste. 105               Four Gateway Center
Austin, TX 78731                             100 Mulberry Street
Phone: (512) 337-8432                        Newark, NJ 07102
Fax: (512) 727-3432                          Phone: (973) 639-7927
Email: abarlow@scott-scott.com               Fax: (973) 297-3868
                                             Email: efanning@mccarter.com

*/s/Rebecca L. Phillips*
Rebecca L. Phillips (TX #24079136)           */s/ Richard B. North, Jr.*
(Admitted Pro Hac Vice)                      Richard B. North, Jr.
Lanier Law Firm                              (Admitted Pro Hac Vice)
10940 W. Sam Houston Pkwy. N., Ste. 100      Nelson Mullins Riley &
Houston, TX 77064                            Scarborough, LLP
Phone: (713) 659-5200                        Atlantic Station
Fax: (713) 659-2204                          201 17th St. NW, Ste. 1700
Email: rebecca.phillips@lanierlawfirm.com    Atlanta, GA 30363
                                             Phone: (404) 322-6155
*/s/Michael A. Sacchet*                      Fax: (404) 322-6050
Michael A. Sacchet (MN #0395817)             Email: richard.north@nelsonmullins.com
(Admitted Pro Hac Vice)
Ciresi Conlin LLP
225 S. 6th St., Ste. 4000                    */s/ James R. Condo*
Minneapolis, MN 55402                        James R. Condo (#005867)
Phone: (612) 361-8220                        Snell & Wilmer L.L.P.
Fax: (612) 314-4760                          One East Washington Street, Suite 2700
Email: mas@ciresiconlin.com                  Phoenix, AZ 85004
                                             Phone: (602) 382-6000
**Co-Lead Counsel for Plaintiffs**          Fax: (602) 382-6070
                                             E-mail: jcondo@swlaw.com

                                             **Attorneys for Defendants**

20