# EXHIBIT 8

Attorney Stephen M. Reck
Admitted Pro Hac Vice
Levin, Rojas, Camassar & Reck, LLC
PO Box 431, North Stonington, CT 06359
Phone: (860) 535-4040
Fax: (860) 535-3434
Email: Plevin1111@aol.com

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Bard Implanted Port Catheter Products Liability Litigation | MDL No. 3081 |
| THIS DOCUMENT RELATES TO: | **MASTER SHORT-FORM COMPLAINT AND JURY TRIAL DEMAND** |
| _ Estate of Susan Wells, by Taraya Hill, _Special Administrator __, | |
| Plaintiff(s), | |
| v. | |
| Becton Dickinson and Company, et al., | |
| Defendants. | |

Plaintiff(s) named below, for their Complaint against Defendants named below, incorporate(s) by reference the Master Long-Form Complaint in MDL 3081 (Dkt. _119__). Pursuant to Case Management Order No. 7, this Short-Form Complaint adopts the allegations, claims, and relief as set forth in the Master Long-Form Complaint. As set forth below, Plaintiff(s) may include (a) additional claims and allegations against Defendants, as set forth in Paragraph 15 or an additional sheet attached hereto; and/or (b) additional claims and allegations against other Defendants, as set forth in Paragraph 5 or an additional sheet attached hereto. Plaintiff(s) further allege(s) as follows:

## I. **PLAINTIFF(S)**

1. Name of Plaintiff/Decedent implanted with Bard Implanted Port Catheter Product ("Device") (first, middle, and last name):

    Susan Wells _____

2. Name of Plaintiff/Decedent's spouse (if bringing a loss-of-consortium claim):

    _____

3. Other Plaintiff and capacity (*i.e.*, administrator, executor, guardian, conservator, representative, survivor, etc.), if any:

    ___ Taraya Hill _____

## II. DEFENDANT(S)

4. Plaintiff(s) name(s) the following Defendant(s) in this action:

    ☒ Becton, Dickinson and Company
    ☒ C.R. Bard, Inc.
    ☒ Bard Access Systems, Inc.
    ☒ Bard Peripheral Vascular, Inc.

5. Plaintiff(s) contend(s) that additional parties may be liable or responsible for Plaintiff(s)' damages alleged herein. Such additional parties and their citizenship are as follows:

    _____
    _____
    _____

## III. JURISDICTION AND VENUE

6. City and State of domicile of each Plaintiff at time of filing Plaintiff(s)' initial Complaint:

    Baltimore, MD_____

7. City and State of residence of Plaintiff/Decedent at the time of Device placement:

    Baltimore, MD _____

8. City and State of residence of Plaintiff/Decedent at the time of alleged injury for which a claim is asserted:

    _ Baltimore, MD _____

2

9. Basis for jurisdiction:

    ☒ Diversity of citizenship (28 U.S.C. § 1332(a))

    ☐ Other: _____

    a. Other allegations of jurisdiction and venue not expressed in Master Complaint:

    _____

    _____

10. Designated forum (United States District Court and Division, if applicable) in which Plaintiff asserts personal jurisdiction and venue would be proper absent direct filing in this MDL:

    __ District of Maryland_____

IV. **PRODUCT USE AND INJURY**

11. Plaintiff/Decedent was implanted with the following Device(s) and alleges that the Device(s) caused their injuries[1]:

    ☐ BardPort M.R.I. Implantable Port

    ☐ BardPort M.R.I. Low-Profile Implantable Port

    ☐ BardPort Titanium Dome Implantable Port

    ☐ BardPort Titanium Implantable Port

    ☐ M.R.I. Plastic Dual Lumen Port

    ☐ M.R.I. Ultra SlimPort Implantable Port

    ☐ Peritoneal Titanium Port

    ☐ PowerFlow Implantable Apheresis IV Port

    ☐ PowerPort ClearVUE isp Implantable Port

    ☐ PowerPort ClearVUE Slim Implantable Port

    ☐ PowerPort duo M.R.I. Implantable Port

    ☐ PowerPort Implantable Port

---

[1] Check all that apply. See Exhibit A for additional information regarding the corresponding model numbers/product codes for these Devices.

