# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE:  Bard Implanted Port Catheter Products Liability Litigation | MDL No. 3081<br><br>**CASE MANAGEMENT ORDER NO. 46**<br><br>**(Twenty-Fifth Case Management Conference)**<br><br>(Applies to All Actions) |

The Court held a Twenty-Fifth Case Management Conference with the parties on March 19, 2026.  *See* Doc. 7623.  This order reflects matters discussed and decided during the conference.

1.      The parties shall identify at the Cook final pretrial conference on April 9, 2026, the highly confidential documents and testimony they seek to have sealed at trial. Any other requests to seal will be addressed on the morning of trial.  *See* Doc. 7576 at 7-8.

2.      The deposition designations for the Cook trial are to be submitted to the Court by March 30, 2026.  Doc. 7187 ¶ 3.  The parties shall do their best to limit their submissions to testimony they actually intend to present at trial and to preserve only meaningful objections.  The parties shall present a single transcript for each witness, and shall state each side's preferred order of deposition review.  *See* Doc. 7576 at 8-10.

1

3. The parties shall meet and confer and cooperate in good faith to resolve objections to the admissibility of evidence in the Cook trial. *See id.* at 10-11. The parties shall set forth in the joint Proposed Final Pretrial Order all objections to witnesses and documents. *See* Doc. 6875 ¶ 4. The parties are required to move all exhibits into evidence before the jury, including exhibits to which there is no objection.

4. If the Court deems it necessary, oral argument on Plaintiffs' motions in limine 1, 8, and 10 (Docs. 7512, 7528, 7531) will be heard at the April 9 final pretrial conference.

5. Defendants' request to bifurcate the Cook trial will be addressed at the final pretrial conference.

6. The Court intends to establish an attorney listen-only line for the Cook trial. At the final pretrial conference, the parties shall provide the Court with an estimate of the number of attorneys who will use the line and the number of attorneys who will be observing the trial in the courtroom. Observing attorneys may use laptops in the courtroom, provided they emit no sound, make no recording, and are not disruptive to the proceedings. Local Rule of Civil Procedure 43.1 will apply, and no part of the trial may be recorded, transmitted, or broadcast. LRCiv 43.1(a).

7. The deposition of Dr. MacLean in the Divelbliss case is scheduled for April 10, 2026. *See* Doc. 7187 ¶ 4. Any Rule 702 motion to exclude Dr. MacLean's opinions shall be fully briefed by mid-July 2026. The parties shall agree upon a proposed briefing schedule.

8. The Court has considered the parties' arguments about whether the Miller case should be withdrawn from the bellwether pool, including arguments made in the joint memorandum (Doc. 7576 at 2-7) and during the case management conference. The Court concludes that Miller should not be withdrawn. The unfortunate passing of Mrs. Miller has affected the nature of her case, as Plaintiffs explain, but the case remains one of only two thrombus cases in the bellwether pool and thrombus cases represent a large percentage of the MDL inventory. The alternative case – James – is a fracture case, which represents

a much smaller percentage of the inventory, and the bellwether pool already contains a fracture case (Divelbliss). Additionally, Defendants note that substantial time and great expense (Defendants estimate $1 million) have been spent preparing Miller for trial. That time and expense would be lost if Miller is not tried, and would be incurred again in preparing James for trial.

Plaintiffs' counsel should confer with the Miller family to determine whether they are willing to have the case tried in July and to take the steps necessary for the trial to occur. The Miller family should reach a decision by **April 7, 2026**, and Plaintiffs' counsel promptly shall notify the Court and defense counsel of the family's decision. This will ensure there is time for the parties to confer before the April 9 Cook final pretrial conference about what to do if the Miller family elects not to proceed.

Dated this 20th day of March, 2026.

David G. Campbell
Senior United States District Judge