**DISTRICT JUDGE'S CIVIL MINUTES**
**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA – PHOENIX**

**U.S. District Judge:  David G. Campbell**                    **Date: April 9, 2026**

**Case Number: MD-23-3081-PHX-DGC (CV-23-1975)**

**IN RE: Bard Implanted Port Catheter Products Liability Litigation**
**(Robert Cook v Becton, Dickinson and Company, et al.)**

| APPEARANCES: | Plaintiff(s) Counsel | Defendant(s) Counsel |
|---|---|---|
| | Michael A. Sacchet | Richard B. North, Jr. |
| | Megan L. Odom | Edward J. Fanning, Jr. |
| | Rebecca L. Phillips | James R. Condo |
| | Gabriel Assaad | Brandee Kowalzyk |
| | Kyle Wislocky | Rachael Pugel |
| | Thomas W. Pirtle | |

**FINAL PRETRIAL CONFERENCE:**

The Court addresses counsel regarding their failure to efficiently prepare for the upcoming trial and today's final pretrial conference as reflected by the filings.

Trial hours and time allocations are reviewed. Proceedings in the jury's presence will commence at 9:00 a.m. each day. Counsel must appear at 8:30 a.m. each day to resolve any issues as necessary. Plaintiff is allotted 30 hours of trial time and Defendants are allotted 29 hours.

By agreement, the jurors listed in Doc. 7955 are excused based on the Court's review of the questionnaires. Additional challenges for cause are discussed (prospective juror #58 by Plaintiff; prospective jurors #15, #19, and #78 by Defendants). Based thereon, juror #15 is EXCUSED.

The in-court voir dire process is reviewed. Nine (9) jurors will be seated in this case, there will be no alternates selected, and the verdict must be unanimous. The Court will request the first forty (40) remaining jurors for jury selection on the first day of trial. After questioning, the first fifteen (15) remaining jurors will be the pool from which the parties will simultaneously exercise their three (3) peremptory strikes. Based on the first forty (40) anticipated jurors, Defendants challenge prospective juror #93. By agreement, juror #93 is EXCUSED.

Jurors will not be permitted to ask questions during the course of trial but will be provided notebooks for notetaking.

The parties' proposed Joint Pretrial Order is discussed.

The issue of bifurcation is discussed and is taken under advisement.

Trial briefs will not be permitted.

**MD-23-3081-PHX-DGC (CV-23-1975)**                                                                      **April 9, 2026**

**IN RE: Bard Implanted Port Catheter Products Liability Litigation**
**(Robert Cook v Becton, Dickinson and Company, et al.)**                               Page 2 of 3

By April 14, 2026, Defendants are to advise Plaintiff's counsel which witnesses they plan to call. If Plaintiff identifies additional witness he plans to call, he should advise Defendants by April 14, 2026.

As to the issue relating to custodian of records for depositions, after discussions, the Court modifies the subpoena to call for a custodian of records and apply only to the 280 documents Plaintiff has identified for Defendants.

The disclosure and deposition preservation disputes relating to Dr. Grainger are discussed and taken under advisement.

Impeachment exhibits are to be provided to the courtroom deputy 24 hours prior to their anticipated use. By 7:00 p.m. the evening before a witness will testify, the parties are to exchange exhibits related to that witness.

The procedure for presenting videotaped depositions, as it pertains to the inclusion of counter-designations for completeness, is reviewed.

Certain stipulations contained in the Joint Pretrial Order are discussed and clarified. The Court will read the parties' stipulations to the jury before opening statements.

Issues pertaining to the exhibit lists and objections as attached to the Joint Pretrial Order are discussed.

Neither side objects to the Court's proposed voir dire as set forth in Doc. 7960. The parties' objections to the Court's proposed preliminary instructions (Doc. 7961) are discussed. The Court will provide counsel a draft set of the final jury instructions prior to the commencement of trial. The instructions will be discussed during the course of trial.

The Rule of Exclusion of Witnesses is invoked by both sides, and all provisions of Rule 615(a) and (b) are in effect. By agreement, hybrid witnesses are subject to the Rule. True experts are excluded from the Rule. Plaintiff Cook and Defendants' designated client representative are also excluded from the Rule.

Counsel are instructed to review with their witnesses the Court's rulings on the 702 motions and motions *in limine* to ensure compliance.  11:56 a.m. Court stands at recess.

12:56 p.m. Court reconvenes with counsel present. Arguments are presented on the outstanding motions *in limine*, as set forth in Doc. 7945, and the motions are taken under advisement:

- Defendants' Motion *in Limine* No. 5 to Exclude Email Regarding Opinions of Sloan Kettering Physicians. Doc. 7524.
- Defendants' Motion *in Limine* No. 8 to Exclude All Evidence Regarding the Instructions for Use for Port Catheters Marketed in Japan. Doc. 7534.
- Plaintiff's Motion *in Limine* No. 8 Re: Replacement Bard Port. Doc. 7528.

**MD-23-3081-PHX-DGC (CV-23-1975)**

**IN RE: Bard Implanted Port Catheter Products Liability Litigation**
**(Robert Cook v Becton, Dickinson and Company, et al.)**

**April 9, 2026**

Page 3 of 3

- Plaintiff's Motion *in Limine* No. 1 Re: FDA. Doc. 7512.

2:27 p.m. Court stands at recess.

2:38 p.m. Court reconvenes with counsel present. Attorney Rachael Pugel is excused. Argument continues as to Plaintiff's Motion *in Limine* No. 1, which is taken under advisement.

Discussion is held on the failure to warn claim set forth in the Joint Pretrial Order.

Defendants advise they have not identified any confidential trial documents that would need to be sealed.

Plaintiff's counsel indicates there may be a portion of Dr. McVerry's testimony that may need to be sealed. Procedures for handling same are discussed.

The number of attorneys using the listen-only line for trial and expected as observers in the courtroom are discussed. Counsel are instructed to remind the participants that the trial testimony may not be rebroadcasted.

Logistical issues are discussed.

The Court will take under advisement the request to take a break from the bellwether trials in lieu of selecting another case to be tried during the July time set aside for the Miller trial.

The use of demonstrative aides, publications of scientific studies, literature, figures, graphs and the like are discussed. The Court will take this issue under advisement.

Defendants seek further clarification as to the presentation of deposition designations. Discussion held.

Counsel shall appear at 8:30 a.m. on Tuesday, April 21, 2026, for trial.

Courtroom Deputy: Kathy Ballard
Court Reporter: Scott Coniam

**Start:** 10:00 AM
**End:** 3:38 PM
**Total: 4 hours, 24 minutes**