# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| IN RE:  Bard Implanted Port Catheter Products Liability Litigation | MDL No. 3081 |
|---|---|
| _____ May Lattanzio,              Individual Plaintiff, vs. Becton Dickinson and Company, et al.,              Defendants. | No. CV-24-00680-PHX-DGC **CASE MANAGEMENT ORDER NO. 49** **(Order Setting Final Pretrial Conference for Lattanzio Bellwether Trial)** |

A jury trial in the Lattanzio bellwether case is set to begin on October 13, 2026. See Doc. 6388.  An initial pretrial conference shall be held on **August 6, 2026, at 1:00 p.m. EDT / 10:00 a.m. MST** via videoconference.  Pursuant to Rule 16(e) of the Federal Rules of Civil Procedure, a final pretrial conference shall be held either by videoconference or in person (to be confirmed) on **September 9, 2026,** at a time to be confirmed.

**IT IS ORDERED:**

1. The attorneys who will be responsible for the trial of the case shall attend the final pretrial conference.

2. The parties jointly shall prepare a Proposed Final Pretrial Order and shall lodge it with the Court on **August 28, 2026**.  Preparation and lodging of the Proposed Final

Pretrial Order in accordance with the requirements of this Order shall be deemed to satisfy the disclosure requirements of Federal Rule of Civil Procedure 26(a)(3). The parties shall submit a copy of the Proposed Final Pretrial Order to the Court in Word format by email to steve_taronji@cit.uscourts.gov.

3.     The Proposed Final Pretrial Order shall include the information prescribed in the Joint Proposed Final Pretrial Order form found at www.azd.uscourts.gov under: (1) Judges' Information, (2) Judge's Orders, Forms & Procedures, and (3) Campbell, David G. Information shall not be set forth in the form of a question, but shall be presented in concise narrative statements. Based on experience in the trial held in Cook v. Becton Dickinson and Company, et. al, No. 2:23-cv-01975 ("Cook"), for IN RE: Bard Implanted Port Catheter Products Liability Litigation, No. 2:23-md-03081, the parties' exhibit lists should not exceed 750 exhibits per side and the proposed order should not include lengthy written arguments.

4.     The Court will not allow the parties to offer any exhibit, witness, or other evidence that was not disclosed in accordance with the provisions of this Order and the Federal Rules of Civil Procedure and listed in the Proposed Final Pretrial Order, except to prevent manifest injustice. Objections to witnesses and documents should also be listed.

5.     The parties shall exchange drafts of the Proposed Final Pretrial Order no later than **14 days** before the submission deadline. Plaintiffs shall have the burden of initiating communications concerning the Proposed Final Pretrial Order.

6.     The parties shall (a) number and mark exhibits in accordance with the instructions found in Exhibit Marking Instructions at www.azd.uscourts.gov under Judges and Courtrooms and Orders, Forms and Procedures (such numbers shall correspond to exhibits numbers listed in the Proposed Final Pretrial Order); (b) meet in person and exchange marked copies of all exhibits to be used at trial no later than **14 days** before the submission deadline for the Proposed Final Pretrial Order (any exhibit not marked and exchanged at this meeting shall be precluded at trial); and (c) eliminate any duplicate exhibits while meeting to exchange exhibits.

7.      The parties shall file and serve all motions in limine no later than **August 13, 2026**.  Responses to motions in limine shall be filed on or before **August 27, 2026**.  Each motion in limine shall include proposed language for the order in limine being sought from the Court, and the proposed language shall state with precision the evidence that is subject to the proposed order and the limitation or exclusion placed on the evidence.  The motions and responses must be concise and shall not exceed three (3) pages in length.  No replies shall be filed.

8.      The parties shall complete the following tasks by the time of the lodging of the Proposed Final Pretrial Order:

(a)     The parties shall file a stipulated description of the case to be read to the jury.

(b)     The parties shall jointly file a proposed set of voir dire questions.  The voir dire questions shall be drafted in a neutral manner.  To the extent possible, the parties shall stipulate to the proposed questions.  If the parties have any disagreement about a particular question, they shall state the reason for their objection below the question.  The parties shall also provide, for the purposes of voir dire, a joint master list of the names of every witness who may be called at trial.

(c)     The parties shall file proposed jury instructions in accordance with "Guidelines for Jury Instructions in Civil Cases" found at www.azd.uscourts.gov under: (1) Judges' Info, (2) Judge's Orders, Forms & Procedures, and (3) Campbell, David G.

(d)     The parties shall jointly file a proposed verdict form, including any proposed special verdict forms or juror interrogatories.  If the parties cannot agree on a verdict form, they shall file separate proposed forms and counsel shall be prepared to discuss them at the final pretrial conference.

(e)     By **August 7, 2026**, the parties shall jointly file a proposed juror questionnaire, using the same format as the juror questionnaire for the Cook trial entered on the docket of IN RE: Bard Implanted Port Catheter Products Liability Litigation, No.

2:23-md-03081 (Doc. 7163), and email a copy in Word format to steve_taronji@cit.uscourts.gov.

(f)    By **September 3, 2026**, the parties shall provide the email addresses of the attorneys who should receive juror questionnaires to the Court by email to steve_taronji@cit.uscourts.gov.    A hearing on the questionnaires will be held via videoconference on **September 28, 2026, at 1:00 p.m. EDT / 10:00 a.m. MST**.    The questionnaires will be distributed to the parties electronically, a week prior to the hearing.

9.    By **September 3, 2026**, the parties shall submit all deposition designations to the Court.

10.    To facilitate the creation of an accurate record, the parties shall file a "Notice to Court Reporter" **one week before trial** containing the following information that may be used at trial:

(a)    Proper names, including those of witnesses;

(b)    Acronyms;

(c)    Geographic locations;

(d)    Technical (including medical) terms, names, or jargon;

(e)    Case names and citations; and

(f)    Pronunciation of unusual or difficult words or names.

11.    Counsel shall review Judge Campbell's statement of Trial Conduct and Decorum before the final pretrial conference.    A copy can be found on the Court's website at www.azd.uscourts.gov under: (1) Judges' Info, (2) Judges' Orders, Forms & Procedures, and (3) Campbell, David G.

12.    Full and complete compliance with this Order shall be required by the Court.

Dated this 3rd day of August, 2026.

/s/  Jennifer Choe-Groves
U.S. District Court Judge*

* Judge Jennifer Choe-Groves, of the United States Court of International Trade, sitting by designation.