**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| IN RE: Bard Implanted Port Catheter Products Liability Litigation | MDL No. 3081 |
| Kimberly Divelbliss,<br><br>Individual Plaintiff,<br><br>v.<br><br>Becton Dickinson and Company, et al.,<br><br>Defendants. | No. CV-23-01627-PHX-DGC |

**COURT'S PROPOSED FINAL JURY INSTRUCTIONS**

The parties should be prepared to discuss the following jury instructions on Tuesday, September 1, 2026 at the end of the day.

Dated this 31st day of August, 2026.

David G. Campbell
Senior United States District Judge

**ST–1.4 Duty of Jury (Court Reads and Provides Written Instructions at End of Case)**

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you on the law that applies to this case.

A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

## ST–1.9 What is Evidence

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits that are admitted into evidence;

(3) any facts to which the lawyers have agreed; and

(4) any facts that I have instructed you to accept as proved.

## ST–1.10 What is Not Evidence

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

### ST–1.12 Direct and Circumstantial Evidence

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

## ST–1.14 Credibility of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;
(2) the witness's memory;
(3) the witness's manner while testifying;
(4) the witness's interest in the outcome of the case, if any;
(5) the witness's bias or prejudice, if any;
(6) whether other evidence contradicted the witness's testimony;
(7) the reasonableness of the witness's testimony in light of all the evidence; and
(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

## ST–2.14 Expert Opinion Testimony

You have heard testimony from witnesses who have stated opinions and the reasons for those opinions. This opinion testimony is allowed, because of the specialized knowledge, skill, experience, training, or education of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's specialized knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

## ST–2.15 Charts and Summaries Not Received in Evidence (Modified)

Certain charts and summaries not admitted into evidence have been shown to you to help explain evidence in the case. These have been referred to as demonstrative exhibits. The demonstrative exhibits are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

## ST–2.16 Charts and Summaries Received in Evidence

Certain charts and summaries have been admitted into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the testimony or other admitted evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

**Plaintiff's Proposed Jury Instruction No. 4**

FDA

The Bard PowerPort at issue in this case was cleared for sale in the United States by the U.S. Food and Drug Administration, also known as the FDA. The clearance occurred under the FDA's 510(k) review process. Under that process, the FDA clears a device for sale if it finds the device is substantially equivalent to other devices already on the market. The 510(k) process does not determine whether or not the device is safe.

The parties in this case disagree on whether the PowerPort is safe. That will be an issue for you to decide based on all the evidence received in this case and these jury instructions.

Source:
*Cook*, Doc. 8378 at 15 (Instr. No. 14)

**PL–4.1 Corporations and Partnerships—Fair Treatment (Modified)**

All parties are equal before the law. A corporation is entitled to the same fair and conscientious consideration as an individual person. In this case, both Plaintiff and Defendants are entitled to fair and conscientious consideration.

Source:
Ninth Cir. Model Civ. Jury Instr. No. 4.1; *see* Doc. 8378 (*Cook* Instructions) at 13.

**ST–4.2 Liability of Corporations—Scope of Authority Not in Issue**

Under the law, a corporation is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

**Stipulated Proposed Non-Model Jury Instruction No. 1**

You should decide the case as to the four Defendants jointly. In other words, you will enter only one verdict and it will apply to all Defendants. You are not required to render verdicts for each of the four individual Defendants.

Unless otherwise stated, the instructions apply to both Defendants and Plaintiff.

**Stipulated Proposed Non-Model Jury Instruction No. 2**

Some exhibits admitted into evidence have been partially "redacted," which means that certain contents of the exhibits have been blacked out or whited out. The parties and I have redacted information that is not properly admitted as evidence. You may give the unredacted information in any exhibit whatever weight you choose, but you must disregard the redacted information and must not speculate about what it might say.

**Bard's Proposed Jury Instruction No. 5**

A party seeking a recovery or a party relying upon a defense generally has the burden of proving every essential element of the claim or defense by the greater weight of the evidence.

To prove by the greater weight of the evidence means to establish that something is more likely true than not true. When I say, in these instructions, that Plaintiff has the burden of proof on her claims and that Defendants have the burden of proof on their defenses, I mean that you must be persuaded that what is sought to be proved is more probably true than not true. Evenly balanced evidence is not sufficient.

