Michael A. Sacchet (MN #0395817)
(Admitted Pro Hac Vice)
Ciresi Conlin LLP
225 S. 6th St., Ste. 4000
Minneapolis, MN 55402
Phone: (612) 361-8220
Fax: (612) 314-4760
Email: mas@ciresiconlin.com

***Counsel for Plaintiff***

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| IN RE: Bard Implanted Port Catheter Products Liability Litigation<br><br>THIS DOCUMENT RELATES TO:<br><br>Kimberly Divelbliss,<br><br>C.A. No. CV-23-01627-PHX-DGC<br><br>Kimberly Divelbliss,<br><br>Plaintiff,<br><br>v.<br><br>Becton, Dickinson and Company, et al.,<br><br>Defendants. | MDL No. 3081<br><br>**PLAINTIFF'S RULE 59(e) MOTION TO ALTER OR AMEND JUDGMENT TO INCLUDE PREJUDGMENT INTEREST** |

## INTRODUCTION

Plaintiff respectfully requests prejudgment interest. Prejudgment interest is a matter of state law. The New Mexico legislature has determined that prejudgment interest is appropriate when a defendant decides to try a case rather than make a reasonable and timely settlement offer. N.M.S.A. § 56-8-4(B).

Here, Defendants never made an offer to settle Plaintiff's case. Defendants knew they faced extensive damages based on Plaintiff's severe injuries. But, even before this case was selected as a bellwether, Defendants failed to so much as respond to Plaintiff's repeated deliveries of a settlement offer and invitation to discuss settlement possibilities.

Defendants thus decided to take the case to trial rather than make, or even entertain, reasonable and timely efforts to resolve it. Based on Defendants' strategic choice and the jury's verdict, Plaintiff respectfully moves under Federal Rule of Civil Procedure 59(e) to alter or amend the judgment to include prejudgment interest consistent with the New Mexico statute.

## BACKGROUND

As shown at trial, Plaintiff Kimberly Divelbliss was implanted with a defective silicone Groshong port catheter that Defendants designed and manufactured. In 2019, Plaintiff was hospitalized after the catheter fractured and a piece traveled to her heart, and she required surgery to remove the catheter fragment. Even after the removal surgery, Plaintiff suffered heart problems and underwent extensive subsequent medical treatment. Defendants have never made an offer to settle Plaintiff's case. Lakins Dec. ¶ 4.

Plaintiff filed suit in New Mexico state court on July 11, 2022, and the complaint was served on July 14, 2022. Lakins Dec. ¶¶ 2-3; *see also Divelbliss* Docs. 1, 1-1. Defendants removed the case to the United States District Court for the District of New Mexico on August 12, 2022. *Divelbliss* Doc. 1. Two months later, Plaintiff filed an amended complaint expressly requesting prejudgment interest. *Divelbliss* Doc. 26 at 31; *see also* Doc. 175 at 1 ("incorporat[ing] . . . relief as set forth in" Doc. 119); Doc. 119 at

88 ¶ J (seeking "[p]re-judgment interest as allowed by law"). The Judicial Panel on Multidistrict Litigation transferred the matter into consolidated proceedings before this Court in August 2023. *Divelbliss* Docs. 35, 37.

On June 10, 2024—nearly a year before this case was selected for the MDL bellwether pool, *see* Doc. 3513 (CMO 35)—Plaintiff made a settlement offer to Defendants. Lakins Dec. ¶ 5; PX1. Plaintiff sent that settlement offer letter by both email and mail to two of Defendants' attorneys. Lakins Dec. ¶ 5; PX1. Defendants neither responded to Plaintiff's settlement letter nor contacted Plaintiff's counsel to discuss settlement in 2024. Lakins Dec. ¶¶ 6-7.

In July 2024—the month after Plaintiff first sent a settlement letter that received no response—the MDL parties exchanged lists proposing 24 representative cases per side, and MDL Plaintiffs' list included Ms. Divelbliss's case. *See* Lakins Dec. ¶ 8; Doc. 115 (CMO 10); Doc. 956 (CMO 24) at 1. Plaintiff's case thus became part of the initial bellwether pool of 48 cases. *See* Lakins Dec. ¶ 8. In December 2024, her case was again selected to proceed in the narrowed bellwether pool of 15 cases. Lakins Dec. ¶ 9; Doc. 2024.

