**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

IN RE: Bard Implanted Port Catheter Products Liability Litigation

MDL No. 3081

Judy Hicks,

Individual Plaintiff,

v.

Becton Dickinson and Company, et al.,

Defendants.

No. CV-23-01703-PHX-DGC

**ORDER**

**Malcolm Sydnor, M.D.**

This multidistrict litigation ("MDL") involves thousands of personal injury cases related to implanted port catheters ("IPCs" or "ports") designed, manufactured, and marketed by Defendants Becton Dickenson and Company, C. R. Bard, Inc., Bard Access Systems, Inc., and Bard Peripheral Vascular, Inc. (collectively, "Defendants" or "Bard"). Plaintiff Judy Hicks has filed a motion to exclude case-specific expert opinions of Malcolm Sydnor, M.D. Doc. 5814. Defendants responded (Doc. 6234) and no reply was filed. The Court will grant the motion in part.

**I. Background.**

An IPC is a medical device surgically implanted under the skin to provide repeated access to a patient's vascular system without the need for multiple needlesticks into

peripheral veins. IPCs are used to deliver chemotherapy and immunotherapy medication, intravenous fluids, blood transfusions, and parenteral nutrition. IPCs can remain in place for weeks, months, or even years until treatment is completed. Plaintiff Hicks received a Bard port for chemotherapy related to breast cancer, and claims it became blocked by blood clots due to a product defect.

Defendants have identified Malcolm Sydnor, M.D., as a medical expert. Since 2004, Dr. Sydnor has been board certified in diagnostic radiology, and has held a subspecialty certification in vascular and interventional radiology since 2007. Doc. 4824-1 at 4. He is a Professor of Radiology and Surgery at Virginia Commonwealth University and has been practicing interventional radiology full-time since 2005. *Id.* at 4-5. He has implanted and removed thousands of ports from numerous manufacturers. *Id.* at 6. His most extensive experience has been with Bard ports. *Id.*

## II. Legal Standard.

Rule 702 provides that "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion" if the proponent of the expert's testimony "demonstrates to the court that it is more likely than not that" (a) "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue," (b) "the testimony is based on sufficient facts or data," (c) "the testimony is the product of reliable principles and methods," and (d) "the expert's opinion reflects a reliable application of the principles and methods to the facts of the case." Fed. R. Evid. 702(a)-(d). The proponent of the expert testimony must show by a preponderance of the evidence that the testimony satisfies each of these requirements. Fed. R. Evid. 104(a); Fed. R. Evid. 702 advisory committee's note to 2023 amendment ("[T]he rule has been amended to clarify and emphasize that expert testimony may not be admitted unless the proponent demonstrates to the court that it is more likely than not that the proffered testimony meets the admissibility requirements set forth in the rule."); *Engilis v. Monsanto Co.*, 151 F.4th 1040, 1050 (9th Cir. 2025) ("Consistent with the 2023 amendment, our precedent establishes that Rule 702 requires a

proponent of expert testimony to demonstrate each of the requirements of Rule 702 by a preponderance of the evidence.”).

The Court acts as a gatekeeper to ensure that expert testimony satisfies Rule 702. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993). The Court's task is not to decide whether the expert is right or wrong, but to ensure the proposed opinions satisfy Rule 702. *Alaska Rent-A-Car, Inc. v. Avis Budget Grp.*, 738 F.3d 960, 969-70 (9th Cir. 2013); *Engilis*, 151 F.4th at 1050. If the proponent does not meet its Rule 702 burden, the expert testimony is not admissible. *See Davis v. McKesson Corp.*, No. CV-18-1157-PHX-DGC, 2019 WL 3532179, at *3 n.2 (D. Ariz. Aug. 2, 2019) (“[T]he Court may admit expert opinions only if it can determine, under Rule 104(a), that Plaintiffs have shown each of the Rule 702 requirements to be satisfied by a preponderance of the evidence.”).

## III. Discussion.

Plaintiff Hicks argues that Sydnor cannot opine that the benefits of her port outweighed the risks, and that she and her doctor believed the same, because these opinions will not help the jury, are legal conclusions, and contain speculation about what Hicks and her doctor believed. Doc. 5814 at 4-5.

The Court does not agree that Sydnor's risk-benefit opinion will be unhelpful to the jury. The jury will be required to consider whether the product's risks outweighed its benefits. Plaintiff attempts to characterize this as a product design opinion, but Sydnor does not address the product's design. As we have learned in this MDL, interventional radiologists and other doctors who implant ports routinely conduct a risk-benefit analysis when deciding on the proper course of treatment for a particular patient. The Court has already ruled that Sydnor is qualified to provide opinions on the risks and benefits of ports. Doc. 10596 at 4-7. His opinion on this issue will be helpful to the jury in addressing Plaintiff's claims.

Sydnor's risk-benefit opinion is not a legal conclusion. Whether the port's risks outweigh its benefits will be a factual issue addressed throughout the trial of this case. Sydnor does not address a legal standard or instruct the jury on how to apply it.

Sydnor can address the knowledge of the implanting physician, Dr. Cavins, because Dr. Cavins testified in some detail about her knowledge and Sydnor has reviewed her deposition. Docs. 6234 at 7, 6234-1 at 11.

But Defendants identify no factual basis for Sydnor's testimony of what Hicks knew regarding the risks and benefits of her port. Doc. 6234 at 7. The Court will grant Plaintiff's motion with respect to testimony about her knowledge.

**IT IS ORDERED** that Plaintiff's motion (Doc. 5814) is **granted in part and denied in part**. The motion is granted with respect to Dr. Sydnor's testimony about what Plaintiff Hicks knew regarding the risks and benefits of her port, and is otherwise denied.

Dated this 16th day of October, 2026.

David G. Campbell
Senior United States District Judge