3

1. ☐ PowerPort isp Implantable Port
2. ☐ PowerPort isp M.R.I. Implantable Port
3. ☐ PowerPort M.R.I. Implantable Port
4. ☐ PowerPort Slim Implantable Port
5. ☐ PowerPort VUE M.R.I. Implantable Port
6. ☐ PowerPort VUE Titanium Implantable Port
7. ☐ SlimPort Dual-Lumen Rosenblatt Implantable Port
8. ☐ Titanium Low-Profile Port
9. ☐ Titanium SlimPort Implantable Port
10. ☐ Vaccess CT Low-Profile Titanium Power-Injectable Port
11. ☐ Vaccess CT Power-Injectable Implantable Port
12. ☐ X-Port isp M.R.I. Implantable Port
13. ☐ X-Port Low-Profile Titanium Port
14. ☒ Other: N/A_____

12. Date(s) of implantation as to the foregoing Device(s):
    05/01/2021 _____
13. Model number(s)/product code(s), if available, for the foregoing Device(s):
    \_\_\_\_N/A_____
14. Complication(s) alleged to have occurred from use of the foregoing Device(s):
    ☐ Catheter fracture
    ☒ Infection
    ☐ Thrombosis
    ☒ Other: \_ \_Cardiac Arrythmia _____

V. **CAUSES OF ACTION**

15. Plaintiff(s) adopt(s) in this Short-Form Complaint the following claims and allegations asserted in the Master Long-Form Complaint:
    ☒ Count I: Design Defect – Strict Liability
    ☒ Count II: Design Defect – Negligence

4

☒Count III: Failure to Warn/Instruct – Strict Liability
☒Count IV: Failure to Warn/Instruct – Negligence
☒Count V: Manufacturing Defect – Strict Liability
☒Count VI: Manufacturing Defect – Negligence
☒Count VII: Breach of Express Warranty
☒Count VIII: Breach of Implied Warranty
☒Count IX: Negligent Misrepresentation
☒Count X: Fraudulent Misrepresentation
☒Count XI: Fraudulent Concealment
☒Count XII: Consumer Fraud and/or Unfair and Deceptive Trade Practices
☒Count XIII: Unjust Enrichment
☐ Count XIV: Loss of Consortium
☐ Count XV: Wrongful Death
☐ Count XVI: Survival
☐ Count XVII: Successor Liability
☒Timeliness and Tolling of Statutes of Limitation and Repose
☒Punitive Damages
☐ Count XVIII: Other _____

If additional claim(s) against Defendant(s) are alleged in Count XVIII above, the facts supporting such claim(s) must be pleaded. Plaintiff(s) assert(s) the following factual allegations:

_____
_____
_____
_____
_____
_____

5

16. Jury Trial demanded for all issues so triable?

  ☒ Yes

  ☐ No

WHEREFORE, Plaintiff(s) pray(s) for relief and judgment against Defendants and all such further relief that this Court deems equitable and just as set forth in the Master Long-Form Complaint and Jury Demand and any additional relief to which Plaintiff(s) may be entitled.

Dated: __07/22/25____          Respectfully submitted,

             */s/*  Stephen M. Reck
             Attorney Stephen M. Reck
             Admitted Pro Hac Vice
             Levin, Rojas, Camassar & Reck, LLC
             PO Box 431, North Stonington, CT 06359
             Phone: (860) 535-4040
             Fax: (860) 535-3434
             Email: Plevin1111@aol.com

**EXHIBIT A**

| Brand Name | Model Number/Product Code |
|---|---|
| BardPort M.R.I. Implantable Port | 0602610, 0602620, 0602640, 0602650, 0602660, 0602670, 0602680, 0602690, 0602830, 0602833, 0602840, 0602843, 0605400, 0605420, 0607173 |
| BardPort M.R.I. Low-Profile Implantable Port | 0603830, 0603840, 0603870, 0603880, 6603880 |
| BardPort Titanium Dome Implantable Port | 0602850, 0602860, 0602870 |
| BardPort Titanium Implantable Port | 0602230, 0602240, 0602270, 0602290, 0603000, 0602820, 0605300, 0605320, 0607301, 0607302, 0602210, 0602260, 0602280, 0602810 |
| M.R.I. Plastic Dual Lumen Port | 0603500, 0605920, 0605930, 0607100, 0607200, 0615460 |
| M.R.I. Ultra SlimPort Implantable Port | 0605640, 0655640 |
| Peritoneal Titanium Port | 0603000, 0603006 |
| PowerFlow Implantable Apheresis IV Port | A710962 |
| PowerPort ClearVUE isp Implantable Port | 1606052, 1606062, 1606362, 1606382, 1608052, 1608062, 1608362, 1608382, 1666362, 1668362, 1676300, 5606362, 5608062, 5608362, 5666362, 5668362, CP00004 |