Plaintiff's fraudulent misrepresentation and fraudulent concealment claims require proof by clear and convincing evidence. When a party has the burden of proving a claim by clear and convincing evidence, the party must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of the claim are true. This is a higher standard of proof than proof by a greater weight of the evidence, but it does not require proof beyond a reasonable doubt.

**Plaintiff's Proposed Jury Instruction No. 6**

An act or omission, or a defective product, is a "cause" of harm if it contributes to bringing about the harm. It need not be the only explanation for the harm, nor the reason that is nearest in time or place. It is sufficient if it occurs in combination with some other cause to produce the result. To be a "cause", the act or omission, or a defective product, nonetheless, must be reasonably connected as a significant link to the harm.

Source:
NMRA, Civ. UJI 13-305

**<u>Plaintiff's Proposed Jury Instruction No. 1 (modified)</u>**

Plaintiff Divelbliss asserts nine claims against Bard: (1) strict liability design defect, (2) strict liability manufacturing defect, (3) strict liability failure to warn or instruct, (4) negligent design defect, (5) negligent manufacturing defect, (6) negligent failure to warn or instruct, (7) negligent misrepresentation, (8) fraudulent misrepresentation, and (9) fraudulent concealment.

I will instruct you on the law that applies to each of these claims. You should consider each claim separately.

Defendants deny all of Plaintiff's claims. Defendants contend that the acts of a non-party—Plaintiff's treating cardiologist, Dr. Uzodinma Dim—caused or contributed to the injuries for which Plaintiff now seeks damages.

*<u>Question</u>: Can the Court rule as a matter of undisputed fact that Defendants, if found liable on any of Plaintiff's claims, caused an initial injury to Plaintiff before Dr. Dim became involved?*

**Combined Introductory Instruction on Strict Product Liability**

Plaintiff asserts three claims against Defendants for strict product liability. One of these claims is based on alleged defects in the product's design, another on alleged defects in the product's manufacturing, and another on Defendants' alleged failure to warn or instruct. I will first give you some general instructions on strict product liability, and then will explain what Plaintiff must prove for each of her strict product liability claims.

Strict product liability exists when a product – because of its design, manufacturing, or lack of warnings and instructions – poses an unreasonable risk of injury. An unreasonable risk of injury is a risk which a reasonably prudent person having full knowledge of the risk would find unacceptable. This means that a product does not present an unreasonable risk of injury simply because it is possible to be harmed by it.

Under strict product liability law, you are not to consider the reasonableness of acts or omissions of the manufacturer. You are to look at the product itself and consider only the risks of harm from its condition or from the manner of its use at the time of the injury.

Under a strict product liability claim, what is customarily done by those engaged in the manufacturer's business is evidence of whether a risk of injury would be acceptable to a reasonably prudent person. However, the acceptability of a risk of injury is determined by the conduct of a reasonably prudent person having full knowledge of the risk, whether such conduct is usually followed or not.

Compliance with industry customs or standards or governmental rules, standards, or codes is evidence of the acceptability of the risk, but it is not conclusive.

Strict product liability applies when a product presents an unreasonable risk of injury, even though all possible care has been used by the manufacturer in putting the product on the market. The liability of the manufacturer is to persons whom the manufacturer can reasonably expect to use the product.

<u>Source</u>:
NMRA, Civ. UJI 13-1407, 13-1408, 13-1406

## STRICT PRODUCT LIABILITY DESIGN DEFECT

Plaintiff claims Defendants are liable for strict product liability because the PowerPort was defectively designed. To prevail on this claim, Plaintiff must prove each of the following elements by the greater weight of the evidence:

1. The PowerPort's design posed an unreasonable risk of injury, and

2. The design was a cause of Plaintiff's injury.

In evaluating this claim, you should consider whether the benefits of PowerPort's design are outweighed by its risks. You may consider:

(a) the usefulness and desirability of the product;

(b) the availability of other and safer products to meet the same need;

(c) the likelihood of injury and its probable seriousness;

(d) the obviousness of the danger;

(e) the avoidability of injury by care in use of the product (including the effect of instructions or warnings); and

(f) the ability to eliminate the danger without seriously impairing the usefulness of the product or making it unduly expensive.

The design of a product need not necessarily adopt features which represent the ultimate in safety.