At Plaintiff's deposition in February 2025, Plaintiff's counsel hand-delivered a duplicate of the settlement offer letter to one of Defendants' attorneys, who indicated that she would ensure its delivery to lead defense counsel. Lakins Dec. ¶ 10. Defendants again neither responded to Plaintiff's letter nor engaged in settlement discussions in 2025. Lakins Dec. ¶¶ 11-12.

When the parties submitted proposed bellwethers to the Court in April 2025, MDL Plaintiffs sought to include Ms. Divelbliss's case based in part on the extensive injuries Defendants inflicted on her and the substantial damages at issue. Doc. 3294 at 9-10. Defendants opposed selecting Plaintiff's case. *See* Doc. 3293 at 4-7. Defendants acknowledged her "serious surgeries" and "severe injur[ies]," and they recognized that her case "involves highly unusual injury claims, as the plaintiff and her cardiologist

allege that her cardiac problems, which have necessitated 4 ablation procedures and the implant of a pacemaker, were caused by the fracture of the catheter." *Id.* at 6.

In May 2025, the Court selected Plaintiff's case for a bellwether trial, explaining that "Divelbliss is a surgery case and represents one of the few high-value cases proposed by Plaintiffs." Doc. 3513 (CMO 35) at 3.

The next month, Plaintiff withdrew her settlement offer. Lakins Dec. ¶ 13; PX2.

Plaintiff's case was ultimately set for trial in August 2026. Doc. 6388. The parties discussed settlement possibilities at a general level in the months leading up to Plaintiff's trial, but Defendants never made a single settlement offer. Lakins Dec. ¶ 14.

Plaintiff's case proceeded to trial as scheduled, and the jury awarded Plaintiff $40,000,000.00 in compensatory damages. Doc. 10619. The Court entered judgment on September 10, 2026, including an award of post-judgment interest under the federal statute. Doc. 10711.

## **LEGAL FRAMEWORK**

Prejudgment interest in a diversity action is a matter of substantive state law. *In re Exxon Valdez*, 484 F.3d 1098, 1101 (9th Cir. 2007). New Mexico law therefore controls. *Id.*; *see also* Doc. 9492 at 3, 5 (acknowledging diversity jurisdiction and stipulating that "Plaintiff's claims and Defendants' defenses are governed by New Mexico substantive law"). A prevailing plaintiff may request prejudgment interest through a timely motion to alter or amend the judgment under Rule 59(e). *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 175-78 (1989); *McCalla v. Royal MacCabees Life Ins. Co.*, 369 F.3d 1128, 1129-34 (9th Cir. 2004) (explaining that Rule 59(e) is the vehicle to determine "whether prejudgment interest is available" and that a prejudgment interest motion filed within the Rule 59(e) window allows "the district court [to] rule[] on the motion before that judgment [becomes] final").

## ARGUMENT

### I. New Mexico statutory law provides for prejudgment interest when a defendant fails to make a reasonable and timely settlement offer.

The New Mexico legislature "requires that Defendants make a reasonable settlement offer" or face the chance of a prejudgment interest award. *Morga v. Fedex Ground Package Sys., Inc.*, 420 P.3d 586, 604 (N.M. Ct. App. 2018), *aff'd on other grounds*, 512 P.3d 774 (N.M. 2022). The state statute provides that a court may award prejudgment interest of up to 10% per year after it considers, "among other things," (1) whether the plaintiff was the cause of any unreasonable delay in the adjudication of the plaintiff's claims and (2) if the defendant had previously made a reasonable and timely offer of settlement to the plaintiff. N.M.S.A. § 56-8-4(B).