7

| | |
|---|---|
| PowerPort ClearVUE Slim Implantable Port | 1616000, 1616001, 1616070, 1616071, 1616300, 1616380, 1618000, 1618001, 1618070, 1618300, 1618380, 1676301, 1678300, 1678301, 5616000, 5616300, 5618000, 5618300, 5676300, 5676301, 5678300, 5678301, CP00005 |
| PowerPort duo M.R.I. Implantable Port | 1829500, 1829570, 5829500, 5829502 |
| PowerPort Implantable Port | 1708000, 1708001, 1708070, 1708071, 1709600, 1709601, 1759600, 1759601, 1778000, 1778001, 1778070, 1778071 |
| PowerPort isp Implantable Port | 1706050, 1706051, 1706060, 1706061, 1708050, 1708051, 1708060, 1708061, 1708160, 1708550, 1708551, 1708560, 1708561, 4708060, 4708061, 4708560, 4708561, CP00001, CP00002, CP00003, CP00009 |
| PowerPort isp M.R.I. Implantable Port | 1806050, 1806051, 1806060, 1806061, 1808050, 1808051, 1808060, 1808061, 1808069, 1808360, 1808550, 1808551, 1808560, 1808561, 1809660, 1809661, 1859660, 1859661, 4808060, 4808061, 4808560, 4808561, 9808560 |
| PowerPort M.R.I. Implantable Port | 1808000, 1808001, 1808002, 1808070, 1808071, 1808300, 1809600, 1809601, 1809670, 1859600, 1859601, 1878000, 1878001, 1878070, 1878071 |

8

| | |
|---|---|
| PowerPort Slim Implantable Port | 1716000, 1716001, 1716070, 1716071, 1716080, 1718000, 1718001, 1718070, 1718500, 1718501, 1718570, 1718571, CP00008 |
| PowerPort VUE M.R.I. Implantable Port | 1806052, 1806062, 1808052, 1808062 |
| PowerPort VUE Titanium Implantable Port | 1706052, 1706062, 1708052, 1708062 |
| SlimPort Dual-Lumen Rosenblatt Implantable Port | 0604970, 0624970, 0654970 |
| Titanium Low-Profile Port | 0602180, 0602190, 0605490, 0605510, 0606100, 0606150, 0606200 |
| Titanium SlimPort Implantable Port | 0605550, 0605560, 0655510 |
| Vaccess CT Low-Profile Titanium Power-Injectable Port | 7360000, 7360001, 7380000 |
| Vaccess CT Power-Injectable Implantable Port | 7460000, 7480000, 7496000 |
| X-Port isp M.R.I. Implantable Port | 0607500, 0607510, 0607520, 0607530, 0607540, 0607550, 0607555, 0657500, 0657510, 0657520, 0657525, 7707540, 7757540 |
| X-Port Low-Profile Titanium Port | 0655870, 0605840, 0605850 |

9

UNITED STATES DISTRICT COURT DISTRICT OF ARIZONA

## Civil Cover Sheet

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use **only** in the District of Arizona.

**The completed cover sheet must be printed directly to PDF and filed as an attachment to the Complaint or Notice of Removal.**

| | |
|---|---|
| **Plaintiff**(s): Susan Wells , ; | **Defendant**(s): Becton, Dickinson, & Company , ; C.R. Bard, Inc. , ; Bard Access Systems, Inc. , ; |
| County of Residence: Outside the State of Arizona | County of Residence: Outside the State of Arizona |
| County Where Claim For Relief Arose: Outside the State of Arizona | |
| Plaintiff's Atty(s): | Defendant's Atty(s): |
| **Paul Levin ,** <br> Levin, Rojas, Camassar, Reck LLC <br> 40 Russ Street <br> Hartford, CT  06106 <br> (860) 390-4564 | , <br><br> , |

**IFP REQUESTED**

**REMOVAL FROM COUNTY, CASE #**

II. Basis of Jurisdiction: **4. Diversity (complete item III)**

III. Citizenship of Principal Parties **(Diversity Cases Only)**

Plaintiff:- **2 Citizen of Another State**

Defendant:- **5 Non AZ corp and Principal place of Business outside AZ**

IV. Origin : **6. Multidistrict Litigation**

V. Nature of Suit: **367 Health Care/Pharmaceutical Personal Injury Product Liability**

VI.Cause of Action: **This is a products liability injury case. 28 U.S.C. 1332 and 28 U.S.C. 1391. Parties are citizens of different states and the amount in controversy exceeds $75,000. A substantial part of the events or omissions giving rise to the claims occurred in this District.**

VII. Requested in Complaint

Class Action: **No**

Dollar Demand:

Jury Demand: **Yes**

VIII. This case **is not related** to another case.

**Signature:** Paul Levin

    **Date:** 5/15/25

If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change it. Once correct,

Revised: 01/2014