*Based on UJI 13-1407 plus relevant factors identified in footnote 2 of Brooks.*

**STRICT PRODUCT LIABILITY MANUFACTURING DEFECT**

Plaintiff claims Defendants are liable for strict product liability because her PowerPort was defectively manufactured. To prevail on this claim, Plaintiff must prove each of the following elements by the greater weight of the evidence:

1. Her PowerPort was manufactured in a way that departed from Defendants' intended design as a result of a flaw introduced in the manufacturing process;

2. This manufacturing defect posed an unreasonable risk of injury; and

3. The defect was a cause of Plaintiff's injury.

**STRICT PRODUCT LIABILITY FAILURE TO WARN OR INSTRUCT**

Plaintiff claims Defendants are liable for strict product liability because Defendants failed adequately to warn or instruct about the PowerPort. A product presents an unreasonable risk of injury if it is put on the market without warnings or instructions regarding risks which could be avoided by giving adequate warnings or instructions.

To be adequate, a warning or instruction must have certain characteristics:

(A) It must be in a form that can reasonably be expected to catch the attention of the medical professional user of the product;

(B) It must be understandable to the reasonably foreseeable medical professional user of the product; and

(C) It must disclose the nature and extent of the danger. In this regard, it must identify any harmful consequence which a reasonably foreseeable medical professional user would not understand from a general warning of the product's danger.

To prevail on this claim, Plaintiff must prove each of the following elements by the greater weight of the evidence:

(1) The PowerPort's warnings or instructions were inadequate;

(2) Because of the inadequate warnings or instructions, the PowerPort presented an unreasonable risk of injury, and

(3) The inadequate warnings and instructions were a cause of Plaintiff's injury.

**Combined Introductory Negligence Instructions**

Plaintiff asserts four negligence claims against Defendants. These include claims for negligent design, negligent manufacturing, negligent failure to warn or instruct, and negligent misrepresentation.

A manufacturer of a product has a duty to use ordinary care to avoid a foreseeable risk of injury caused by a condition of the product or manner in which it is used. This duty is owed to persons who can reasonably be expected to use the product.

The manufacturer's duty to use ordinary care continues after the product has left its possession. A manufacturer who later learns, or in the exercise of reasonable diligence should know, of a risk of injury caused by the condition of the product or manner in which it could be used must then use ordinary care to avoid the risks.

Ordinary care is that care which a reasonably prudent manufacturer would use in the conduct of the manufacturer's business. What constitutes ordinary care varies with the likelihood of an injury occurring and the seriousness of the harm which could reasonably be expected. As the danger that should be foreseen increases, so the amount of care required also increases.

The question in this case is whether, considering all of the circumstances, the risk of injury was foreseeable to and would have been avoided by a reasonably prudent manufacturer using ordinary care.

What is customarily done by those engaged in the manufacturer's business is evidence of ordinary care. However, what ought to be done is fixed by a standard of ordinary care, whether it is usually complied with or not.

Compliance with industry customs or standards or governmental rules, standards, or codes is evidence of ordinary care, but it is not conclusive.

Sources:
Stipulated Non-Model Instruction 1; UJI 13-1405 NMRA

**Plaintiff's Proposed Jury Instruction No. 11 (modified)**

Plaintiff claims that Defendants were negligent in designing the PowerPort. To prevail on this claim, Plaintiff must prove each of the following elements by the greater weight of the evidence:

1. Defendants breached their duty to exercise ordinary care by failing to design a product that is reasonably safe for foreseeable use in light of all the circumstances;

2. Plaintiff was harmed; and

3. Defendants' breach was a cause of Plaintiff's harm.

A manufacturer need not necessarily design into the product or adopt features which represent the ultimate in safety. You should consider a manufacturer's ability to eliminate a danger without seriously impairing the usefulness of the product or without making it unduly expensive. Ordinary care requires a product that is reasonably safe for foreseeable use in light of all the circumstances.

In designing a product, the manufacturer has the duty to possess and apply the knowledge available to reasonably prudent manufacturers.