Thus, when a plaintiff has not unreasonably delayed proceedings, the only pertinent statutory factor is whether the defendant made a reasonable and timely settlement offer. *See id.*; *see also Piazza v. HK Hosp., LLC*, 2026 WL 1493348, at *23 (D.N.M. May 28, 2026). The "onus . . . to make an offer of settlement" is on the defendant, not the plaintiff. *State Farm Fire & Cas. Co. v. Farmers All. Mut. Ins. Co.*, 96 P.3d 1179, 1185 (N.M. Ct. App. 2004); *see also Lucero v. Aladdin Beauty Colls., Inc.*, 871 P.2d 365, 368 (N.M. 1994) ("[Defendant] could have avoided prejudgment interest entirely by making a reasonable and timely offer."); *Southard v. Fox*, 833 P.2d 251, 255 (N.M. Ct. App. 1992) (explaining that N.M.S.A. § 56-8-4(B) considers whether the defendant "made timely and reasonable settlement offers," not whether the plaintiff did so).

New Mexico's prejudgment interest statute "serves two purposes, promoting early settlements and compensating persons." *Morga*, 420 P.3d at 604 (citation omitted). With respect to the first purpose, the statute advances the legislature's "inten[t] . . . to foster timely settlements." *Lucero*, 871 P.2d at 368; *accord Sunwest Bank of Albuquerque, N.A. v. Colucci*, 872 P.2d 346, 351 (N.M. 1994); *Morga*, 420 P.3d at 604. Federal courts likewise recognize the state's "purpose of [prejudgment] interest . . . to

promote settlement." *E.g.*, *Rockwell v. State Farm Mut. Auto. Ins. Co.*, 2022 WL 1184651, at *2 (D.N.M. Apr. 21, 2022).

To the extent the statute serves a compensatory purpose, "prejudgment interest on a compensatory damages award" is appropriate "because the damages to which [the plaintiff] was entitled . . . were not received until long after the injury occurred." *Weidler v. Big J Enters., Inc.*, 953 P.2d 1089, 1103 (N.M. Ct. App. 1998); *see also State for Use of Rock Scapes v. RVC, Inc.*, 2018 WL 7045251, at *8-9 (N.M. Ct. App. Dec. 12, 2018) (unpublished) (affirming prejudgment interest award informed by "the impact of the events on the parties, and [the plaintiff's] loss of the use of the money [that] ultimately was awarded"); *Galich v. Advoc. Health & Hosp. Corp.*, 251 N.E.3d 930, 945 (Ill. Ct. App. 2024) ("Frequently, personal injury plaintiffs have incurred life-altering damages for which prompt resolution avoids great financial hardship in addition to the injuries themselves."). Thus, a plaintiff's "long wait for remuneration" favors awarding prejudgment interest. *Rockwell*, 2022 WL 1184651, at *2; *see also id.* (factoring in "the amount of inflation (and decrease in the value of money)" before judgment).

*Morga* is instructive. In that case, the trial court awarded prejudgment interest on a $165 million jury verdict in a tort case. 420 P.3d at 589-91. The court of appeals affirmed because, "irrespective of [the case's] complexity" and defendants' view that their "liability was not a foregone conclusion," the New Mexico statute nevertheless "requires Defendants to make a reasonable and timely offer of settlement in order to avoid an award of prejudgment interest." *Id.* at 604.

Federal courts applying New Mexico law thus find that prejudgment interest "is merited" when a defendant "manifests a determination to try the case rather than attempt to settle." *Rockwell*, 2022 WL 1184651, at *2; *see also, e.g.*, *Piazza*, 2026 WL 1493348, at *23 (awarding prejudgment interest when "the Defendants' settlement conduct [did] not reflect a reasonable effort to resolve [the] litigation"). For example, in *Rivera v. McCoy Corp.*, 240 F. Supp. 3d 1150, 1160-61 (D.N.M. 2017), the court awarded 10%

annual prejudgment interest because the defendant never made a settlement offer and was "consistently unwilling to participate in" settlement discussion.

**II. The New Mexico statute's factors and purpose all favor a prejudgment interest award in this case.**

The Court here should apply New Mexico law and award prejudgment interest. Both statutory factors support a prejudgment interest award. The first factor is straightforward, as there is no reason to think that Plaintiff caused any delay, let alone "unreasonable delay," in the adjudication of her claims. N.M.S.A. § 56-8-4(B)(1). The case unfolded under the MDL timeline, and Plaintiff did not seek to delay or continue her trial. If anything, Plaintiff's repeated settlement entreaties show her efforts to resolve her claims promptly.