<u>Source</u>: *Last two paragraphs from UJI 13-1410*

**Plaintiff's Proposed Jury Instruction No. 12 (modified)**

Plaintiff claims that Defendants were negligent in manufacturing the Power Port. To prove this claim, Plaintiff must prove each of the following elements by the greater weight of the evidence:

1. Defendants breached their duty to exercise ordinary care in the manufacturing of Plaintiff's PowerPort because the manufacturing departed from the PowerPort's intended design due to a flaw in the manufacturing process;

2. Plaintiff was harmed; and

3. Defendants' breach was a cause of Plaintiff's harm.

**Plaintiff's Proposed Jury Instruction No. 13 (modified)**

Plaintiff claims that Defendants were negligent in failing to provide adequate warnings or instructions for the PowerPort. To prove this claim, Plaintiff must prove each of the following elements by the greater weight of the evidence:

1. Defendants breached their duty to exercise ordinary care in providing adequate warnings of, or instructions to avoid, a risk of injury that Defendants knew, or in the exercise of ordinary care should have known, was associated with the PowerPort;

2. Plaintiff was harmed; and

3. Defendants' breach was a cause of Plaintiff's harm.

A manufacturer must use ordinary care to warn of a risk of injury or provide instructions to avoid the injury. However, there is no duty to warn or instruct of a risk unknown to the manufacturer, unless, by the use of ordinary care, the manufacturer should have known of the risk.

A manufacturer has no duty to warn of risks which the manufacturer can reasonably expect to be obvious or known to foreseeable medical professional users of the product.

Source: UJI 13-1415.

**Bard's Proposed Jury Instruction No. 13 (modified)**

Plaintiff claims that Defendants are liable for negligent misrepresentation. To prove this claim, Plaintiff must prove each of the following elements by the greater weight of the evidence:

1. Defendants made a material representation to Plaintiff or her doctor which was not true;

2. Defendants had no reasonable ground for believing the representation was true;

3. Defendants intended to induce the Plaintiff or her doctor to rely on the representation;

4. Plaintiff or her doctor justifiably relied on the representation to her detriment.

5. Defendants' representation was a cause of Plaintiff's harm.

*Note*: *Cobb v. Gammon*, 389 P.3d 1058, 1072 (N.M. Ct. App. 2016), cited by P, does not reject the requirement of justifiable reliance; it recognizes it.

*Question*: *Should we define justifiable reliance?*

**Plaintiff's Proposed Jury Instruction No. 14 (modified)**

Plaintiff contends that Defendants are liable for fraudulent misrepresentation. To prevail on this claim, Plaintiff must prove each of the following elements by clear and convincing evidence:

1. Defendants made a representation of fact which was not true;
2. Defendants either knew the representation was false or made it recklessly;
3. Defendants intended to deceive and to induce Plaintiff or her doctor to rely on the representation;
4. Plaintiff or her doctor justifiably relied on the representation; and
5. Defendants' representation was a cause of Plaintiff's harm.

**Plaintiff's Proposed Jury Instruction No. 15 (modified)**

Plaintiff contends that Defendants are liable for fraudulent concealment.

A party to a transaction has a duty to disclose material information when it has superior knowledge not within the reach of the other party.

To prevail on this claim, Plaintiff must prove each of the following elements by clear and convincing evidence:

1. Defendants, by virtue of their superior knowledge, had a duty to disclose a fact in order to make their representations not misleading, and yet omitted or concealed the fact;

2. Defendants had knowledge of the fact they omitted or concealed;

3. The omission or concealment was made with the intent to deceive and to induce Plaintiff or her doctor to rely on the representation;

4. Plaintiff or her doctor did in fact justifiably rely on the omission or concealment; and

5. Defendants' omission or concealment was a cause of Plaintiff's harm.

*Duty language derived from Azar v. Prudential Ins. Co. of Am., 68 P.3d 909, 928 (N.M. Ct. App. 2003).*

**Bard's Proposed Jury Instruction No. 14 (modified)**

With respect to four of Plaintiff's claims – strict product liability based on failure to warn, negligent misrepresentation, fraudulent misrepresentation, and fraudulent concealment – a manufacturer of an implantable medical device satisfies its duty to warn or instruct if it provides adequate warnings and instructions to the implanting doctor. Therefore, Defendants are not liable for these claims if you find any one of the following:

(1) Defendants provided accurate and adequate warnings or instructions or representations to Plaintiff's implanting doctor;

(2) The doctor was already aware of the information that the Plaintiff claims should have been included in the warning or instructions or representations; or

(3) The doctor would have implanted Plaintiff's PowerPort even if Defendants had provided the additional or different warnings or instructions or representations Plaintiff claims should have been given.

**Plaintiff's Proposed Jury Instruction No. 18 (?)**

Defendants assert the affirmative defense of comparative negligence. Defendants contend that Plaintiff's injuries were caused in part by the negligence of a person who is not a party to this case. That person is Dr. Dim.

Defendants have the burden of proving by a preponderance of the evidence:

(1) the negligence of Dr. Dim; and
(2) that such negligence was a cause of Plaintiff's injuries.