Second, Defendants never "made a reasonable and timely offer of settlement to the plaintiff." N.M.S.A. § 56-8-4(B)(2). In fact, Defendants made no settlement offer whatsoever. Nor did they even respond to Plaintiff's repeatedly delivered letter that proposed a settlement amount and invited settlement discussion. Defendants were "consistently unwilling to participate in" settlement negotiations or make an attempt to resolve the case. *Rivera*, 240 F. Supp. 3d at 1161; *see also Piazza*, 2026 WL 1493348, at *24 (discussing *Rivera* and awarding prejudgment interest based on "[t]he same pattern" of the defendants "fail[ing] to engage in further meaningful settlement offers" even after they made one settlement offer); *Morga*, 420 P.3d at 604.

Simply put, Defendants here made a strategic "determination to try the case rather than attempt to settle." *Rockwell*, 2022 WL 1184651, at *2. They did so knowing both that Plaintiff had requested prejudgment interest and that New Mexico law—which provides for prejudgment interest—governs this case. *See Divelbliss* Doc. 26 at 31. Defendants also knew that Plaintiff's case was strong, as Groshong catheters, like the one that broke and injured Ms. Divelbliss, are uniquely dangerous. *See* Doc. 3293 at 2, 4. And Defendants knew that Plaintiff's case involved "severe injury" and "serious surgeries," requiring "4 ablation procedures and . . . a pacemaker." Doc. 3293 at 6. It

was clear that this was a "high-value case[]" where Defendants risked a large jury verdict. Doc. 3513 at 3; *see also Morga*, 420 P.3d at 604 (affirming prejudgment interest award on $165 million verdict where the defendants had "recognized the potential for a large verdict"). Indeed, that was the very reason Defendants tried to prevent this case from becoming a bellwether. Doc. 3293 at 4-7.

Defendants "could have avoided prejudgment interest entirely by making a reasonable and timely offer." *Lucero*, 871 P.2d at 368. But even after receiving an initial offer from Plaintiff, Defendants decided to take their chances by not settling the case, not even dignifying Plaintiff's repeatedly delivered offer with any response at all. *See Rockwell*, 2022 WL 1184651, at *2. And in doing so, Defendants have made Plaintiff endure her injuries for years before recovery—already over four years since she sued and over two years since she tried to resolve the case. *See Rockwell*, 2022 WL 1184651, at *2 (weighing plaintiff's "long wait for remuneration"); *Weidler*, 953 P.2d at 1103 (affirming prejudgment interest award when plaintiff did not recover "until long after the injury occurred"). When a defendant chooses that strategy, the New Mexico legislature has determined that the defendant ought to pay prejudgment interest if the jury ultimately finds the plaintiff's case meritorious. Defendants knowingly took on that risk here, and because the jury rendered a verdict for Plaintiff, the judgment should include what New Mexico law provides. *See Morga*, 420 P.3d at 604; *Rockwell*, 2022 WL 1184651, at *2.

The case's eventual selection as a bellwether in mid-2025 does not change the analysis. The New Mexico legislature has not carved out an exception for cases in consolidated proceedings. N.M.S.A. § 56-8-4(B). Rather, "[b]ecause the language in Section 56-8-4(B) is general, the legislature must have intended that, to foster timely settlements, a discretionary award of prejudgment interest is allowed in all cases." *Lucero*, 871 P.2d at 368; *see also Southard*, 833 P.2d at 253 ("Section 56-8-4(B) applies to *all actions* and is not limited to certain or specific actions.") (emphasis in original). Nor does precedent suggest any different rule for cases in consolidated proceedings. For

example, a federal court applying New Mexico law has awarded prejudgment interest to a plaintiff who, during a portion of the proceedings, had obtained class certification. *Rivera*, 240 F. Supp. 3d at 1160-61 (awarding full statutory prejudgment interest rate). In all events, Defendants neither made a settlement offer nor responded to Plaintiff's demand letter during the nearly three years from when Plaintiff served her complaint until the Court selected this case as a bellwether. And it was not a foregone conclusion that this case would become a bellwether, as Defendants fought its selection. *E.g.*, Doc. 3293 at 4-7. Because there is no textual basis to exclude this case from the ambit of § 56-8-4(B), New Mexico law supports a prejudgment interest award in this case.