Therefore, even though Dr. Dim is not a party in this case, you will be asked to decide whether he was negligent and whether his negligence caused Plaintiff's injuries.

As you will see on the verdict form, if you decide that Dr. Dim's negligence was a cause of Plaintiff's injuries, then you must decide the percentage of negligence attributable to Dr. Dim, and then Plaintiff's damages will be reduced by the percentage of fault you assign to Dr. Dim. I will do the reduction of damages. You should only assign percentages of negligence – you should not reduce Plaintiff's damages for this reason.

The term "negligence" may relate either to an act or a failure to act.

An act, to be "negligence," must be one which a reasonably prudent person would foresee as involving an unreasonable risk of injury to themselves or to another and which such a person, in the exercise of ordinary care, would not do.

A failure to act, to be "negligence," must be a failure to do an act which one is under a duty to do and which a reasonably prudent person, in the exercise of ordinary care, would do in order to prevent injury to themselves or to another.

"Ordinary care" is that care which a reasonably prudent person would use in the conduct of the person's own affairs. What constitutes "ordinary care" varies with the nature of what is being done.

As the risk of danger that should reasonably be foreseen increases, the amount of care required also increases. In deciding whether ordinary care has been used, the conduct in question must be considered in the light of all the surrounding circumstances. Every person has a duty to exercise ordinary care for the safety of the person and the property of others.

This comparative fault defense applies only to Plaintiff's claims for strict liability and negligence. It does not apply to Plaintiff's claims for fraudulent misrepresentation and fraudulent concealment.

*Question: Is this last paragraph correct in light of N.M.S.A. 41-3A-1?*

**Possible Comparative Fault Instructions**

*Plaintiff's proposed instruction from Payne:*

When a person causes an injury to another, which requires medical treatment, it is foreseeable that the treatment, whether provided properly or negligently, will cause additional harm. Therefore, the person causing the original injury is also liable for the additional injury caused by subsequent medical treatment, if any.

*Possible alternative:*

If you find that Defendants were negligent under any of Plaintiff's negligence claims, that Defendants' negligence caused injury to Plaintiff, and that the injury to Plaintiff required her to obtain additional medical treatment, then Defendants are liable for the injury they caused and for the injury arising from the additional medical treatment, whether the additional medical treatment was provided properly or negligently.

**Plaintiff's Proposed Damages Instruction No. 16A (first paragraph added)**

It is the Court's duty to instruct you on the measure of damages. My giving of these damages instructions is not meant to suggest which party you should rule for or what amount of damages you should award, if any. Those are matters entirely up to you.

If you decide in favor of Plaintiff on the question of liability, you must then fix the amount of money which will reasonably and fairly compensate her for any of the following elements of damages proved by Plaintiff to have resulted from the wrongful conduct as claimed:

1. The reasonable expense of necessary medical care, treatment and services received.

2. The nature, extent and duration of the injury including disfigurement.

3. The pain and suffering experienced and reasonably certain to be experienced in the future as a result of the injury. No fixed standard exists for deciding the amount of these damages. You must use your judgment to decide a reasonable amount to compensate the plaintiff for the pain and suffering.

4. The loss of enjoyment of life experienced and reasonably certain to be experienced in the future as a result of the injury. No fixed standard exists for deciding the amount of these damages. You must use your judgment to decide a reasonable amount to compensate the plaintiff for the loss of enjoyment of life.

5. The aggravation of any preexisting ailment or condition, but you may allow damages only for the aggravation itself and not for the preexisting ailment or condition.

Whether any of these elements of damages have been proved by the evidence is for you to determine.

If you find that, before any injury in this case, Plaintiff was already impaired by a physical or emotional condition, Plaintiff is entitled to compensation for the aggravation or worsening of the condition, but not for elements of damages to the extent they were already being suffered.

However, damages are to be measured without regard to the fact Plaintiff may have been unusually susceptible to injury or likely to be harmed. The defendant is said to "take the plaintiff as he finds her," meaning that the defendant, if liable, is responsible for all elements of damages caused by the defendant's conduct even if some of the plaintiff's injury arose because the plaintiff was unusually susceptible to being injured.

Your verdict must be based upon proof and not upon speculation, guess or conjecture. Further, sympathy or prejudice for or against a party should not affect your verdict and is not a proper basis for determining damages.