## III. The full statutory prejudgment interest rate is appropriate because all pertinent factors support such an award.

Because both statutory factors favor an award, the full statutory prejudgment interest rate of 10% is appropriate. N.M.S.A. § 56-8-4(B). Courts award that rate when defendants fail to make a settlement offer, even if the defendant has not otherwise delayed proceedings. In *Rivera*, for example, the court awarded 10% prejudgment interest where the defendant never made a settlement offer and was "consistently unwilling to participate in" settlement discussions. 240 F. Supp. 3d at 1160-61; *see also Lucero*, 871 P.2d at 368 (affirming 10% prejudgment interest rate when defendant failed to make reasonable settlement offer).

To be sure, courts sometimes award prejudgment interest at a lower percentage when the plaintiff delayed proceedings or when the defendant made a settlement offer that was too late or too low. *E.g.*, *Morga*, 420 P.3d at 604 (affirming 5% per year prejudgment interest award on $165 million compensatory recovery even though the defendant had engaged in mediation and made one settlement offer, and the *plaintiff* insisted on an unreasonable settlement posture); *Southard*, 833 P.2d at 252-55 (affirming 8% prejudgment interest rate even though the defendant had made three settlement offers); *Piazza*, 2026 WL 1493348, at *23 (awarding 7% prejudgment interest rate to "balance[] the statutory considerations" when, among other things, the defendants had

in fact made a settlement offer). Ms. Divelbliss's case, however, presents no such countervailing or mitigating factors. Defendants made no settlement offer and did not even respond to her efforts to resolve the matter, and Ms. Divelbliss did not delay the adjudication of this case. Defendants' settlement posture provides no reason to award anything less than the full statutory rate. *See Rivera*, 240 F. Supp. 3d at 1160-61.

Finally, the amended judgment should provide for post-judgment interest on the prejudgment interest award, as "post-judgment interest is 'awarded on the entire amount of the specified judgment, including [the] pre-judgment interest.'" *C.R. Bard, Inc. v. Atrium Med. Corp.*, No. CV-21-00284-PHX-DGC, 2025 WL 1953024, at *3 (D. Ariz. July 16, 2025) (quoting *Lagstein v. Certain Underwriters at Lloyd's of London*, 725 F.3d 1050, 1056 (9th Cir. 2013)) (alteration in original).

## CONCLUSION

For the reasons above, Plaintiff respectfully requests that the Court alter or amend the judgment (Doc. 10711) to include prejudgment interest of 10% per year or another appropriate rate from when Plaintiff served her complaint on July 14, 2022, until the Court enters the altered or amended judgment, as well as post-judgment interest on the prejudgment interest. *See* Proposed Am. Judgment.

Dated: October 8, 2026

Respectfully submitted,

*/s/ Michael A. Sacchet*

Michael A. Sacchet (MN #0395817)
(Admitted Pro Hac Vice)
Ciresi Conlin LLP
225 S. 6th St., Ste. 4000
Minneapolis, MN 55402
Phone: (612) 361-8220
Fax: (612) 314-4760
Email: mas@ciresiconlin.com

*/s/ Thomas W. Pirtle*
Thomas W. Pirtle
(Admitted Pro Hac Vice)
Laminack, Pirtle & Martines
5020 Montrose Blvd., 9th Floor
Houston, TX 77006
Phone: (713) 292-2750
Fax: (713) 292-2755
Email: tomp@lpm-triallaw.com

*/s/ Brandon D. Henry*
Brandon D. Henry
(Admitted Pro Hac Vice)
Wagstaff & Cartmell LLP
4740 Grande Avenue, Suite 300
Kansas City, MO 64112
Phone: (816) 701-1127
Email: bhenry@wcllp.com

***Counsel for Plaintiff***