**Bard's Proposed Jury Instruction No. 16B**

In fixing the amount of money which will reasonably and fairly compensate Plaintiff, you are to consider that an injured person must exercise ordinary care to minimize or lessen their damages. Damages caused by the injured person's failure to exercise such care cannot be recovered.

**Bard's Proposed Jury Instruction No. 17**

In this case, Plaintiff seeks to recover punitive damages from Defendants. You may consider punitive damages only if you find that Plaintiff should recover compensatory damages.

At this stage of the trial, you will be asked only to determine whether Plaintiff should recover punitive damages, not to determine the amount of punitive damages. Before setting the amount, you will receive some additional evidence and arguments.

Plaintiff must prove she is entitled to punitive damages by clear and convincing evidence.

If you find that the conduct of Defendants was malicious, willful, reckless, wanton, or fraudulent, then you may award punitive damages against that party.

Malicious conduct is the intentional doing of a wrongful act with knowledge that the act was wrongful.

Willful conduct is the intentional doing of an act with knowledge that harm may result.

Reckless conduct is the intentional doing of an act with utter indifference to the consequences. When there is a high risk of danger, conduct that breaches the duty of care is more likely to demonstrate recklessness.

Wanton conduct is the doing of an act with utter indifference to or conscious disregard for a person's safety.

Punitive damages are awarded for the limited purposes of punishment and to deter others from the commission of like offenses.

**[Additional instruction after second phase]**

As I noted in my previous instructions, punitive damages are awarded for the limited purposes of punishment and to deter others from the commission of like offenses. The amount of punitive damages must be based on reason and justice taking into account all the circumstances, including the nature of the wrong and such aggravating and mitigating circumstances as may be shown. The property or wealth of the defendant is a legitimate factor for your consideration. The amount awarded, if any, must be reasonably related to the injury and to any damages given as compensation and not disproportionate to the circumstances.

Plaintiff has introduced evidence of harm as a result of Defendants' conduct. You may consider this evidence in determining the nature of Defendants' wrongful conduct toward Plaintiff. You may not, however, include in your award of punitive damages any amount that punishes Defendants for harm to others not before this court.

## 2.17 Evidence in Electronic Format

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer, projector, printer, and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits. You will also be provided with a paper list of all exhibits received in evidence. You may request a paper copy of any exhibit received in evidence by sending a note through the bailiff. If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the bailiff, signed by your foreperson or by one or more members of the jury. Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with the bailiff present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any nonjuror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any nonjuror other than to describe the technical problem or to seek information about operation of the equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any “outside” website, database, directory, game, or other material. Do not attempt to alter the computer to obtain access to such materials. If you discover that the computer provides or allows access to such materials, you must inform the court immediately and refrain from viewing such materials. Do not remove the computer or any electronic data from the jury room, and do not copy any such data.

**ST–3.1 Duty to Deliberate**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## ST–3.2 Consideration of Evidence—Conduct of the Jury

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, the platform "X" formerly known as Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.
>
> Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it[, although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses, or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

## ST–3.3 Communication with Court

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

## ST–3.5 Return of Verdict

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the bailiff that you are ready to return to the courtroom.

**Bard's Proposed Jury Instruction No. 16D**

*Question: Should the Court and the parties perform this calculation, and the jury just assign percentages of fault?*

<u>COMPARATIVE NEGLIGENCE; COMPARISON AMONG DEFENDANTS OR NON-PARTIES; GENERAL VERDICT</u>

If you find that Plaintiff's injury was caused by a combination of negligence of more than one person, you must determine the amount of damages to be awarded as follows:

First: In accordance with the damage instructions I have given you, determine the total amount of damages suffered by Plaintiff.

Second: Compare the negligence, if any, of Defendants and Dr. Dim, and determine a percentage for each. The percentage for any one or more of the persons named may be zero if you find that such person was not at fault or that any fault on the part of such person was not a cause of damage. The total of the percentages must equal 100% for the persons whose negligence did cause the damage.

Third: Multiply the percentage of fault attributed to Defendants and to Dr. Dim times Plaintiff's total damages. This gives you the amount of damages to be awarded to the Plaintiff against Defendants and Dr. Dim on the line provided in the appropriate verdict form. If the percentage found for Defendants or Dr. Dim is zero, then the verdict as to Defendants or Dr. Dim will be for Defendants or Dr. Dim and against the Plaintiff.

<u>Source</u>:
UJI 13-2219